UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

| | |
|---|---|
| PEGGY DURANT, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   vs.<br><br>BIG LOTS, INC.,<br><br>               Defendant. | Case No. **5:23-cv-00561-GAP-PRL**<br><br>**DEFENDANT BIG LOTS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>CRTM: 5A<br><br>Jury Trial Demanded |

### TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................1

II.  RELEVANT PROCEDURAL CONTEXT ............................................ 3

    A.   Multiple Courts Have Dismissed, Chastised, and Sanctioned Mr. Sheehan for Filing Bogus Cases. .................................................. 3

    B.   The Exact Same Claims Were Previously Dismissed (and Chastised) in *Devey v. Big Lots*. ........................................................ 4

III. RELEVANT ALLEGATIONS ................................................................ 6

    A.   Big Lots Sells Private-Label Colombia Ground Coffee. ...................... 6

    B.   Ms. Durant Contends She Purchased the Ground Coffee Based on a Selective Reading of the Label. ..................................................... 8

IV.  DISMISSAL IS WARRANTED UNDER RULE 12(B)(6) ................... 9

    A.   All of Ms. Durant's Claims Should Be Dismissed for Failing to Allege a False, Deceptive, or Misleading Statement. .......................... 9

        1.   "Up to" Does Not Promise a Guaranteed Yield and Cannot Support a Consumer Deception Claim. ....................... 11

        2.   The Label Is Not False, Deceptive, or Misleading, as One District Court Has Already Held. ........................................... 12

    B.   Ms. Durant's Individual Claims Fail for Additional, Claim-Specific Reasons. .............................................................................. 16

        1.   Ms. Durant Fails to Plead With Sufficient Particularity Her FDUTPA, False and Misleading Advertising, and Fraud Claims. .............................................................................. 16

        2.   The Economic Loss Rule Bars Any Claim for Fraud. .............. 19

        3.   Ms. Durant Fails to Sufficiently Allege the Pre-Suit Notice Required for Breach of Express Warranty. ................. 20

V.   LEAVE TO AMEND SHOULD BE DENIED ....................................... 21

VI.  CONCLUSION ................................................................................. 22

CERTIFICATE OF SERVICE .................................................................... 24

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF AUTHORITIES**

*ADT LLC v. Alder Holdings, LLC,*
    2018 WL 6505915, at *5 (S.D. Fla. Nov. 7, 2018), *report and recommendation
    adopted,* 2018 WL 6620301 (S.D. Fla. Dec. 4, 2018) ....................................................18

*Ascroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................................... 9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................................... 9

*Bell v. Publix Super Markets Inc.,*
    982 F.3d 468 (7th Cir. 2020) ........................................................................................13

*Bill Buck Chevrolet, Inc. v. GTE Fla., Inc.,*
    54 F. Supp. 2d 1127 (M.D. Fla. 1999), *aff'd,* 216 F.3d 1092 (11th Cir. 2000) ..............18

*Brodsky v. Aldi, Inc.,*
    2021 WL 4439304 (N.D. Ill. Sept. 28, 2021) .............................................11, 12, 14, 15

*Brownell v. Starbucks Coffee Company,*
    2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023) ....................................................... 2, 4, 19

*Burns v. Winnebago Indus., Inc.,*
    2012 WL 171088 (M.D. Fla. Jan. 20, 2012), *aff'd,* 492 F. App'x 44 (11th Cir.
    2012) ........................................................................................................................ 21

*Burns v. Winnebago Indus., Inc.,*
    2013 WL 4437246 (M.D. Fla. Aug. 16, 2013).........................................................19, 20

*C.f. Opus Grp., LLC v. Lapoire,*
    2013 WL 12152423 (S.D. Fla. Jan. 2, 2013) ................................................................18

*Chung v. Igloo Prod. Corp.,*
    2022 WL 2657350 (E.D.N.Y. July 8, 2022).................................................................15

*Devey v. Big Lots, Inc.,*
    635 F. Supp. 3d 205 (W.D.N.Y. 2022) .................................................................*passim*

*Dukas v. Koninklijke,*
    1:22-cv-7962, ECF No. 33 (S.D.N.Y. Sept. 12, 2023)................................................... 4

*Faistl v. Energy Plus Holdings, LLC,*
    2012 WL 3835815 (D.N.J. Sept. 4, 2012)....................................................................12

*Fink v. Time Warner Cable,*
    714 F.3d 739 (2d Cir. 2013) ...................................................................................11, 12

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Guzman v. Walmart Inc.,*
    2023 WL 4535903 (N.D. Ill. May 15, 2023) ........................................................... 2, 22

*Iconic Content, LLC v. Unknown Officer,*
    522 F. Supp. 3d 1179 (M.D. Fla. 2020) .......................................................18

*Jackson v. Anheuser-Busch InBev SA/NV, LLC,*
    2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ................................................. 19

*Jameson Land Co., LLC v. Mosaic Fertilizer, LLC,*
    2016 WL 7206122 (M.D. Fla. Feb. 5, 2016) ................................................. 9

*Jovine v. Abbott Labs., Inc.,*
    795 F. Supp. 2d 1331 (S.D. Fla. 2011) ........................................................ 20

*Kuenzig v. Hormel Foods Corp.,*
    505 F. App'x 937 (11th Cir. 2013) ................................................................10

*Leo as Tr. of Est. of Grigsby v. Koch Farms of Gadsden, LLC,*
    No. 4:20-CV-01997-ACA, 2022 WL 4225740 (N.D. Ala. Sept. 13, 2022) .................. 17

*Linville v. Ginn Real Est. Co., LLC,*
    697 F. Supp. 2d 1302 (M.D. Fla. 2010) .......................................................10

*Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC,*
    2013 WL 12145905 (S.D. Fla. June 25, 2013) ............................................. 16

*Maloney v. Verizon Internet Servs., Inc.,*
    413 F.App'x 997 (9th Cir. 2011) .................................................................. 12

*Matthews v. Polar Corp.,*
    No. 22-cv-649, ECF No. 35 (N.D. Ill. 2023 Apr. 6, 2023) ........................... 4

*Melton v. Century Arms, Inc.,*
    243 F. Supp. 3d 1290 (S.D. Fla. 2017) ........................................................ 20

*Meridian Tr. Co. v. Batista,*
    2018 WL 4760277 (S.D. Fla. Sept. 30, 2018) ............................................. 16

*Merino v. Ethicon Inc.,*
    536 F. Supp. 3d 1271 (S.D. Fla. 2021) ........................................................ 16

*Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.,*
    761 So. 2d 1256 (Fla. 3d DCA 2000) .........................................................10

*Moransais v. Heathman,*
    744 So.2d 973 (Fla. 1999) ........................................................................... 19

*Phelps v. Hormel Foods Corp.,*
    244 F. Supp. 3d 1312 (S.D. Fla. 2017) ........................................................ 9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Piescik v. CVS Pharmacy, Inc.*,
　　576 F. Supp. 3d 1125 (S.D. Fla. 2021) ............................................................13, 15, 16

*Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*,
　　145 F. Supp. 2d 1348 (S.D. Fla. 2001)..................................................................19, 20

*Resnick v. AvMed, Inc.*,
　　693 F.3d 1317 (11th Cir. 2012) ...................................................................................... 9

*Rollins, Inc. v. Butland*,
　　951 So. 2d 860 (Fla. 2d DCA 2006) ............................................................................ 16

*Roqueta v. Avon Prod., Inc.*,
　　2005 WL 8155178 (S.D. Fla. Aug. 16, 2005) ............................................................. 20

*Salters v. Beam Suntory, Inc.*,
　　2015 WL 2124939 (N.D. Fla. May 1, 2015) ............................................................... 10

*Sclar v. OsteoMed, L.P.*,
　　2018 WL 559137 (S.D. Fla. Jan. 24, 2018)...........................................................20, 21

*Sorin v. Folger Coffee Co.*,
　　2021 WL 5545292 (S.D. Fla. March 5, 2021)....................................................11, 12, 15

*Stires v. Carnival Corp.*,
　　243 F. Supp. 2d 1313 (M.D. Fla. 2002) (Presnell, J.) .................................................. 16

*Tello v. Dean Witter Reynolds, Inc.*,
　　494 F.3d 956 (11th Cir. 2007) ...................................................................................... 17

*Valiente v. Unilever United States, Inc.*,
　　2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)f .................................................. 19, 20, 21

*Ward v. Ezpawn Fla., Inc.*,
　　2015 WL 12915703, at *3 (M.D. Fla. Oct. 28, 2015), *report and*
　　*recommendation adopted*, 2016 WL 890087 (M.D. Fla. Mar. 9, 2016)..................... 16

*Zlotnick v. Premier Sales Grp., Inc.*,
　　480 F.3d 1281 (11th Cir. 2007).................................................................................... 10

## Statutes

Fla. Stat.
　　§ 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act) ................... 3, 8
　　§ 672.607(3)(a) .............................................................................................................. 21
　　§ 817.41 .......................................................................................................................... 8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Rules

Federal Rules of Civil Procedure

Rule 9(b)...................................................................................................................*passim*

Rule 9(b)............................................................................................................ 17, 18

Rule 11................................................................................................... 1, 2, 4, 21

Rule 11(b)(2) ................................................................................................... 2, 4

Rule 12(b)(6)..............................................................................................1, 9

## Other Authorities

United States Census Bureau, *QuickFacts: Marion County, Florida; Lake County, Florida; Sumter County, Florida; Citrus County, Florida*, https://www.census.gov/quickfacts/fact/table/marioncountyflorida,lakecountyflorida,sumtercountyflorida,citruscountyflorida/LND110220 (last visited Jan. 8, 2023) ....................................................................................................................18

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

BIG LOTS'S MOTION TO DISMISS

<u>**DEFENDANT BIG LOTS, INC.'S MOTION TO DISMISS**</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Big Lots, Inc. files its Motion to Dismiss seeking dismissal of all of Plaintiff Peggy Durant's claims without leave to amend, on the grounds set forth below.

## I.  PRELIMINARY STATEMENT

This action is an attempt by Plaintiff counsel, Mr. Spencer Sheehan, to relitigate already-rejected mislabeling claims against defendant Big Lots, Inc. (Big Lots) in a new judicial district. *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205, 213 (W.D.N.Y. 2022) (dismissing claims with prejudice).  Here, as in *Devey*, Mr. Sheehan alleges Big Lots's ground coffee label was misleading because the label says that it "makes up to 210 suggested strength 6 fl oz servings," but plaintiff was unable to make this many when she followed one set of instructions for a single serving (and *ignored other brewing methods specifically designed for larger servings*).  Judge David G. Larimer dismissed *Devey*, with prejudice, because "as a matter of law, [] viewed as a whole, the Product's label would not have misled a reasonable consumer." *Id*. at 212.  The only difference here:  Mr. Sheehan found a new plaintiff (Peggy Durant), and tries his luck with a new venue (Florida). These superficial alterations to the *Devey* complaint do not change Judge Larimer's decision in *Devey*, and they apply with full force here, nothwithstanding a new plaintiff and a shopped forum.

And, like *Devey*, this case is just the latest in Mr. Sheehan's long line of frivolous mislabeling cases—a practice well-recognized by district courts across the country, and which recently resulted in a contempt order and Rule 11 sanctions against him, including for apparently fabricating allegations that an

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

independent "laboratory analysis" was performed on the product at issue.[1] *Brownell v. Starbucks Coffee Co.,* 2023 WL 9053058, at *6 (N.D.N.Y. Nov. 30, 2023) (noting Mr. Sheehan's ongoing practice of filing "frivolous" mislabeling cases knowing they "plainly do not meet the pleading requirements for such claims on their faces," "in violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure"); *see Guzman v. Walmart Inc.*, 2023 WL 4535903, at *3 (N.D. Ill. May 15, 2023) ("[Mr. Sheehan] has developed a fair bit of notoriety for filing cases about consumer labeling. Many of the complaints have suffered the judicial equivalent of a crash landing, or perhaps an explosion on the launch pad."). The court in *Devey* in fact acknowledged Mr. Sheehan's "cottage industry" of mislabeling cases, "[t]he vast majority [of which] have already resulted in dismissal," and "cautioned" Mr. Sheehan "that engagement in false misquotations of the subject labeling has the potential to result in the imposition of sanctions, and should be scrupulously avoided in the future." *Devey*, 635 F. Supp. 3d at 211 nn. 1 & 2.

In this iteration, Mr. Sheehan's and Ms. Durant's claims fail for the same reasons, and are equally frivolous, under Florida law. Here, Ms. Durant alleges virtually the same claims as in *Devey*, all based on the contention that Big Lots's private-label ground coffee (the "Ground Coffee") misstates that it "makes up to 210 suggested strength 6 fl oz servings" because when following the single serving instructions (and ignoring the other brewing methods on the label), it makes far fewer than 210 cups. The *Devey* court, however, already ruled Big Lots's ground

---

[1] Mr. Sheehan alleged such independent "laboratory analysis" was conducted here (Compl. ¶ 8) and in *Devey*. Given Mr. Sheehan's history of fabricating laboratory reports, Big Lots requested on December 14, 2023 and again on January 10, 2024 that Mr. Sheehan provide the laboratory analysis alleged in the Complaint here to aid in Big Lots's evaluation of the Complaint. To date, Mr. Sheehan has refused to provide the alleged laboratory analysis. To the extent no such laboratory analysis exists, Big Lots reserves its rights to move for Rule 11 sanctions on that basis.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

coffee label was not misleading *as a matter of law*, because reasonable consumers do not read an "up to" statement as a guarantee that the product will make the stated number of cups, and in any case, the label's 5-serving and 10-serving brewing methods produced far more cups using less coffee than the single serving method Plaintiff relied upon.  The conclusion is the same under Florida law: Big Lots's label is not misleading as a matter of law, which is fatal to all claims.  As in *Devey*, the Court should dismiss Ms. Durant's claims with prejudice.

Ms. Durant's claims are also subject to dismissal on several other, independent grounds.  ***First***, her claims for violation of the Florida Deceptive and Unfair Trade Practices Act (COA 1), False and Misleading Advertising (COA 2), and Fraud (COA 4) should each be dismissed for failure to plead a specific time, place, and location of the deceptive statements, as required by the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  ***Second***, her claim for fraud (COA 4) is barred by the economic loss rule, which prohibits tort recovery for consumer products cases that allege only economic harm.  ***Third***, her claim for breach of express warranty (COA 3) should be dismissed for failure to allege pre-suit notice, as required by Florida law.

Big Lots respectfully requests this Court dismiss all of Ms. Durant's claims without leave to amend.

## II.    RELEVANT PROCEDURAL CONTEXT

### A.    Multiple Courts Have Dismissed, Chastised, and Sanctioned Mr. Sheehan for Filing Bogus Cases.

 Context matters for this case, given Mr. Sheehan already filed (and lost) the exact same claims in a different judicial district.  The Court should have this background (as did the *Devey* Court) in reviewing the plausibility and propriety of these claims.

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Sheehan has a long history of filing baseless consumer class actions based on alleged product mislabeling. As courts have acknowledged, he has "made misleading labeling claims somewhat of a cottage industry, having filed over 70 such cases in the Second Circuit, and a few dozen more in other circuits nationwide. The vast majority have already resulted in dismissal, for various reasons." *Devey*, 635 F. Supp. 3d at 213 n.3. Multiple courts have cautioned him for "filing consumer fraud cases over and over again, seemingly covering just about every aisle in the grocery store, without much success." *Matthews v. Polar Corp.*, No. 22-cv-649, ECF No. 35 (N.D. Ill. Apr. 6, 2023).

In the past year, the U.S. District Court for the Northern District of New York found Mr. Sheehan in contempt of court and issued Rule 11 sanctions for filing a "complaint without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within," including apparently fabricating allegations of a "laboratory analysis" of the product at issue. *Brownell,* 2023 WL 9053058, at *9; *see also Dukas v. Koninklijke,* 1:22-cv-7962, ECF No. 33 (S.D.N.Y. Sept. 12, 2023) (ordering Mr. Sheehan to show cause as to why Rule 11 sanctions should not issue in light of "significant and direct inconsistencies between the allegations in the Complaint and those in Plaintiff's supplemental declaration."). In so ruling, the *Brownell* court recognized Mr. Sheehan's pattern of filing "frivolous" mislabeling cases knowing they "plainly do not meet the pleading requirements for such claims on their faces," "in violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure." *Brownell*, 2023 WL 9053058, at *6.

## B. The Exact Same Claims Were Previously Dismissed (and Chastised) in *Devey v. Big Lots*.

In this case, Mr. Sheehan has not only filed a baseless lawsuit, but he has ***re-filed baseless mislabeling claims that U.S. District Court Judge***

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

***David G. Larimer already held were not misleading as a matter of
law, and dismissed with prejudice*** in *Devey*, 635 F. Supp. 3d 205.

In *Devey*, Mr. Sheehan filed near-identical allegations on behalf of Plaintiff
Amy Devey, alleging Ms. Devey purchased the same Big Lots's Ground Coffee
based on the same label statement at issue here (the *Devey* complaint even uses
the same photos as here).  *Id*. at 210.  Like Ms. Durant, Ms. Devey alleged that
she "relied upon the label's representation that the Product contained a sufficient
amount of coffee to produce approximately 'up to 210' 6-oz servings of coffee
when the label's instructions were followed, but that when she followed the
instructions for single servings, she was unable to 'brew anywhere close' to 210."
*Id*.  The Court noted that "plaintiff's computations of the extent of the shortfall
appear to have been based on a selective reading of the brewing instructions."  *Id*.
at 212.  The Court further explained that "by focusing solely on the instructions
for brewing a *single* serving, plaintiff's calculation completely overlooks the
brewing instructions on the label for larger batches, which offer a significantly
higher potential yield."  *Id*. (emphasis in original).  Following the larger serving
batch instructions, the product would "yield at least 190 6-oz servings."  *Id*.  The
Court also noted

> 'up to' statements are generally *not* construed as
> concrete promises about a product's maximum yield,
> particularly in relation to products such as ground
> coffee, for which it is well-known (and as the Product
> label reflects) that the greater the batch being prepared,
> the smaller the proportion of product that is necessary
> to produce a given strength.

*Id*. (emphasis in original).  The Court thus found "as a matter of law, that viewed
as a whole, the Product's label would not have misled a reasonable consumer,
who followed the instructions on the label, in a manner that the consumer would
find to be material."  *Id*. at 21213.

The Court dismissed all Ms. Devey's claims—for violation of New York's
consumer protection statute, fraud, unjust enrichment, breach of warranty, and

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

negligent misrepresentation—with prejudice on this basis. *Id.* The Court also admonished Mr. Sheehan for engaging "in false misquotations of the subject labeling," and warned him that such conduct "has the potential to result in the imposition of sanctions, and should be scrupulously avoided in the future." *Id.* at 211 n.2. The Court entered judgment dismissing the case the following day.

## III.   RELEVANT ALLEGATIONS

With this case's background in mind, the relevant allegations follow.

### A.   Big Lots Sells Private-Label Colombia Ground Coffee.

Defendant Big Lots, Inc., is a national retailer that operates retail stores in the State of Florida. Compl. ¶¶ 19, 30. Big Lots sells a variety of third-party "brand name" products, as well as private-label products under the "Fresh Finds" name. *Id.* ¶¶ 33, 34.

Here, as in *Devey*, the complaint focuses on one such private-label product: the Fresh Finds 100% Arabica Medium Dark Roast Colombia Ground Coffee (the "Ground Coffee"). *Id.* ¶ 1. As pictured below, and in Paragraph 1 of the Complaint, the front of the label of the Ground Coffee discloses its net weight is 24.2 ounces (686 grams). *Id.*



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The back of the label, as pictured below, and in Paragraph 2 of the Complaint, states "BREW INSTRUCTIONS For best brewing results we recommend the following."  Comp. ¶ 2.



The label suggests three brewing methods, which differ based on the number of desired servings in a single brew.  *Id.*  As a consumer brews larger serving batches, less coffee is required to produce each serving.  *Id.*  So, as in *Devey*, the label provides the following instructions:

- To make "1 Serving (6 fl oz)" at the suggested serving strength, the label recommends using "1 Tablespoon" of the Ground Coffee.  *Id.*

- For "5 servings," the label suggests using only ¼ measuring cup (4 Tablespoons), which again equates to less than 1 Tablespoon per cup.  Compl. ¶ 2.

- To produce "10 Servings," the label suggest using "1/2 Measuring Cup."  *Id.*  Because ½ cup is equivalent to 8 Tablespoons, this means that a consumer would use 8 Tablespoons to produce 10 servings.  *See id.*; *Devey*, 635 F. Supp. 3d at 212.  In other words, when brewing via the "10 servings" instructions, a customer uses less than 1 Tablespoon to produce each 6 fl oz cup.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The label further advises that "This canister makes up to 210 suggested strength 6 fl oz servings." Compl. ¶ 2.

## B.   Ms. Durant Contends She Purchased the Ground Coffee Based on a Selective Reading of the Label.

Here, as in *Devey*, plaintiff Peggy Durant alleges she "purchased the [Ground Coffee]" on an unidentified date "between August 2019 and the present" at an unidentified "Big Lots retail location[]" in one of four Florida counties. Compl. ¶ 45. She contends she "reviewed and relied upon the labeling" that the Ground Coffee "will provide 'up to 210 suggested strength 6 fl oz servings.'" *Id.* ¶ 47. Just like the plaintiff in *Devey*, Ms. Durant apparently "expected" that if she followed the "1 serving" brewing instructions, "the Product would make 210 cups or a small number above or below[.]" *Id.* ¶¶ 3–4. And again, as in *Devey*, Ms. Durant alleges that based on the single serving brewing instructions, "she could not brew anywhere close to 210 cups." *Id.* ¶¶ 2–8. She alleges that the single serving instructions were tested by an "independent laboratory," which found a twenty-eight (28) percent shortfall using the single serving method. *Id.* ¶¶ 2–9.

Nowhere does Ms. Durant discuss the "5 serving" or "10 serving" brewing instructions that require less ground coffee to produce each cup. *See generally* Compl. Rather, like the plaintiff in *Devey*, she alleges that based solely on the "1 serving" brewing method, and ignoring the other brewing instructions, "[t]he representation that the Product 'makes up to 210 suggested strength 6 fl oz servings' ... is false, deceptive, and misleading." Compl. ¶ 6; *accord id.* ¶¶ 61–62, 67–69, 76, 79–80, 89–91, 95, 97–98, 100.

Based on these allegations, Ms. Durant asserts four claims against Big Lots: (1) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), Fla. Stat. § 501.201, *et seq.*, Compl. ¶¶ 60-65; (2) false and misleading advertising, Fla. Stat. § 817.41, *id.* ¶¶ 66-74; (3) breach of express warranty, *id.* ¶¶ 75-86; and (4) fraud, *id.* ¶¶ 87-101. She purports to bring these claims on behalf

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of a putative class of Florida consumers.  *Id.* ¶¶ 53-59.  She seeks monetary damages and attorneys' fees and costs.  *Id.* at 17.

Apparently having failed in New York, Mr. Sheehan now seeks a second bite at the apple in the Florida, re-filing his recycled *Devey* complaint.  For the many reasons below, the claims here should likewise be dismissed without leave to amend.

## IV.  DISMISSAL IS WARRANTED UNDER RULE 12(B)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." *Jameson Land Co. v. Mosaic Fertilizer, LLC*, 2016 WL 7206122, at *1 (M.D. Fla. Feb. 5, 2016).  As discussed below, Ms. Durant's allegations fail to meet this standard.

### A.  All of Ms. Durant's Claims Should Be Dismissed for Failing to Allege a False, Deceptive, or Misleading Statement.

The Complaint should be dismissed in its entirety because it does not allege a false, deceptive, or misleading statement.

Each of Ms. Durant's claims—for breach of the FDUTPA, false and misleading advertising, breach of express warranty, and fraud—requires plausible allegations that the Ground Coffee label is "false, deceptive, or misleading." *See Phelps v. Hormel Foods Corp.*, 244 F. Supp. 3d 1312, 1318 (S.D. Fla. 2017)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(dismissing claims for, *inter alia*, FDUTPA violation, misleading advertising, and breach of express warranty, for failure to allege a misleading statement); *Linville v. Ginn Real Est. Co.,* 697 F. Supp. 2d 1302, 1308 (M.D. Fla. 2010) (dismissing fraud claim for failure to allege misrepresentation or concealment with specificity).

A deceptive label is one which contains "a representation [or] omission . . . that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Id.* (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Off. of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)). Where "a reasonable juror could not find [the alleged] statement false or misleading," "a motion to dismiss for failure to state a claim should be granted." *Salters v. Beam Suntory, Inc.*, 2015 WL 2124939, at *2 (N.D. Fla. May 1, 2015) (dismissing where "[n]o reasonable consumer" would read the label as plaintiff alleged); *see also Kuenzig v. Hormel Foods Corp.*, 505 F. App'x 937, 939 (11th Cir. 2013) (affirming dismissal of complaint that did not plausibly allege that a label was unfair or deceptive).

Ms. Durant fails to plausibly allege a deceptive label for two reasons. **First**, statements that a product will produce "up to" a number of servings, as here, do not guarantee the stated number will be reached, and cannot support a consumer deception claim. **Second**, Ms. Durant's allegations are based on a selective reading of the label. When the label is read in full—including its brewing instructions for larger batches of coffee, which require less ground coffee per serving—no reasonable consumer would be misled. The U.S. District Court for the Western District of New York already dismissed these exact claims against Big Lots because its Ground Coffee label could not mislead a reasonable

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

consumer as a matter of law, and this Court should follow suit here.  *Devey*, 635 F. Supp. 3d at 213.

### 1.    "Up to" Does Not Promise a Guaranteed Yield and Cannot Support a Consumer Deception Claim.

Although this case merits dismissal for the same reasons as in *Devey*, we first note an additional independent reason that warrants dismissal in this circuit.  In these circumstances, a statement that a product can produce a result "up to" a quantity—like a number of servings—does not mislead reasonable consumers as a matter of law.  A statement that a product will produce "up to" a number of cups "is not a guarantee that the number of cups will be reached," and "would lead a reasonable consumer to expect that the actual number of coffee cups procured could be less."  *Sorin v. Folger Coffee Co.*, 2021 WL 5545292, at *2 (S.D. Fla. Mar. 5, 2021) (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)).

Federal courts "routinely" hold that "up to" language on a product "does not deceive or confuse consumers."  *Brodsky v. Aldi, Inc.*, 2021 WL 4439304, at *5 (N.D. Ill. Sept. 28, 2021) (citing cases) ("no reasonable consumer would understand the 'up to' language to be a guarantee"); *Devey*, 635 F. Supp. 3d at 213 ("'[U]p to' statements are generally *not* construed as concrete promises about a product's maximum yield[.]").  Such language is "not a promise that the cannister *will* make that amount, but just that it can under certain circumstances."  *Brodsky*, 2021 WL 4439304, at *5.  It provides, in other words, "a ceiling, not a floor."  *Id.*

On this basis alone, courts have dismissed claims alleging ground coffee products represented they could produce "up to" a number of servings on the ground that reasonable consumers would not be misled as a matter of law.  *E.g.*, *Sorin*, 2021 WL 5545292, at *1 (holding allegations of consumer deception were "implausible" where based on ground coffee label statement that canister could

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

make "up to a certain amount of suggested strength servings"); *Brodsky*, 2021 WL 4439304, at *5 ("[I]t is implausible that reasonable consumers would be deceived by" ground coffee label stating it "'makes up to' 210 six-ounce cups of coffee").[2]

Ms. Durant's claim fails for the same reason.  She alleges the Ground Coffee's statement that it "makes up to 210" cups is misleading because "she expected it could make the number of cups promised on the label, or a small number above or below this number[.]"  Compl. ¶¶ 47–48; *accord id*. ¶ 4.  But as courts have made clear, because "up to" "does not guarantee the specified amount of cups," no reasonable consumer would understand the language to be a guarantee, and allegations to the contrary are "implausible."  *Sorin*, 2021 WL 5545292, at *2.  Because the "up to" language is not deceptive as a matter of law, Ms. Durant's contrary allegations are implausible, and her claims premised on the "up to" statement should be dismissed with prejudice on this basis alone.

### 2.    The Label Is Not False, Deceptive, or Misleading, as One District Court Has Already Held.

Second, the Ground Coffee label, when viewed in its entirety (as required), would not deceive reasonable consumers, exactly as the court in *Devey* held when rejecting identical allegations of deception.  *Devey*, 635 F. Supp. 3d at 213.

In evaluating deception, courts, "take into account all the information available to consumers and the context in which that information is provided and

---

[2] *See also*, *e.g.*, *Fink*, 714 F.3d at 742 (affirming dismissal of fraud claim where reasonable consumer would expect that broadband package advertising "up to 3 times the speed" could be less than the advertised maximum); *Maloney v. Verizon Internet Servs., Inc.*, 413 F.App'x 997, 999-1000 (9th Cir. 2011) (affirming dismissal of a consumer protection claim and holding a "reasonable consumer would not have been deceived [by] . . . the qualifier 'up to' (meaning the same or less than)"); *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, at *4 (D.N.J. Sept. 4, 2012) (dismissing fraud claim where promise to "save up to 10" percent on energy bill did not, without more, guarantee any particular percentage of savings).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

used." *Piescik v. CVS Pharm., Inc.*, 576 F. Supp. 3d 1125, 1132–33 (S.D. Fla. 2021) (quoting *Bell v. Publix Super Markets Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)).  Thus, courts review a product label as a whole.  *See id.* at 1133 ("The presence of true information or a disclaimer can rebut a claim of deception."). "[W]here Plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations or labels or other advertising, dismissal on the pleadings may well be justified."  *Id.* (quoting *Bell*, 982 F.3d at 477).

Here, Ms. Durant advances an unreasonable, selective interpretation of the label—namely she contends the "makes up to 210" cups statement is deceptive because when she followed the *single serving instructions*, the canister could only make 152 cups.  Compl. ¶¶ 3–10, 61–62, 67–69, 76, 79–80, 89–91, 95, 97–98, 100.  She repeatedly alleges, as the basis for her claim, that using 1 Tablespoon per 6 fl oz cup does not produce 210 cups.  *Id.*  But the label's brewing instructions provide two other brewing methods, both of which require *less* ground coffee per serving, i.e., the brewing methods yields more cups using less ground coffee.  *See* Compl. ¶ 2 (image of all three brewing instructions methods on label side by side).   Ms. Durant inexplicably ignores that part of the label, which undermines her claim of deception.

As Judge Larimer explained in *Devey* when evaluating and dismissing the same claim of deception on the Ground Coffee:

> [B]y focusing solely on the instructions for brewing a *single* serving, plaintiff's calculation completely overlooks the brewing instructions on the label for larger batches, which offer a significantly higher potential yield. While 1 Tblsp. of ground coffee is recommended for a single serving, larger batches require 20% less ground coffee: ¼ cup (4 Tblsp.) for 5 servings, and ½ cup (8 Tblsp.) for 10. …
>
> Preparing coffee in batches of 5 or 10 per the label instructions, the 152 Tblsp. of ground coffee that plaintiff alleges the Product contained would yield at

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> least 190 6-oz. servings, a 9.5% shortfall from the
> maximum of "up to 210 suggested strength" servings
> indicated on the label – and roughly one third the size of
> the discrepancy calculated and alleged by plaintiff.

*Devey*, 635 F. Supp. 3d at 212.  The court held that, in light of these alternative brewing instructions, which produced far more servings than the 152 Ms. Devey alleged, she failed to state consumer deception.  *Id.*  The court further noted that, as discussed *supra*, "'up to' statements are generally not construed as concrete promises about a product's maximum yield, particularly in relation to products such as ground coffee, for which it is well-known (and as the Product label reflects) that the greater the batch being prepared, the smaller the proportion of product that is necessary to produce a given strength."  *Id.*  Thus, the court held "as a matter of law" the label when "viewed as a whole … would not have misled a reasonable consumer," and dismissed the claims with prejudice.  *Id.*

The same result is warranted here.  Ms. Durant alleges that she (and an independent laboratory) brewed the Ground Coffee following only the single serving instructions, and thus only alleges a shortfall when following those instructions.  *E.g.*, Compl. ¶¶ 3–10, 61–62, 67–69, 76, 79–80, 89–91, 95, 97–98, 100.  Nothing on the product label states or even suggests that the maximum yield of the Ground Coffee cannister can be obtained using the single serving method.  *Id.* ¶¶ 2, 3; *see Brodsky*, 2021 WL 4439304, at *5 ("[T]he ["up to" statement] does not promise the maximum yield, and it certainly does not promise that the maximum yield will be achieved by following the instructions for a single serving.").  Further, she conspicuously omits any allegations regarding the number of cups produced under the alternative brewing instructions, which is fatal to her claims.[3]  She does not "allege that the cannister cannot yield 210 cups

---

[3] Ms. Durant's failure to address these alternative brewing instructions is particularly egregious, as her counsel, Mr. Sheehan, was also counsel in the *Devey* case, and is

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of coffee under any circumstances." *Brodsky*, 2021 WL 4439304, at *5. And, as the *Devey* court calculated based on identical allegations, the "5 servings" and "10 servings" instructions would produce "at least 190" cups of coffee, far more than the 152 cups Ms. Durant alleged, and nearing the "up to" amount. *Devey*, 635 F. Supp. 3d at 211–13.

Based on these alternative brewing instructions, as well as the qualifying "up to" language, no reasonable consumer would be misled by the label. *Id.; Brodsky*, 2021 WL 4439304, at *5; *Sorin*, 2021 WL 5545292, at *2.[4] Moreover, Ms. Durant's allegations do not dispute the cannister accurately informs consumers on its front label of the amount of ground coffee it contains – "24.2 oz." *See* Compl. ¶ 2; *see Devey*, 635 F. Supp. 3d at 212 (noting "plaintiff makes no allegation that the Product's representations as to the amount of coffee in each container (by weight) were inaccurate or misleading").

Ms. Durant's misleading labeling claims cannot be sustained by her "unreasonable or fanciful interpretations of labels or other advertising." *Piescik*, 576 F. Supp. 3d at 1132–33. Particularly in the context of coffee, which "people enjoy—and intentionally brew—[] at different strengths," a plaintiff's selective and misleading reading of the label cannot support a claim. *Brodsky*, 201 WL 4439304 at *5. That is particularly the case where, as here, Ms. Durant has deliberately disregarded essential information printed directly below the text that she asserts is misleading. *See Piescik,* 576 F. Supp. 3d at 1134 ("Additionally, the presence of accurate information can contribute to the implausibility that reasonable consumers would be deceived by some other information or

---

therefore well aware that these alternative brewing instructions undermine deception as a matter of law.

[4] *See also Chung v. Igloo Prods. Corp.*, 2022 WL 2657350, at *8 (E.D.N.Y. July 8, 2022) ("The Court finds that the 'up to' phrase, together with the conspicuous language clarifying the conditions under which the ice retention claim would be valid, notifies a reasonable consumer that it will only achieve the advertised 120-hour retention claim under specific conditions.").

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

assumption."). The label, taken as a whole, is not deceptive, and Ms. Durant's claims—which all require that the "up to" statement be false or misleading—fail.

### B.   Ms. Durant's Individual Claims Fail for Additional, Claim-Specific Reasons.

#### 1.   Ms. Durant Fails to Plead With Sufficient Particularity Her FDUTPA, False and Misleading Advertising, and Fraud Claims.

Ms. Durant fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which independently mandates dismissal of her FDUTPA, false and misleading advertising, and fraud claims.

Claims for violations of the FDUTPA, false and misleading advertising, and fraud must each be pled with particularity under Rule 9(b). *See Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (Presnell, J.) (dismissing FDUTPA claim based in fraud for failure to meet 9(b) pleading standard);[5] *Meridian Tr. Co. v. Batista*, 2018 WL 4760277, at *4 (S.D. Fla. Sept. 30, 2018) (misleading advertising under Florida law is a "particularized form of fraud" and so "must be pled with particularity") (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 877 (Fla. 2d DCA 2006)); *Merino v. Ethicon Inc.*, 536 F. Supp. 3d 1271, 1287 (S.D. Fla. 2021) (consumer claims sounding in fraud must meet 9(b) pleading standard). To satisfy Rule 9(b), the complaint must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the

---

[5] While there appears to be a split of authority in this district on the applicability of Rule 9(b) to FDUTPA claims, *see Ward v. Ezpawn Fla., Inc.*, 2015 WL 12915703, at *3 (M.D. Fla. Oct. 28, 2015), *report and recommendation adopted,* 2016 WL 890087 (M.D. Fla. Mar. 9, 2016) (recognizing split), courts in the Middle and Southern Districts of Florida typically require Rule 9(b) pleading to FDUTPA claims which sound in fraud, as this one does. *See Stires*, 243 F. Supp. 2d at 1322; *Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013). The Court should follow the weight of authority and hold Ms. Durant to this heightened pleading standard.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (internal quotation marks omitted).

Here, the Complaint fails to allege the specific date, time, or place of the alleged misrepresentations. Ms. Durant alleges only that she purchased the Ground Coffee at some unspecified time in the *four year period* between August 2019 and the filing of the Complaint on September 11, 2023 – in other words, within the four-year statute of limitations applicable to each of her claims. Compl. ¶ 45. As to location, the Complaint alleges that Ms. Durant purchased the Ground Coffee at an unspecified Big Lots store located somewhere in Citrus, Lake, Sumter, or Marion County (the Complaint does not say which) – that is, within one of the four Florida counties served by the Ocala Division of the Middle District of Florida. Compl. ¶ 45. In other words, she alleges only that the misrepresentation and purchase occurred somewhere in this Division at some time during the applicable limitations period.

These place and time allegations are little more than conclusory legal allegations, and fail to satisfy Rule 9(b)'s heightened pleading requirements. As to time, while the Eleventh Circuit permits Rule 9(b)'s time and place requirement to be satisfied by "alternative means," Eleventh Circuit district courts have held this requirement to be met when plaintiffs allege specific time periods measured in months, not years. *See Leo as Tr. of Est. of Grigsby v. Koch Farms of Gadsden, LLC*, 2022 WL 4225740, at *5 (N.D. Ala. Sept. 13, 2022) (allegations that fraud took place "over the course of several years" not sufficient under Rule 9(b), where complaint did not allege the source, content, time, or location of any of the misrepresentations). *C.f. Opus Grp., LLC v. Lapoire*, 2013 WL 12152423, at *1 (S.D. Fla. Jan. 2, 2013) (time and place requirement satisfied

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

where complaint alleges specified period of less than three months); *ADT LLC v. Alder Holdings, LLC*, 2018 WL 6505915, at *5 (S.D. Fla. Nov. 7, 2018), *report and recommendation adopted,* 2018 WL 6620301 (S.D. Fla. Dec. 4, 2018) (time and place requirement satisfied where complaint alleged that the misleading advertisement in question "took place six months prior to the filing of the Complaint"). Ms. Durant's allegations, which amount to the bare legal conclusion that she purchased the allegedly offending product in this Division and within the four-year statute of limitations period, lack the "particularity" required to state her claims under Rule 9(b).

Her allegations regarding the place of the alleged fraud and her purchase are likewise too vague, as she alleges her purchase occurred somewhere within one of four Florida counties, with a total land area of over 3,500 square miles.[6] *See Bill Buck Chevrolet, Inc. v. GTE Fla., Inc.*, 54 F. Supp. 2d 1127, 1136 (M.D. Fla. 1999), *aff'd,* 216 F.3d 1092 (11th Cir. 2000) (Rule 9(b) requires specific allegations of where alleged fraudulent activity occurred even when claims are based on numerous acts of fraud occurring over an extended period of time). This contravenes the purpose of Rule 9(b)'s heightened pleading standard, which is "to give the defendant notice of the claims brought against it, to protect defendant from harm to its reputation, and to prevent plaintiffs from filing baseless claims and attempting to discover unknown wrongs." *Opus Grp.*, 2013 WL 12152423, at *2. Given Ms. Durant's counsel's history of filing frivolous claims without conducting factual investigations, and in some cases, fabricating allegations (e.g.*, Brownell*, 2023 WL 9053058, at *3–9), the absence of

---

[6] *See* United States Census Bureau, *QuickFacts: Marion County, Florida; Lake County, Florida; Sumter County, Florida; Citrus County, Florida*, https://www.census.gov/quickfacts/fact/table/marioncountyflorida,lakecountyflorida,sumtercountyflorida,citruscountyflorida/LND110220 (last visited Jan. 8, 2023). *See also Iconic Content, LLC v. Unknown Officer*, 522 F. Supp. 3d 1179, 1189 (M.D. Fla. 2020) (taking judicial notice of U.S. Census Bureau population statistics).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

18

particularized facts regarding Ms. Durant's purchases and the alleged fraud is particularly glaring. Ms. Durant's vague references to time and place fail to constitute the particularized pleadings required here.

Ms. Durant's failure to meet this pleading standard requires dismissal of her FDUTPA, false advertising, and fraud claims. *See Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *16-17 (S.D. Fla. Aug. 18, 2021) (dismissing FDUTPA, false advertising, and fraud claims for failure to satisfy Rule 9(b) pleading standards).

### 2. The Economic Loss Rule Bars Any Claim for Fraud.

Ms. Durant's fraud claim is also independently barred by the economic loss rule. The economic loss rule is a judicially created products liability doctrine which prohibits tort recovery in cases where the alleged losses are economic in nature only, and there are no allegations of personal injury or damage to property other than the product itself. *See Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*, 145 F. Supp. 2d 1348, 1358 (S.D. Fla. 2001) (citing *Moransais v. Heathman*, 744 So.2d 973, 979-80 (Fla. 1999)). This rule "bars products liability claims . . . where the complaint alleges that deceptive or misleading statements (i.e., express warranties) on a product's label caused the plaintiff economic damages." *Valiente*, 2022 WL 18587887, at *19. In other words, where the plaintiff alleges a fraud claim on the same basis as breach of warranty or false advertising, the fraud claim is barred by the economic loss doctrine and subject to dismissal. *See Id.* at *20 (fraud claim based on mislabeling allegations barred by economic loss rule); *Burns v. Winnebago Indus., Inc.*, 2013 WL 4437246, at *3 (M.D. Fla. Aug. 16, 2013) (economic loss rule bars damages beyond those provided by warranty law where claims are based on defective product).[7]

---

[7] *Accord Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1301 (S.D. Fla. 2017) ("Florida's Supreme Court did not intend to allow such products liability claims to survive."); *Premix-Marbletite*, 145 F. Supp. 2d at 1359 (where tort and warranty

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, Ms. Durant's fraud claim is based on the same allegations as her breach of warranty and misleading advertising claims, *i.e.*, that Ms. Durant purchased the Ground Coffee based on alleged misrepresentations about the number of servings of coffee it could brew.  *Compare* Comp. ¶¶ 87-101, *with id.* ¶¶ 75-86.  She pleads only economic injury and alleges no injury to person or property.  *See id.* ¶¶ 51–52.  The economic loss rule thus bars her fraud claim. *Valiente*, 2022 WL 18587887, at *20; *Burns, Inc.*, 2013 WL 4437246, at *3.

As Ms. Durant has not and cannot allege "separate and distinct" tortious conduct from her breach of warranty and false advertising claims, her fraud claim must be dismissed.  *See Roqueta v. Avon Prod., Inc.*, 2005 WL 8155178, at *4 (S.D. Fla. Aug. 16, 2005).

### 3.   Ms. Durant Fails to Sufficiently Allege the Pre-Suit Notice Required for Breach of Express Warranty.

Ms. Durant's claim for breach of express warranty also must be dismissed for failing to allege pre-suit notice of the alleged breach.  To plead a cause of action for breach of express warranty, a complaint must allege "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty."  *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339–40 (S.D. Fla. 2011).  Under Florida law, to recover for a breach of express warranty, a buyer "must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  *Sclar v. OsteoMed, L.P.*, 2018 WL 559137, at *2 (S.D. Fla. Jan. 24, 2018) (quoting Fla. Stat. § 672.607(3)(a)).  "The notice must be both timely and sufficient under the circumstances and is governed by the buyer's obligation to act in good faith."  *Valiente*, 2022 WL 18587887, at *16.  Its purpose "is to allow

_____

allegations are "essentially the same," tort claims are barred absent allegations of personal injury or damage to other property).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the warrantor an opportunity to cure the problem rather than defend a lawsuit."
*Id.* at *17.  The failure to allege pre-suit notice of an alleged breach requires
dismissal.  *Sclar*, 2018 WL 559137, at *2; *Valiente*, 2022 WL 18587887, at *17
(dismissing on this basis).

Here, the Complaint does not adequately allege that Ms. Durant gave
proper notice to Big Lots prior to the filing of this lawsuit.  Ms. Durant merely
alleges she "provided or will provide notice to Defendant, its agents,
representatives, retailers, and/or their employees" and that she "hereby provides
notice to Defendant that it breached the Product's express warranties."  Compl. ¶
82.  Courts have rejected these very allegations as insufficient to state the
required *pre-suit* notice, including because it does not plausibly allege that the
Complaint was filed *after* pre-suit notice or that Big Lots had "the opportunity to
analyze and cure the defect."  *See Valiente*, 2022 WL 18587887, at *17.  Nor can
notice by third parties satisfy the notice requirement, as Florida requires that the
plaintiff herself give direct notice.  *See Burns v. Winnebago Indus., Inc.*, 2012 WL
171088, at *3 (M.D. Fla. Jan. 20, 2012), *aff'd*, 492 F. App'x 44 (11th Cir. 2012)
(dismissing breach of express warranty claim because "Plaintiffs never gave
Defendant direct notice of the defects and an opportunity to repair them").

The Court should dismiss Ms. Durant's claim for breach of express
warranty on this additional basis.

## V.   LEAVE TO AMEND SHOULD BE DENIED

The Court should deny Ms. Durant leave to amend her complaint.  No
amendment can cure the fatal flaws in Ms. Durant's Complaint, as the label is not
misleading as a matter of law.  Ms. Durant's counsel has toed the line with Rule 11
sanctions in courts across the country by repeatedly filing meritless complaints
based on this and similar legal theories.  *E.g.*, *Guzman*, 2023 WL 4535903, at *4
("[Mr. Sheehan] has become a wrecking ball when it comes to imposing
attorneys' fees on other people."; ordering Mr. Sheehan "to show cause why he

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

should not have to pay the attorneys' fees incurred by Defendant in this case"). This Court should not permit Ms. Durant and her counsel to require Big Lots to incur additional attorneys' fees in responding to another of Mr. Sheehan's futile and half-baked efforts to state a claim.

## VI.  CONCLUSION

For the above reasons, the Court should dismiss Ms. Durant's complaint with prejudice.

Dated:  January 12, 2024                    DAVIS WRIGHT TREMAINE LLP


                                            By: _/s/Matthew Tuchman_____
                                                Matthew Tuchman


                                            DAVIS WRIGHT TREMAINE LLP

                                            Matthew Tuchman
                                            1301 K Street NW
                                            Suite 500 East
                                            Washington, DC 20005
                                            Tel: (202) 973-4200
                                            matthewtuchman@dwt.com

                                            Jacob M. Harper (Lead Counsel)
                                            Heather Canner
                                            Joseph Elie-Meyers
                                            865 South Figueroa St
                                            Suite 2400
                                            Los Angeles, CA 90017
                                            Tel: (213) 633-6800
                                            jacobharper@dwt.com
                                            heathercanner@dwt.com
                                            josepheliemeyers@dwt.com

                                            *Attorneys for Defendant*
                                            *Big Lots, Inc.*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

22

## __Local Rule 3.01(g) Certification__

I HEREBY CERTIFY that on January 10, 2024, counsel for Plaintiff Peggy Durant and Defendant Big Lots, Inc. met and conferred over teleconference regarding Big Lots' grounds for dismissal under Rule 12(b)(6).  The parties were unable to reach resolution as to the grounds for dismissal.


By: _/s/Matthew Tuchman_
　　Matthew Tuchman
　　DAVIS WRIGHT TREMAINE LLP

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2024, the foregoing *Defendant Big Lots, Inc.'s Motion to Dismiss* was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

By: _/s/Matthew Tuchman_____
Matthew Tuchman
DAVIS WRIGHT TREMAINE LLP

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

24