UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

| | |
|---|---|
| PEGGY DURANT, individually and on behalf of all others similarly situated, | Case No. **5:23-cv-00561-GAP-PRL** |
| Plaintiff, | **DEFENDANT BIG LOTS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW** |
| vs. | |
| BIG LOTS, INC., | CRTM: 5A |
| Defendant. | |

## <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   BACKGROUND ........................................................................................ 3

    A.   This Action Was One of Many Repeat, Baseless Actions Filed By
       Plaintiff's Counsel, Spencer Sheehan. ................................................... 3

    B.   Mr. Sheehan Filed this Action After Another Court Dismissed
       His Nearly Identical Complaint with Prejudice. ................................... 6

    C.   The Court Dismisses the Complaint with Prejudice, Holding the
       Claims Were "Patently Implausible." ................................................... 7

III.  THE COURT SHOULD AWARD STATUTORY FEES. .......................... 8

    A.   Big Lots Is the "Prevailing Party" in the Action, Which Triggers
       the Application of Both Attorney's Fees Statutes. ................................. 9

    B.   Big Lots Is Entitled to Mandatory Attorney's Fees under the False
       Advertising Statute as the Prevailing Party. ........................................ 10

    C.   The Court Should Award Attorney's Fees Under the FDUTPA. ....... 10

       1.   Scope and History of the Litigation (Factor 1) ........................ 11

       2.   Merits and Frivolousness of the Claims (Factors 4 and 5) ........ 12

       3.   Deterrence of Similar Claims (Factor 3) ................................... 13

       4.   The Remaining Factors (Factors 2, 6, and 7) ........................... 13

    D.   The Court Should Award the Reasonable Fees Big Lots Incurred
       in Defending the Entire Action. .......................................................... 14

IV.   THE COURT SHOULD ALSO EXERCISE ITS INHERENT
      AUTHORITY TO ORDER FEES AGAINST MR. SHEEHAN. ............... 15

    A.   Courts Have Authority to Sanction Bad Faith Conduct, Including
       Knowingly Filing Frivolous Claims. ................................................... 15

    B.   The Court May Consider Mr. Sheehan's History of Filing
       Frivolous Complaints and Prior Finding of Bad Faith. ...................... 16

    C.   Mr. Sheehan Filed His Mislabeling Theory—for the Second Time
       Here—Knowing the Claims Were Frivolous. .................................... 19

BIG LOTS'S MOTION FOR FEES AND COSTS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

1.   Mr. Sheehan Knew the Mislabeling Theory was Legally Frivolous. ................................................................. 19

2.   Mr. Sheehan Knew His Common Law Claims Were Legally Frivolous on Other Grounds. ....................................... 22

3.   Mr. Sheehan's "Independent Laboratory Analysis" Allegations Appear To Be Factually Frivolous. ....................... 23

V.   CONCLUSION .......................................................................... 24

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

BIG LOTS'S MOTION FOR FEES AND COSTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adeghe v. Procter & Gamble Co.*,
   2024 WL 22061 (S.D.N.Y. Jan. 2, 2024) ........................................................ 22

*Amara v. Publix Supermarkets, Inc.*,
   2022 WL 3357575 (M.D. Fla. Aug. 15, 2022)................................................... 18

*Anglia Jacs & Co. v. Dubin*,
   830 So.2d 169 (Fla. 4th DCA 2002).................................................................. 14

*Armstrong v. Knauf GIPS KG*,
   2023 WL 9196688 (M.D. Fla. Oct. 23, 2023)............................................... 12, 13

*Baby Buddies, Inc. v. Toys R Us, Inc.*,
   2011 WL 4382450 (M.D. Fla. Aug. 9, 2011)..................................................... 10

*Berrios v. Congo Brands, LLC*,
   No. 23-1529-PGB-RMN (M.D. Fla. filed August 10, 2023) ............................. 19

*Brownell v. Starbucks Coffee Co.* (*Brownell I*),
   681 F. Supp. 3d 27 (N.D.N.Y. 2023) ................................................... 4, 5, 18, 19

*Brownell v. Starbucks Coffee Co.* (*Brownell II*),
   2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023) ...........................................*passim*

*Calderon v. Merchant & Sn. Bank*,
   2013 WL 5798565 (M.D. Fla. Oct. 28, 2013)........................................ 17, 20, 21

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ................................................................................ 15, 16, 21

*Club Exploria, LLC v. Aaronson, Austin*,
   P.A., 2022 WL 19479011 (M.D. Fla. Nov. 4, 2022)........................................ 13

*Cummings v. Blue Diamond Growers*,
   2023 WL 3487005 (N.D. Fla. May 15, 2023).................................................... 18

*Cuyler v. The Kroger Co.*,
   2016 WL 922627 (N.D. Ga. Feb. 9, 2016) ........................................................ 17

*Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*,
   572 F. App'x 796 (11th Cir. 2014) ...................................................................... 9

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

*Devey v. Big Lots, Inc.*,
   635 F Supp. 3d 205 (W.D.N.Y.).................................................................*passim*

*Diamond Aircraft Indust., Inc. v. Horowitch*,
   107 So. 3d 362 (Fla. 2013) ................................................................................. 11

*Dukas v. Koninklijke*,
   1:22-cv-7962, ECF No. 33 (S.D.N.Y. Sept. 12, 2023) ........................................ 6

*Elder v. Bimbo Bakeries USA, Inc.*,
   2023 WL 6382354 (S.D. Ill. Sept. 29, 2023)...................................................... 23

*Figueredo v. Tropicale Foods, LLC*,
   2024 WL 1462404 (S.D. Fla. Apr. 4, 2024)....................................................... 18

*Goldstein v. Nonni's Foods LLC*,
   2023 U.S. Dist. LEXIS 34048 (S.D. Fla. Feb. 28, 2023)................................... 18

*Goodman v. Tatton Enters., Inc.*,
   2012 WL 1886529 (S.D. Fla. May 23, 2012)..................................................... 24

*Gordon v. Target Corp.*,
   2022 WL 836773 ..................................................................................................... 5

*Guzman v. Walmart, Inc.*,
   2023 WL 4535903 (N.D. Ill. May 15, 2023) ................................................4, 17

*Healthcare Resource Mgmt. Grp. v. EcoNatura All Healthy World, LLC*,
   2022 WL 1537752 (S.D. Fla. May 12, 2022)................................................12, 13

*Hernandez v. HP Inc.*,
   2023 U.S. Dist. LEXIS 89914 (S.D. Fla. May 23, 2023) .............................18, 22

*Hoffman v. Ariz. Beverages USA, LLC*,
   No. 23-1213-JSS-LHP (M.D. Fla. filed June 29, 2023)..................................... 19

*In re Little Rest Twelve, Inc.*,
   2015 WL 1318912 (Bankr. S.D. Fla. Mar. 16, 2015), *aff'd*, 662 F. App'x 887
   (11th Cir. 2016)..................................................................................................... 21

*Inouye v. Adidas Am., Inc.*,
   2023 WL 2351654 (M.D. Fla. Mar. 3, 2023)..................................................... 18

*Jernigan v. GSK Consumer Health, Inc.*,
   No. 23-1640-CEM-DCI (M.D. Fla. filed Aug. 26, 2023)................................... 19

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

*Johnson v. 17th Ave. Caraf, Inc.*,
    9 F.4th 1300 (11th Cir. 2021)..................................................................... 15, 16, 19

*Martin v. Target Corp.*,
    No. 23-2282-KKM-TGW (M.D. Fla. filed Oct. 9, 2023) (Dkt. 20) ................... 19

*Martin-Trigona v. Shaw*,
    986 F.2d 1384 (11th Cir. 1993) ........................................................................ 16

*Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*,
    2024 WL 693061 (S.D. Fla. Jan. 31, 2024) ...................................... 9, 11, 13, 14

*Matthews v. Polar Corp.*,
    No. 1:22-cv-649, Dkt. 35 (N.D. Ill. Apr. 6, 2023)................................................ 8

*McCoy v. Nestle USA, Inc.*,
    2024 WL 399480 (N.D. Fla. Feb. 1, 2024)....................................................... 18

*Miccosukee Tribe of Indians of Fla. v. Cypress*,
    686 F. App'x 823 (11th Cir. 2017) ................................................................... 16

*Moritz v. Hoyt Enters.*,
    604 So. 2d 807 (Fla. 1992).................................................................................. 9

*O'Neal v. Allstate Indemn. Ins. Co.*,
    2021 WL 4852222 (11th Cir. 2021).................................................................. 16

*Pagan v. Walmart Inc.*,
    No. 23-1278-WWB-EJK (M.D. Fla. filed July 10, 2023)................................... 19

*Peer v. Lewis*,
    571 F. App'x 840 (11th Cir. 2014) ................................................................... 20

*Procaps S.A. v. Patheon Inc.*,
    2017 WL 3536917 (S.D. Fla. Aug. 17, 2017) (Mag.)........................................ 13

*Ramirez v. Kraft Heinz Foods Co.*,
    2023 WL 4788012 (S.D. Fla. July 27, 2023) .................................................... 18

*Rath v. Marcoski*,
    898 F.3d 1306 (11th Cir. 2018) ........................................................................ 10

*Reyes v. Upfield US Inc.*,
    2023 WL 6276685 (S.D.N.Y. Sept. 26, 2023) ................................................... 4

*Skzynear v. Upfield US, Inc.*,
    2024 WL 112003 (M.D. Fla. Jan. 10, 2024)..................................................... 18

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90071-
2566
(213) 633-6800

BIG LOTS'S MOTION FOR FEES AND COSTS

*Sorin v. Folder Coffee Co.*,
  2021 WL 5545292 (S.D. Fla. Mar. 5, 2021) ...................................................21, 22

*Swiatek v. CVS Pharmacy, Inc.*,
  2024 WL 1328801 (N.D. Ill. Mar. 28, 2024) ...................................................... 23

*Trans Coastal Roofing Co. v. David Boland, Inc.*,
  309 F.3d 758 (11th Cir. 2002) ........................................................................ 9

*Trump v. Clinton*,
  653 F. Supp. 3d 1198 (S.D. Fla. 2023) ............................................................ 16

*Valiente v. Publix Super Markets, Inc.*,
  2023 WL 3620538 (S.D. Fla. May 24, 2023)...................................................... 18

*Valiente v. Unilever U.S., Inc.*,
  2022 WL 18587887 (S.D. Fla. Dec. 8, 2022) ...............................................22, 23

*Van Orden v. Hikari Sales U.S.A., Inc.*,
  2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023)...............................................5, 17

*Volinksy v. Lenovo (US) Inc.*,
  2024 WL 1299315 (M.D. Fla. Mar. 27, 2024)................................................... 18

*Walter v. Chattem Inc.*,
  No. 23-2007-CEM-LHP (M.D. Fla. filed Oct. 18, 2023) ................................... 19

*Watts v. Taylor, Bean & Whitaker Mtg. Corp.*,
  2011 WL 2610492 (M.D. Ga. July 1, 2011) ...................................................... 17

*Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*,
  88 So.3d 386 (Fla. 4th DCA 2012) .............................................................14, 15

*Whiteside v. Joseph Harris Co.*,
  491 So. 2d 1215 (Fla. Dist. Ct. App. 1986) ...................................................... 10

*Wilcox v. Target Corp.*,
  No. 23-2339-JSS-RMN (M.D. Fla. filed Dec. 6, 2023)...................................... 19

*Wilmot v. Ricola USA, Inc.*,
  No. 23-1709-WWB-RMN (M.D. Fla. filed Sept. 6, 2023) ................................. 19

*Worldwide Primates, Inc. v. McGreal*,
  87 F.3d 1252 (11th Cir. 1996).......................................................................20, 21

vi

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

**Statutes**

Florida Statutes
§ 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act) ..........*passim*
§ 501.2105 .......................................................................................................... 1
§ 501.2105(1) .............................................................................................. 8, 9, 11
§ 817.41 ............................................................................................................... 7
§ 817.41(6) ............................................................................................... 1, 9, 10

**Rules**

Federal Rule of Civil Procedure
Rule 11 .........................................................................................................*passim*
Rule 11(b)(2) ...................................................................................................... 4
Rule 54 ................................................................................................................ 1

Middle District Local Rule 7.01 ........................................................................1, 8

**Other Authorities**

Sarah Larson, *You've Been Served*, The New Yorker (Sept. 4, 2023), available at
https://www.newyorker.com/magazine/2023/09/11/the-lies-in-your-
grocery-store ................................................................................................ 5

Andrew Court, *I'm a Lawyer Who Sues Over BS Food Labels—These Are the Worst
Offenders*, New York Post (Sept. 19, 2023), available at
https://nypost.com/2023/09/19/im-a-lawyer-who-sues-over-bs-food-
labels-these-are-the-worst-offenders/ ............................................................. 5

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

Pursuant to Federal Rule of Civil Procedure 54, Middle District Local Rule 7.01, Florida Statutes § 501.2105 and. § 817.41(6), defendant Big Lots, Inc. (Big Lots) moves for an order awarding reasonable attorney's fees and costs against plaintiff Peggy Durant and her counsel of no less than an estimated $135,000.

## I.    PRELIMINARY STATEMENT

Defendant Big Lots, Inc. (Big Lots) prevailed on its Motion to Dismiss all four of plaintiff Peggy Durant's claims, all of which were based on the same frivolous theory peddled repeatedly by her counsel, Spencer Sheehan: that Big Lots's Ground Coffee label statement that it makes "up to 210" servings was misleading to reasonable consumers.  Ms. Durant's two statutory claims mandate that Big Lots, as the prevailing party, should recover reasonable attorney's fees and costs incurred in defending the action against Ms. Durant.  The Court should also exercise its inherent authority to enter the fees against Ms. Durant's counsel, Mr. Spencer Sheehan—a notorious serial filer of frivolous mislabeling claims—as he brought the claims here in bad faith.

To be clear, the statutes *mandate* a fee award in favor of Big Lots.  As shown below, Big Lots plainly satisfies the "prevailing party" test under the applicable Florida statutes under which Ms. Durant and Mr. Sheehan sued.  The primary question in this motion is:  Who should pay the fee award—Ms. Durant alone, the plaintiff Mr. Sheehan used to prosecute his action here; or Mr. Sheehan himself, the attorney who peddled this and the many other frivolous actions that have dogged defendants around the country with his meritless lawsuits?

A fee award—against Mr. Sheehan—not only recompenses Big Lots for spending substantial resources to defend a frivolous action; it also represents the only way to deter continued bad behavior in federal courts.  As this Court has acknowledged, Mr. Sheehan has become notorious for filing hundreds of frivolous mislabeling class actions across the country.  Dkt. 29 at 3 & n.2 (citing cases).  One federal court found him to be acting in "bad faith" by filing mislabeling claims "without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within."  *Brownell v. Starbucks Coffee Co.* (*Brownell II*), 2023 WL 9053058, at *9 (N.D.N.Y. Nov. 30, 2023).  Mr. Sheehan nonetheless continued to litigate this action (and numerous others around the country), which suffer from the same defects as in *Brownell*.

Big Lots respectfully requests the Court find here, as at least one other has, that Mr. Sheehan has acted in bad faith, and sanction him using the Court's inherent authority.  Sanctionable "bad faith" exists where an attorney knowingly or recklessly brings frivolous claims; Mr. Sheehan's bad faith is evident on several grounds.

First, Mr. Sheehan's vexatious litigation history, including his prior contempt order and the many courts that have cautioned him that continuing to file frivolous mislabeling claims will subject him to sanctions, is evidence of his bad faith here.

Second, in flagrant disregard of the many federal court orders advising him to cease filing frivolous claims, he re-filed a previously rejected, frivolous mislabeling theory here.  Indeed, Mr. Sheehan previously brought near-identical claims in the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

Western District of New York, which dismissed his claims with prejudice, holding the Big Lots Ground Coffee label "would not have misled a reasonable consumer" "as a matter of law." *Devey v. Big Lots, Inc.*, 635 F Supp. 3d 205, 212 (W.D.N.Y. 2022).  The Court here dismissed on the same basis, explaining the claims are "patently implausible," and that Mr. Sheehan's alleged interpretation was "not the impression of a reasonable consumer – or reputable lawyer."  Dkt. 29 at 11.

Third, Mr. Sheehan's two common law claims were frivolous on other grounds.  He lacked the pre-suit notice required to state his express warranty claim; Florida federal courts and federal courts in other states have advised him this renders his claim frivolous, and warned him that should he continue to file such claims, he will be sanctioned.  He also knows the economic loss rule bars his fraud claim.

Fourth, his central allegation that an "independent laboratory" analyzed the Ground Coffee pre-filing is apparently false.  Mr. Sheehan has fabricated these allegations on multiple occasions in the past—he has been sanctioned on this basis; he appears to have made the same frivolous factual allegations again here.

The Court should therefore award Big Lots its reasonable attorney's fees for defending the action, against both Ms. Durant and Mr. Sheehan.

## II.      BACKGROUND

### A.      This Action Was One of Many Repeat, Baseless Actions Filed By Plaintiff's Counsel, Spencer Sheehan.

Before addressing the Court's dismissal of Plaintiff Peggy Durant's claims here, which merits statutory attorney's fees, Big Lots provides relevant context.

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

Plaintiff Peggy Durant's counsel, Spencer Sheehan, has become notorious for filing baseless consumer class actions based on alleged product mislabeling—just like this action.  Mr. Sheehan has a well-documented history of filing successive lawsuits "peddl[ing] th[e] [same] theory time and again, in case after case, without much success[.]"  *Guzman v. Walmart, Inc.*, 2023 WL 4535903, at *1 (N.D. Ill. May 15, 2023).  Courts have repeatedly rejected his improper tactics, warning that his complaints flout Rule 11 and will subject him to sanctions:

- "Mr. Sheehan is aware that he files class action lawsuits primarily pertaining to allegedly false labeling on consumer products … that plainly do not meet the pleading requirements for such claims on their faces. Nonetheless, Mr. Sheehan continues to file these frivolous actions in violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure."  *Brownell v. Starbucks Coffee Co.* (*Brownell I*), 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023).

- "At this point, this Court has gone round and round the carousel a number of times with Plaintiff's counsel in cases about deceptive product labeling. … The case at hand is yet another spin on an increasingly unpleasant ride. It is time for the carousel to come to a halt. … Frankly, this Court doesn't have time to write the full string cite of cases where the theory of the case by Plaintiff's counsel didn't get off the ground. … Lawyers have an obligation to file cases in good faith. See Fed. R. Civ. P. 11."  *Guzman*, 2023 WL 4535903, at *2–3.

- "Like a broken record, the Court again notes Plaintiff's counsel has raised the exact same, insufficient argument before this Court at least three times in the past two years. The Court reminds Plaintiff's counsel of its obligations under Rule 11 and strongly counsels against raising the same, boilerplate claims again before this Court."  *Reyes v. Upfield US Inc.*, 2023 WL 6276685, at *13 n.5 (S.D.N.Y. Sept. 26, 2023).

- "Mr. Sheehan has been warned on repeated occasions regarding his practice of filing lawsuits where the theory of the case was not close to viable, yet he continues to do so, undoubtedly because the cases that do settle are sufficiently lucrative that he is willing to provoke the ire of the judiciary. This practice is unfair to both the companies he sues and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

the judiciary that is left to sort through the nonsense." *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023).

- "Plaintiff's counsel is now on notice that should he attempt to bring such a claim [for injunctive relief] before this Court again, the Court will impose Rule 11 sanctions. ... The Court takes a moment to caution Plaintiff's counsel once again that Plaintiff may only file a second amended complaint where she has a *good faith basis* to do so. ...[T]he Court is well aware that Plaintiff's counsel routinely files cases such as these, which bring identical claims, and that they are just as routinely dismissed for failure to state a claim." *Gordon v. Target Corp.*, 2022 WL 836773, at *9 n.3 & 19 n.11 (S.D.N.Y. Mar. 18, 2022).

Meanwhile, Mr. Sheehan has publicly touted his over 500 mislabeling lawsuits, admitting "judges might roll their eyes at a case" but "I can proudly and honestly say I've never been sanctioned by a court for filing anything frivolous." Larson, *You've Been Served*, The New Yorker (Sept. 4, 2023).[1]  When asked "whether judges' warnings would affect his behavior in the future," he exclaimed "No!".  *Id.*

In November 2023, Judge Scullin of the Northern District of New York sanctioned Mr. Sheehan after finding that he "filed a frivolous complaint [by making] meritless claims ... based on an unreasonable interpretation of a food label and without providing any support for Plaintiff's allegations." *Brownell II*, 2023 WL 9053058, at *3 (citing *Brownell I*).  The court specifically found Mr. Sheehan filed the mislabeling case "without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within,"

---

[1] Available at https://www.newyorker.com/magazine/2023/09/11/the-lies-in-your-grocery-store; *see also* Andrew Court, *I'm a Lawyer Who Sues Over BS Food Labels—These Are the Worst Offenders*, New York Post (Sept. 19, 2023), available at https://nypost.com/2023/09/19/im-a-lawyer-who-sues-over-bs-food-labels-these-are-the-worst-offenders/.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

including because Mr. Sheehan fabricated allegations of an "independent laboratory analysis." *Id.* at *9. The Court thus "conclude[d] that Mr. Sheehan acted in bad faith when he commenced this action" and held him "in contempt." *Id.*[2]

### B. Mr. Sheehan Filed this Action After Another Court Dismissed His Nearly Identical Complaint with Prejudice.

This action was yet another of Mr. Sheehan's repeat actions in which he reasserted identical claims another federal court had already rejected. *See* Dkt. 29 at 3 (Court noting Mr. Sheehan's "near-identical" prior lawsuit against Big Lots).

In *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205 (W.D.N.Y. 2022), Mr. Sheehan filed near-identical allegations on behalf of Plaintiff Amy Devey, alleging Ms. Devey purchased the same Big Lots Ground Coffee based on the same label statement at issue here—that the product made "up to 210" servings of coffee. In *Devey*, Judge Larimer granted Big Lots's Motion to Dismiss with prejudice, explaining that plaintiff's labeling theory "completely overlooks" part of the label providing alternative brewing instructions that produced more cups. *Id.* at 212. The Court held that "as a matter of law, [when] viewed as a whole, the Product's label would not have misled a reasonable consumer," which was fatal to the claims. *Id.*

Undeterred by the court's finding that his claims were implausible, Mr. Sheehan proceeded to refile the same mislabeling theory here, premised on the same Big Lots Ground Coffee label as in *Devey*. Like the plaintiff in *Devey*, Ms. Durant

---

[2] Another court has issued Mr. Sheehan an OSC re "bad faith" sanctions. *Dukas v. Koninklijke,* 1:22-cv-7962, ECF No. 46 (S.D.N.Y. Jan. 1, 2024) (ordering Mr. Sheehan to show cause as to why he did not act in bad faith in litigating "demonstrably false" allegations).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

alleged Big Lots's private-label ground coffee misrepresented it could make "up to 210" servings, because following only the "1 serving" brewing instructions, and ignoring the other brewing instructions that produced more coffee, she could not brew 210 cups.  Compl. ¶¶ 2–8.  She brought four claims, all premised on the same mislabeling theory: (1) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*; (2) violation of the false and misleading advertising statute, Fla. Stat. § 817.41; (3) breach of express warranty; and (4) fraud.

### C.     The Court Dismisses the Complaint with Prejudice, Holding the Claims Were "Patently Implausible."

Big Lots moved to dismiss, arguing Ms. Durant did not and could not plead the Ground Coffee label was misleading as required to state all four of her claims, for the same reasons the *Devey* court held it would not mislead reasonable consumers as a matter of law (among other bases for dismissal).  Dkt. 11.  Ms. Durant opposed, withdrawing her breach of express warranty and fraud claims.  Dkt. 21.

On March 26, 2024, the Court granted Big Lots's Motion to Dismiss, and dismissed the complaint with prejudice.  Dkt. 29 (2024 WL 1826473).  In its Order, the Court noted Ms. Durant withdrew her fraud and warranty claims, and dismissed them with prejudice.  *Id.* at 5.  In dismissing the FDUTPA and false advertising claims with prejudice, the Court explained:

> It is patently implausible that any reasonable consumer would be deceived by the Product's label here.  Plaintiff's entire Complaint is premised on the position that she cast her eyes only upon the single serve brew instructions and that because they alone do not satisfy her "impression" of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

> what a subtle "up to" statement means, the label is
> misleading. This is not the impression of a reasonable
> consumer—or reputable lawyer.

*Id.* at 11–12 (citations omitted).  On that note, the Court also observed Mr. Sheehan "has a reputation for filing labeling and consumer fraud lawsuits 'seemingly covering just about every aisle in the grocery store, without much success.'" *Id.* at 29 at 3 (quoting *Matthews v. Polar Corp.*, No. 1:22-cv-649, Dkt. 35 (N.D. Ill. Apr. 6, 2023)).

Big Lots next sought to move for attorney's fees based on Ms. Durant's statutory claims—FDUTPA and false advertising.  As FDUTPA requires entry of judgment prior to a fee award (Fla. Stat. § 501.2105(1)), and Local Rule 7.01 provides that parties should move for fees within 14 days after of entry of judgment, Big Lots moved for entry of judgment.  Dkt. 31. On May 1, 2024, the clerk entered judgment for Big Lots, which noted that "[a]ny motion for attorney's fees and/or costs must be filed in the time and manner prescribed in Local Rule 7.01[.]"  Dkt. 34.

In compliance with Local Rule 7.01, Big Lots now brings such motion, which seeks statutory fees against Ms. Durant and Mr. Sheehan.

### III.   THE COURT SHOULD AWARD STATUTORY FEES.

Big Lots is entitled to an order of reasonable attorney's fees and costs against Ms. Durant.  Big Lots is the prevailing party, as the Court granted its Motion to Dismiss the entire action with prejudice.  Big Lots is entitled to a fee award under the false advertising statute (which is *mandatory*) and FDUTPA (the discretionary factors weigh in favor of an award here).  The award should cover all of Big Lots's fees, without any allocation for the other two claims, as all four claims were intertwined.

**A.      Big Lots Is the "Prevailing Party" in the Action, Which Triggers the Application of Both Attorney's Fees Statutes.**

Big Lots is entitled to fees as the "prevailing" party under the statutes.

As this court sits in "federal diversity," Florida law governs the issues of attorney's fees. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). Both statutes Big Lots invokes for attorney's fees provide they are awarded to the "prevailing party." Fla. Stat. § 817.41(6); Fla. Stat. § 501.2105(1).

Under Florida law, the "prevailing party" is the one that "prevail[ed] on the significant issues in the litigation." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Where a "defendant succeeded by having Plaintiff's complaint dismissed … it has prevailed on the significant issues in th[e] litigation and is the prevailing party[.]" *Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*, 2024 WL 693061, at *2–3 (S.D. Fla. Jan. 31, 2024), *report and recomm. adopted*, 2024 WL 691425 (S.D. Fla. Feb. 20, 2024) (defendant who prevailed on motion to dismiss was "prevailing party" under FDUTPA attorney's fees provision); *accord Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) ("Defendant is the prevailing party under Florida law, as the district court dismissed Plaintiff's action against Defendant").

Here, Big Lots is the prevailing party because it prevailed on a motion to dismiss—including finding for Big Lots on the key issue that the label is not deceptive as a matter of law. Dkt. 29 at 11. As a result, the Court dismissed the case with prejudice, and entered judgment in Big Lots's favor.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

**B.    Big Lots Is Entitled to Mandatory Attorney's Fees under the False Advertising Statute as the Prevailing Party.**

Florida's false advertising statute provides attorney's fees to any prevailing party: "***Any person prevailing*** in a civil action for violation of this section ***shall be awarded costs, including reasonable attorney's fees***[.]"  Fla. Stat. § 817.41(6) (emphasis added).  Where, as here, a statute provides fees and costs "shall" be awarded, fees are mandatory, and the "court's discretion" is "eliminate[d]."  *See Rath v. Marcoski*, 898 F.3d 1306, 1310 (11th Cir. 2018); *Whiteside v. Joseph Harris Co.*, 491 So. 2d 1215, 1215 (Fla. Dist. Ct. App. 1986) ("As the prevailing party in this action, defendant was entitled to an award of fees under section 817.46(6).").  Thus, under this statute, courts award attorney's fees to prevailing defendants.  *Whiteside*, 491 So. 2d at 1215; *Baby Buddies, Inc. v. Toys R Us, Inc.*, 2011 WL 4382450, at *6 (M.D. Fla. Aug. 9, 2011), *report and recomm. adopted*, 2011 WL 4382285, at *6 (M.D. Fla. Sept. 20, 2011) (awarding fees to prevailing defendant under Fla. Stat. § 817.41(6)).

As detailed above, Big Lots is the "prevailing party" on its false advertising claim, as the Court held the claim failed as a matter of law and dismissed the claim with prejudice.  Under the statute, the Court "shall" award Big Lots reasonable attorney's fees and costs against Ms. Durant.

**C.    The Court Should Award Attorney's Fees Under the FDUTPA.**

While the false advertising statute alone justifies an award of all Big Lots's reasonable attorney's fees, the Court should also award fees under the FDUTPA.

"By invoking FDUTPA and seeking redress under its remedial provisions, [a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

plaintiff] expose[s] himself to both the benefits and the possible consequences of that act's provisions." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 (Fla. 2013).  FDUTPA's "consequences" include "reasonable attorney's fees and costs" to "the prevailing party, after judgment in the trial court and exhaustion of all appeals," which the Court has discretion to award.  Fla. Stat. § 501.2105(1).

Courts consider a "non-exhaustive list of seven [equitable] factors" in deciding whether to grant fees: (1) scope and history of the litigation; (2) the opposing party's ability to satisfy a fee award; (3) whether a fee award would deter others from acting in similar circumstances; (4) the merits of the claims—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.  *Massive Transit*, 2024 WL 693061, at *2–3 (citing *Humane Soc'y of Broward Cnty. Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. Dist. Ct. App. 2007)).

These factors weigh heavily in favor of a fee award to Big Lots.

### 1.    Scope and History of the Litigation (Factor 1)

First, the litigation's scope and history favor Big Lots.  In evaluating this factor, courts may consider similar past cases "litigated by the same [plaintiff's] counsel."  *See Armstrong v. Knauf Gips KG*, 2023 WL 9196688, at *4–6 (M.D. Fla. Oct. 23, 2023), *report and recomm. adopted*, 2023 WL 9196666, at *1 (M.D. Fla. Dec.

1, 2023).  Here, Ms. Durant's counsel Mr. Sheehan filed a nearly identical lawsuit against Big Lots in the Western District of New York, which the court dismissed because "as a matter of law, … the Product's label would not have misled a reasonable consumer."  *Devey*, 635 F. Supp. 3d at 212.  Mr. Sheehan nevertheless refiled his frivolous theory here, where the claims were likewise dismissed with prejudice.  Further, Ms. Durant asserted two additional claims, which she immediately dismissed after forcing Big Lots to move to dismiss as to those claims. *See Healthcare Res. Mgmt. Grp. v. EcoNatura All Healthy World, LLC*, 2022 WL 1537752, at *8 (S.D. Fla. May 12, 2022) (finding this factor favored defendant where plaintiff "demonstrated a lack of due diligence").  As Ms. Durant and her counsel filed duplicative cases that a court already rejected, and tacked on baseless common law claims they immediately abandoned, this factor weighs in favor of Big Lots.

## 2.     Merits and Frivolousness of the Claims (Factors 4 and 5)

The fourth and fifth factors—the merits of the claims and whether they were "frivolous, unreasonable, [or] groundless"—also favor Big Lots.  The Court dismissed the claims here as "patently implausible," and further noted the alleged label interpretation is "not the impression of a reasonable consumer—or a reputable lawyer."  Dkt. 29 at 11.  This justified dismissal of Ms. Durant's FDUTPA and false advertising claims; had Ms. Durant not withdrawn her other two claims after Big Lots filed its Motion to Dismiss, this holding would have resulted in dismissal of the other claims two as well.  Moreover, these claims are frivolous (and brought in bad

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

faith), for the many reasons discussed *infra* at 17–24.   These two factors therefore weigh in favor of Big Lots.  *See Procaps S.A. v. Patheon Inc.*, 2017 WL 3536917, at *18 (S.D. Fla. Aug. 17, 2017) (Mag.) (merits and groundlessness factors weigh in favor of defendant where plaintiff "lacked a viable legal theory").

### 3.   Deterrence of Similar Claims (Factor 3)

The third factor—deterring similar claims—favors Big Lots.  As detailed *supra*, Mr. Sheehan has a well-established history of filing frivolous, repeat claims, including against Big Lots.  A fee award here would deter parties and counsel from adopting similar vexatious tactics.  *See Armstrong*, 2023 WL 9196688, at *9 (factor favored defendant where fees would deter "against … raising issue previously rejected … i.e., seeking a second bite at the apple.").

### 4.   The Remaining Factors (Factors 2, 6, and 7)

The remaining factors are neutral or inapplicable.  Big Lots has no information regarding Ms. Durant's ability to pay (although the Court may order Mr. Sheehan to share responsibility for fees, *infra*), so the factor is "neutral."  *See Massive Transit*, 2024 WL 693061, at *2–4 (factor neutral where court lacked sufficient "financial information" about plaintiff).  The other factors are inapplicable where, as here, defendant prevails.  *Healthcare*, 2022 WL 1537752, at *10 (defenses irrelevant); *Club Exploria, LLC v. Aaronson, Austin, P.A.*, 2022 WL 19479011, at *8 (M.D. Fla. Nov. 4, 2022) (no "significant legal question" where claims lack merit).

In sum, all of the factors either weigh in favor of Big Lots or are neutral, and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

the Court should therefore exercise its discretion to award fees under FDUTPA.  *See Massive Transit*, 2024 WL 693061 at *4 (awarding fees where "three of the seven factors weigh in favor of" fees for Defendant).

### D. The Court Should Award the Reasonable Fees Big Lots Incurred in Defending the Entire Action.

The award of attorney's fees under either statute warrants a full award of fees expended in defending all claims in this lawsuit.

While generally "[t]he party seeking fees has the burden to allocate them to the issues for which fees are awardable," it may instead "show that the issues were so intertwined that allocation is not feasible." *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So.3d 386, 388 (Fla. Dist. Ct. App. 2012); *Anglia Jacs & Co. v. Dubin,* 830 So.2d 169, 172 (Fla. Dist. Ct. App. 2002) (full fee appropriate "where the claims involve a common core of facts and are based on related legal theories").

Here, the Court should award Big Lots its fees for defending this action in its entirety, because Ms. Durant's four claims all involved the same legal theory premised on the same alleged facts.  Each of Plaintiff's claims—FDUTPA, false advertising, breach of express warranty, and fraud—was premised on her allegations that the Ground Coffee label is misleading because it states it makes "up to 210" cups, but when she followed the single serving instructions (and ignored the others) she was not able to brew 210 cups.  Compl. ¶¶ 60–101.  Indeed, she contended "up to 210" cups provided the false or misleading statement required for each claim.  *Id*.

All four claims were "so intertwined" that allocation is not feasible; in any

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800

case, most of Big Lots's efforts were directed to defending the FDUTPA and false advertising claims. *See* Dkt. 11 (Mot. to Dismiss). The Court should therefore award fees for defending the entire action. *See Waverly,* 88 So.3d at 388.

## IV.   THE COURT SHOULD ALSO EXERCISE ITS INHERENT AUTHORITY TO ORDER FEES AGAINST MR. SHEEHAN.

The Court should exercise its inherent authority to impose sanctions based on Mr. Sheehan's various forms of bad faith conduct. First, Mr. Sheehan's vexatious litigation history, including another court's prior bad faith finding, establish Mr. Sheehan's knowledge and bad faith in filing this action. Second, Mr. Sheehan's bad faith is further shown because his (a) mislabeling theory is legally frivolous, as he knows; (b) common law claims are frivolous on other grounds, as several courts have already informed him; and (c) allegations appear factually frivolous.

### A.   Courts Have Authority to Sanction Bad Faith Conduct, Including Knowingly Filing Frivolous Claims.

"[C]ourts have the inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Johnson v. 17th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). This includes "assess[ing] attorney's fees" and costs against an attorney who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 33 (citation omitted). The court may impose such sanctions upon a finding of "bad faith," which "is warranted where, among other things, a frivolous argument is 'knowingly or recklessly raised.'" *Johnson*, 9 F.4th at 1314 (citation

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

omitted); *Miccosukee Tribe of Indians of Fla. v. Cypress*, 686 F. App'x 823, 826 (11th Cir. 2017) ("A party exhibits bad faith by pursuing a claim that it knows is frivolous.").[3]

Further, "when the court is faced with a sanctions motion against a repeat offender, undeterred by admonitions, it has the authority to consider that litigant's outside conduct." *See Trump v. Clinton*, 653 F. Supp. 3d 1198, 1219 (S.D. Fla. 2023); *accord Johnson*, 9 F.4th at 1313–14 (affirming sanctions based on evidence litigants "knowingly filed [other] frivolous suits to extort settlements … from defendants").[4]

When applied here, these standards lend to one conclusion: Mr. Sheehan acted in bad faith in filing and litigating this frivolous action.

### B. The Court May Consider Mr. Sheehan's History of Filing Frivolous Complaints and Prior Finding of Bad Faith.

Mr. Sheehan's vexatious litigation history is evidence of bad faith here.

Courts may consider a litigant's vexatious litigation history in evaluating bad faith. *Supra* at 3–6 (detailing history); *Johnson*, 9 F.4th at 1313–14 (district court had "inherent power to investigate the scope and extent" of litigant's misconduct in other cases). Where an attorney has reasserted claims that prior courts have "repeatedly rejected," or re-filed frivolous claims after having been warned of the consequences,

---

[3] "[The inherent] power is both broader and narrower than other means of imposing sanctions. … [W]hereas each of the other [sanction] mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses …[and] must continue to exist to fill in the interstices. … [Indeed,] the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct," for these rules "are not substitutes for the inherent power." *Chambers*, 502 U.S. at 46–47, 49.

[4] *Accord O'Neal v. Allstate Indem. Ins. Co.*, 2021 WL 4852222, at *4–5 (11th Cir. 2021) (affirming sanctions under inherent authority based on litigant's history of "abusive tactics across numerous forums over many years"); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) (affirming sanction under inherent authority based on litigant's prolific litigation history).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800

such history is evidence of bad faith.  *See Calderon v. Merch. & S. Bank*, 2013 WL 5798565, at *6 (M.D. Fla. Oct. 28, 2013) (finding bad faith where plaintiff asserted legal theory that courts "repeatedly rejected"); *Watts v. Taylor, Bean & Whitaker Mortg. Corp.*, 2011 WL 2610492, at *2–4 (M.D. Ga. July 1, 2011) (finding bad faith where pro se plaintiff filed frivolous complaint after another court's "warning" that similar claims could result in sanctions).[5]  Mr. Sheehan filed this case in a similar posture.

As detailed *supra* at 3–6, Mr. Sheehan has gained "notoriety" as a serial filer of hundreds of frivolous mislabeling cases, and was recently sanctioned for these practices.  *Guzman*, 2023 WL 4535903, at *1 (he "peddle[s] [the same] theory time and again, in case after case, without much success"); Dkt. 29 at 3 (noting his "reputation").  "[C]ourts around the country have been inundated with a seemingly endless supply of trivial (bordering on frivolous) lawsuits, asking the courts to read the labels of consumer goods in manners that strain credulity or to simply ignore other relevant language provided on the labels."  *Van Orden*, 2023 WL 5336813, at *10.

Several courts have admonished Mr. Sheehan for filing repeat, frivolous complaints and explicitly warned him that his continued conduct would subject him to sanctions.  *Supra* at 3–6 (listing examples).  Yet, as courts have acknowledged, Mr. Sheehan flagrantly disregards these orders and "continues" to knowingly file

---

[5] *See also Cuyler v. The Kroger Co.*, 2016 WL 922627, at *3 (N.D. Ga. Feb. 9, 2016), *report and recomm. adopted*, 2016 WL 1030111 (N.D. Ga. Mar. 10, 2016) (plaintiff's "repeating of these baseless claims despite having been warned of the consequences … demonstrates that he is motivated by bad faith and, thus, his actions are sanctionable").

"frivolous actions in violation of Rule 11(b)(2)." *Brownell I*, 681 F. Supp. at 42 (explaining Mr. Sheehan is "aware" his complaints are "plainly" baseless, yet continues to file).

And, in November 2023, a federal district court held Mr. Sheehan in contempt, and found he acted in "bad faith," for filing a "complaint without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations." *Brownell II*, 2023 WL 9053058, at *9.

Still, Mr. Sheehan fails to heed these warnings in filing and litigating his frivolous claims here, and throughout the country, including in this very district (and other federal districts in Florida). Florida district courts have dismissed nearly all of his recent cases that have reached a pleadings challenge—at least eleven (11) in the past two years.[6] He filed at least another eight (8) mislabeling cases in this district alone over the past year, which were either voluntarily dismissed or have not yet reached a pleadings ruling.[7] In the wake of his *Brownell* sanctions, Mr. Sheehan and

---

[6] *McCoy v. Nestle USA, Inc.*, 2024 WL 399480, at *5 (N.D. Fla. Feb. 1, 2024) (dismissing with prejudice); *Valiente v. Publix Super Markets, Inc.*, 2023 WL 3620538, at *7 (S.D. Fla. May 24, 2023) (same); *Ramirez v. Kraft Heinz Foods Co.*, 2023 WL 4788012, at *6 (S.D. Fla. July 27, 2023) (same); *Hernandez v. HP Inc.*, 2023 U.S. Dist. LEXIS 89914, at *12 (S.D. Fla. May 23, 2023) (same); *Amara v. Publix Supermarkets, Inc.*, 2022 WL 3357575, at *5 (M.D. Fla. Aug. 15, 2022) (same); *Figueredo v. Tropicale Foods, LLC*, 2024 WL 1462404, at *7 (S.D. Fla. Apr. 4, 2024) (granting motion to dismiss); *Volinksy v. Lenovo (US) Inc.*, 2024 WL 1299315, at *8 (M.D. Fla. Mar. 27, 2024) (same); *Skzynear v. Upfield US, Inc.*, 2024 WL 112003, at *3 (M.D. Fla. Jan. 10, 2024) (same); *Cummings v. Blue Diamond Growers*, 2023 WL 3487005, at * (N.D. Fla. May 15, 2023) (same); *Inouye v. Adidas Am., Inc.*, 2023 WL 2351654, at *11 (M.D. Fla. Mar. 3, 2023) (same); *Goldstein v. Nonni's Foods LLC*, 2023 U.S. Dist. LEXIS 34048, at *13 (S.D. Fla. Feb. 28, 2023) (same).

[7] *Wilcox v. Target Corp.*, No. 23-2339-JSS-RMN (M.D. Fla. filed Dec. 6, 2023) (motion to dismiss due in June); *Walter v. Chattem Inc.*, No. 23-2007-CEM-LHP (M.D. Fla. filed Oct. 18, 2023) (motion to dismiss pending); *Wilmot v. Ricola USA, Inc.*, No. 23-1709-WWB-RMN (M.D. Fla. filed Sept. 6, 2023) (same); *Jernigan v. GSK Consumer Health, Inc.*, No. 23-1640-CEM-DCI (M.D. Fla. filed

his co-counsel have started to remove Mr. Sheehan's name from pleadings (while still remaining counsel), apparently so he can continue to file frivolous complaints while evading Rule 11 sanctions, so there are likely more in this district. *E.g.*, *Jernigan*, No. 23-1640 (M.D. Fla.) (compare Dkt. 1, with Dkt. 8); *Wilmot*, No. 23-1709 (M.D. Fla.) (compare Dkt. 1, with Dkt. 21).  The Court may act to address such "abuses of the judicial process" in its district.  *See Johnson*, 9 F.4th at 1314; *Brownell I*, 681 F. Supp. 3d at 42 (considering number of suits in district in evaluating sanctions).

Based on this history, the Court can conclude that—like in his prior cases—Mr. Sheehan filed this action with bad faith, i.e., knowing the claims were frivolous, for an improper purpose, and in flagrant disregard of the many court orders admonishing him to stop.

### C.    Mr. Sheehan Filed His Mislabeling Theory—for the Second Time Here—Knowing the Claims Were Frivolous.

This action is yet another of Mr. Sheehan's repeat, frivolous actions, and the Court may find bad faith on several grounds.

#### 1.    Mr. Sheehan Knew the Mislabeling Theory was Legally Frivolous.

First, Mr. Sheehan knew his mislabeling theory was legally frivolous.

---

Aug. 26, 2023) (same); *Hoffman v. Ariz. Beverages USA, LLC*, No. 23-1213-JSS-LHP (M.D. Fla. filed June 29, 2023) (same); *Martin v. Target Corp.*, No. 23-2282-KKM-TGW (M.D. Fla. filed Oct. 9, 2023) (Dkt. 20) (striking Sheehan's appearance for failure to move for *pro hac vice* admission); *Berrios v. Congo Brands, LLC*, No. 23-1529-PGB-RMN (M.D. Fla. filed August 10, 2023) (voluntarily dismissed); *Pagan v. Walmart Inc.*, No. 23-1278-WWB-EJK (M.D. Fla. filed July 10, 2023) (same).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

A claim is legally frivolous "when the party files a pleading that is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).[8]  Indeed, "[g]rounds for a bad faith award exist— when, as here—Plaintiffs bring a groundless suit and force [d]efendants to expend time and effort conducting their defense." *Calderon*, 2013 WL 5798565, at *6.  Mr. Sheehan has done just that.

As this Court detailed in its Order on the Motion to Dismiss (Dkt. 29 at 3–4), Mr. Sheehan previously filed a "near-identical lawsuit in the Western District of New York" challenging the same Big Lots Ground Coffee label on the same basis. *Devey*, 635 F. Supp. 3d 205.  The *Devey* court dismissed the complaint with prejudice, finding "the label would not mislead a reasonable consumer as a matter of law." Dkt. 29 at 4 (citing *Devey*, 635 F. Supp. 3d at 211–13).  The *Devey* court specifically noted Mr. Sheehan's theory "completely overlooks" part of the label, but when viewed as a whole, the label was not deceptive.  *Devey*, 635 F. Supp. 3d at 212.[9]

Yet Mr. Sheehan proceeded to refile his failed theory here, apparently for the improper purpose of harassing Big Lots for a settlement, and to test out his baseless

---

[8] The definition of "frivolous" for purposes of exercising inherent authority appears to be the same as under Rule 11.  *See Peer v. Lewis*, 571 F. App'x 840, 844–45 (11th Cir. 2014) (a court may use a "Rule 11-type analysis when imposing sanctions under its inherent power").

[9] The Court also noted Mr. Sheehan had "falsely quoted" the label in the Complaint, and even after Big Lots pointed out the error, he continued to "misquote" the label, which "has the potential to result in the imposition of sanctions."  *Devey*, 635 F. Supp. 3d at 211 n.2.

theory in a new jurisdiction.[10]  Mr. Sheehan did not even attempt to address the portion of the label his theory "completely overlooks" and which precludes deception "as a matter of law."  *Id.*  Moreover, at least one Florida district court had rejected a near-identical claim on similar grounds.  *Sorin v. Folger Coffee Co.*, 2021 WL 5545292, at *2 (S.D. Fla. Mar. 5, 2021).  And Mr. Sheehan has long been aware that filing these repeat, baseless actions will subject him to sanctions.  *Supra* at 3–6.

For these reasons alone, Mr. Sheehan knew his claims had "no reasonable chance of success" and that he was proceeding on a frivolous legal theory.  *See Worldwide*, 87 F.3d at 1254; *see also Calderon*, 2013 WL 5798565, at *2, 6 (plaintiff acted in bad faith in asserting a legal theory courts had "repeatedly rejected"); *Brownell II*, 2023 WL 9053058, at *3–9 (finding Mr. Sheehan acted in "bad faith" in bringing a frivolous mislabeling claim).  Indeed, in dismissing this case, the Court noted that ***this theory was not one of a "reputable lawyer."***  Dkt. 29 at 11.  The Court dismissed on the same basis as the *Devey* court, holding that Mr. Sheehan overlooked part of the label, and "it is ***patently implausible*** that ***any*** reasonable consumer would be deceived by the Product's label here."  *Id.* (emphasis added).  The Court also relied on *Sorin*, among other authority.  *Id.* at 9–11 (discussing *Sorin*).

As the Court already held, a "reputable attorney" would not bring this action.  Rather, this theory was brought by a lawyer acting in bad faith.

---

[10] *See Chambers*, 501 U.S. at 46 n.10 (bad faith "resembles" Rule 11's bar on filing "for any improper purpose"); *In re Little Rest Twelve, Inc.*, 2015 WL 1318912, at *3 (Bankr. S.D. Fla. Mar. 16, 2015), *aff'd*, 662 F. App'x 887 (11th Cir. 2016) (finding bad faith based on "forum shopping").

### 2.    Mr. Sheehan Knew His Common Law Claims Were Legally Frivolous on Other Grounds.

Second, Mr. Sheehan knew his claims for breach of express warranty and fraud were frivolous on additional grounds, and forced Big Lots to move to dismiss before "withdrawing" them.

**Breach of Express Warranty.**  Mr. Sheehan filed a breach of express warranty claim despite failing to sufficiently allege the requisite pre-suit notice—which he is well aware is required to state his claim.  *Valiente v. Unilever U.S., Inc.*, 2022 WL 18587887, at *17 (S.D. Fla. Dec. 8, 2022)  (dismissing Mr. Sheehan's express warranty claim under Florida law based on same insufficient allegations of notice); *Hernandez*, 2023 U.S. Dist. LEXIS 89914, at *9–11 (dismissing Mr. Sheehan's express warranty claim under Florida law for failure to allege pre-suit notice); *see also Devey*, 635 F. Supp. 3d at 215 (same as to New York express warranty claim).

Mr. Sheehan knows that without these allegations his claim is frivolous. Federal courts in other states have advised Mr. Sheehan on multiple occasions that, given the number of times he has brought such "frivolous" warranty claims, he would be sanctioned for continuing to file warranty claims without alleging notice. *Adeghe v. Procter & Gamble Co.*, 2024 WL 22061, at *6 & n.9 (S.D.N.Y. Jan. 2, 2024) (noting Mr. Sheehan had been "admonish[ed]" for his express warranty "notice argument," which is "frivolous"); *Swiatek v. CVS Pharmacy, Inc.*, 2024 WL 1328801, at *8 (N.D. Ill. Mar. 28, 2024) (dismissing warranty claim for failure to plead notice, explaining several other courts have done the same and "even invoked Rule 11," and

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

that he "should take note that if he continues … he will face sanctions").

**Fraud.**  Mr. Sheehan's fraud claim was barred by Florida's economic loss rule.
Dkt. 11 (Mot. to Dismiss) at 19–20 (citing cases).  Yet well before Mr. Sheehan filed
this case, Judge Lenard in the Southern District of Florida dismissed Mr. Sheehan's
fraud claim in another mislabeling case on this ground.  *Valiente*, 2022 WL
18587887, at *20 ("[T]he claim[] for … fraud [is] barred by Florida's economic loss
rule.").  Mr. Sheehan knew his fraud claim was barred under Florida law as a matter
of law, and therefore frivolous, yet asserted it less than a year later here.

### 3.   Mr. Sheehan's "Independent Laboratory Analysis" Allegations Appear To Be Factually Frivolous.

Mr. Sheehan appears to have fabricated frivolous allegations that he
conducted a pre-filing independent laboratory analysis of Big Lots's Ground Coffee.

As the Court noted in its Order (Dkt. 29 at 7 n.4), Big Lots has repeatedly
requested that Mr. Sheehan produce the alleged "independent laboratory analysis"
he claims was conducted on the Big Lots Ground Coffee to support his claims
(Compl. ¶ 8), but Mr. Sheehan has provided nothing.  He was found in contempt of
Court (and having acted in bad faith) based on the same unsubstantiated allegations
in another case, and they appear to be equally frivolous here.  Dkt. 29 at 7 n.4 (citing
*Brownell*, 2023 WL 9053058, at *3–6; *see also Elder v. Bimbo Bakeries USA, Inc.*, 2023
WL 6382354, at *4 (S.D. Ill. Sept. 29, 2023)).  Mr. Sheehan will have his final
opportunity to produce such "analysis" in response to this Motion.  His inability to
substantiate these allegations, which purport to be the factual cornerstone of his

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

claims, provides additional grounds for finding bad faith.

In sum, Mr. Sheehan acted in bad faith in several ways in filing this *second*, repeat frivolous action against Big Lots.  The Court should recognize this bad faith, and sanction Mr. Sheehan to prevent a third repeat action.  As one court explained:

> [I]f a court becomes aware of a pattern of abusive litigation conduct by a particular attorney or litigant, it is incumbent upon that court to take appropriate steps to put an end to such opprobrious behavior. Failing to do so is unfair to the parade of opposing parties injured by the offending attorney or party's conduct in that case and in future cases, and to other litigants, whose cases are delayed as a result of the court's repeated need to address the offending attorney or party's meritless or bad-faith activities.

*Goodman v. Tatton Enters., Inc.*, 2012 WL 1886529, at *3 (S.D. Fla. May 23, 2012).

## V.    CONCLUSION

Big Lots respectfully requests attorney's fees and costs in defending this action.


Dated:  May 15, 2024                     By: */s/ Jacob M. Harper*

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (Lead Counsel)
Heather Canner
Joseph Elie-Meyers
865 South Figueroa St
Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
jacobharper@dwt.com
heathercanner@dwt.com
josepheliemeyers@dwt.com

*Attorneys for Defendant Big Lots, Inc.*

## **Certificate of Service**

I HEREBY CERTIFY that on May 15, 2024, the foregoing *Defendant Big Lots, Inc.'s Motion for Fees and Costs* was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

By:*/s/ Jacob M. Harper*
Jacob M. Harper

## **Local Rule 3.01(g) Certification**

I HEREBY CERTIFY that on May 14, 2024, counsel for Plaintiff Peggy Durant and Defendant Big Lots, Inc. met and conferred over teleconference regarding Big Lots's Motion for Attorney's Fees and Costs.  The parties were unable to reach resolution as to the grounds for the Motion.

By:*/s/ Jacob M. Harper*
Jacob M. Harper

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800