# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## OCALA DIVISION

PEGGY DURANT, individually and on
behalf of all others similarly situated,

                     Plaintiff,

          - against -

BIG LOTS, INC.,

                     Defendant

5:23-cv-00561-GAP-PRL

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Attorney's Fees and Costs

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. ii

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION ....................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 1

LEGAL STANDARDS ............................................................................................... 1

ARGUMENT ............................................................................................................... 4

I.      FDUTPA FACTORS DO NOT WEIGH IN FAVOR OF AWARD
        OF FEES .......................................................................................................... 4

        A.      Scope and History of Litigation .......................................................... 5

        B.      Merits and Frivolousness ..................................................................... 7

        C.      Deterrence of Similar Claims ............................................................ 11

II.     FLA. STAT. 817.41(6) DOES NOT SUPPORT ATTORNEY
        FEES ............................................................................................................. 13

III.    GOOD FAITH BASIS FOR ALLEGATIONS WEIGHS
        STRONGLY AGAINST SANCTIONS ....................................................... 15

        A.      No Evidence of Bad Faith .................................................................. 16

        B.      One Analogous Action Does Not Render Plaintiff's Claims
                Frivolous ............................................................................................ 20

        C.      Fraud and Warranty Claims Were Withdrawn ................................... 23

        D.      Independent Laboratory Analysis ...................................................... 24

CONCLUSION .......................................................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Alyeska Pipeline Service Co. v. Wilderness Society*,
   421 U.S. 240 (1975).............................................................................2

*Am. Registry, LLC v. Hanaw*,
   No. 13-cv-352, 2015 WL 5687693 (M.D. Fla. Sept. 25, 2015) .........................12

*Amara v. Publix Supermarkets, Inc.*,
   No. 22-cv-367, 2022 WL 3357575 (M.D. Fla. Aug. 15, 2022) .........................18

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
   500 F.3d 1230 (11th Cir. 2007) ........................................................16

*Armstrong v. Knauf Gips KG*,
   No. 21-cv-2771, 2023 WL 9196688 (M.D. Fla. Oct. 23, 2023).......... 5, 6, 11, 12

*Arthur v. United Indus. Corp.*,
   No. 17-cv-06983, 2018 WL 1472500 (C.D. Cal. Mar. 23, 2018) .............. 21, 22

*Ashton v. J.M. Smucker Co.*,
   No. 20-cv-00992, 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) ......................21

*Baby Buddies, Inc. v. Toys R Us, Inc.*,
   No. 03-cv-13377, 2011 WL 4382450 (M.D. Fla. Aug. 9, 2011) ...... 3, 13, 14, 15

*Baker v. Alderman*,
   158 F.3d 516 (11th Cir. 1998) ...........................................................7

*Boler v. Space Gateway Support Co. LLC*,
   290 F. Supp. 2d 1272 (M.D. Fla. 2003)..................................................... 16, 19

*Bristol-Myers Squibb Co. v. Superior Court of California*,
   582 U.S. 255 (2017)...........................................................................7

*Brownell v. Starbucks Coffee Co. (Brownell I)*,
   681 F. Supp. 3d 27 (N.D.N.Y. 2023)........................................................ 11, 16

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ...........................................................9

*Caiazza v. Marceno*,
   No. 18-cv-784, 2021 WL 1193166 (M.D. Fla. Mar. 30, 2021)............................2

*Calderon v. Merch. & S. Bank*,
   No. 13-cv-085, 2013 WL 5798565 (M.D. Fla. Oct. 28, 2013)..........................20

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)................................................................................. 2, 11, 15

*Chow v. Chak Yam Chau*,
   640 Fed. App'x 834 (11th Cir. 2015) ...............................................................3, 5

*Colomar v. Mercy Hosp., Inc.*,
   No. 05-cv-22409, 2008 WL 4459383 (S.D. Fla. Sept. 29, 2008).......................5

*Devey v. Big Lots, Inc.*,
   635 F Supp. 3d 205 (W.D.N.Y. 2022).................................................. 5, 7, 20, 22

*Diamond Aircraft Indus., Inc. v. Horowitch*,
   107 So. 3d 362 (Fla. 2013) ...............................................................................4

*Durant v. Big Lots, Inc.*,
   No. 23-cv-561, 2024 WL 1826473 (M.D. Fla. Mar. 26, 2024).......................1, 9

*Elder v. Bimbo Bakeries USA, Inc.*,
   No. 21-cv-00637, 2023 WL 6382354 (S.D. Ill. Sept. 12, 2022) .......................24

*Figueira v. Sch. Bd. of Miami-Dade County*,
   No. 06-cv-21828, 2009 WL 10697979 (S.D. Fla. Sept. 16, 2009).....................7

*Figueredo v. Tropicale Foods, LLC*,
   No. 23-cv-24177, 2024 WL 1462404 (S.D. Fla. Apr. 4, 2024) .........................18

*Found. Resol. Corp. v. Aon Hewitt Inv. Consulting, Inc.*,
   No. 18-cv-458, 2019 WL 1931918 (M.D. Fla. May 1, 2019) ............................24

*Glatter v. Mroz*,
   65 F.3d 1567 (11th Cir. 1995) .........................................................................15

*Goldstein v. Nonni's Foods LLC*,
   No. 22-cv-81462, 2023 U.S. Dist. LEXIS 34048 (S.D. Fla. Feb. 28,
   2023) ...............................................................................................................18

*Gordon v. Target Corp.*,
No. 20-cv-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022) .................. 11, 17

*Guzman v. Walmart, Inc.*,
No. 22-cv-3465, 2023 WL 4535903 (N.D. Ill. May 15, 2023) .................. 11, 16

*Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*,
No. 20-cv-81501, 2022 WL 1537757 (S.D. Fla. May 12, 2022) .......................5

*Hernandez v. HP Inc.*,
No. 22-cv-23482, 2023 U.S. Dist. LEXIS 89914 (S.D. Fla. May 23, 2023) ..........................................................................................18

*Howe v. Samsung Elecs. Am., Inc.*,
No. 16-cv-386, 2018 WL 2212982 (N.D. Fla. Jan. 5, 2018)...............................7

*Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*,
951 So. 2d 966 (Fla. 4th DCA 2007)..................................................... 3, 4, 5, 14

*In re All Am. Semiconductor, Inc.*,
490 B.R. 418 (Bankr. S.D. Fla. 2013) ..............................................................24

*Inouye v. Adidas Am., Inc.*,
No. 22-cv-416, 2023 WL 2351654 (M.D. Fla. Mar. 3, 2023)...........................18

*JTR Enterprises, LLC v. Columbian Emeralds*,
697 F. App'x 976 (11th Cir. 2017) ............................................................. 2, 11

*Kreager v. Solomon & Flanagan, P.A.*,
775 F.2d 1541 (11th Cir. 1985) ........................................................................2

*Martin v. Monsanto Co.*,
No. 16-cv-2168, 2017 WL 659014 (C.D. Cal. Feb. 16, 2017)..........................21

*Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*,
No. 23-cv-61321, 2024 WL 693061 (S.D. Fla. Jan. 31, 2024) .......................3, 4

*McCoy v. Nestle USA, Inc.*,
No. 23-cv-02218, 2024 WL 399480 (N.D. Fla. Feb. 1, 2024)..........................17

*Mee v. I A Nutrition*,
No. 14-cv-05006, 2015 WL 4776301 (N.D. Cal. Aug. 13, 2015).....................21

*Moritz v. Hoyt Enters., Inc.*,
    604 So. 2d 807 (Fla. 1992) ..................................................................13

*Price v. Lakeview Loan Servicing, LLC*,
    No. 19-cv-655, 2021 WL 1610097 (M.D. Fla. Apr. 26, 2021),
    *aff'd*, 2022 WL 896816 (11th Cir. Mar. 28, 2022)................................2

*Procaps S.A. v. Patheon Inc.*,
    No. 12-cv-24356, 2017 WL 3536917 (S.D. Fla. Aug. 17, 2017)........................9

*Ramirez v. Kraft Heinz Foods Co.*,
    684 F. Supp. 3d 1253 (S.D. Fla. 2023) ..............................................18

*Rath v. Marcoski*,
    898 F.3d 1306 (11th Cir. 2018) ................................................. 13, 14

*Rawa v. Monsanto Co.*,
    No. 17-cv-01252, 2017 WL 3392090 (E.D. Mo. Aug. 7, 2017) .......................21

*Reyes v. Upfield US Inc.*,
    No. 22-cv-6722, 2023 WL 6276685 (S.D.N.Y. Sept. 26, 2023)................. 11, 17

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)................................................................2

*Rothenberg v. Security Management Co., Inc.*,
    736 F.2d 1470 (11th Cir. 1984) ....................................................1

*Skzynear v. Upfield US, Inc.*,
    No. 23-cv-1277, 2024 WL 112003 (M.D. Fla. Jan. 10, 2024) .........................18

*State v. Beach Blvd Auto. Inc.*,
    139 So. 3d 380 (Fla. Dist. Ct. App. 2014) .......................................11

*Toca v. Tutco, LLC*,
    430 F. Supp. 3d 1313 (S.D. Fla. 2020) .............................................23

*Valiente v. Publix Super Mkts., Inc.*,
    No. 22-cv-22930, 2023 WL 3620538 (S.D. Fla. May 24, 2023) ......................17

*Valiente v. Unilever U.S., Inc.*,
    No. 22-cv-21507, 2022 WL 18587887 (S.D. Fla. Dec. 8, 2022) .....................23

*Van Orden v. Hikari Sales U.S.A., Inc.*,
No. 22-cv-504, 2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) .................. 11, 17

*Volinksy v. Lenovo (US) Inc.*,
No. 23-cv-00250, 2024 WL 1299315 (M.D. Fla. Mar. 27, 2024).....................18

*Whiteside v. Joseph Harris Co.*,
491 So. 2d 1215 (Fla. Dist. Ct. App. 1986)............................................ 4, 13, 14

*Womick v. Kroger Co.*,
No. 21-cv-00574, 2022 WL 673095 (S.D. Ill. Mar. 7, 2022)............................10

*Worldwide Primates, Inc. v. McGreal*,
87 F.3d 1252 (11th Cir. 1996) ................................................................... 20, 22

**Statutes**

Fla. Stat. § 501.203(3)(b) ...........................................................................8

Fla. Stat. § 501.2105 ...................................................................................3

Fla. Stat. § 672.607(3)................................................................................23

Fla. Stat. § 672.607(3)(a) ...........................................................................23

Fla. Stat. § 817.41 .....................................................................................15

Fla. Stat. § 817.41(6)............................................................................ 13, 14

**Rules**

Fed. R. Civ. P. 11 .....................................................................................16

Fed. R. Civ. P. 11(b)(3)................................................................................7

Loc. R. 2.01(d) ...........................................................................................6

Loc. R. 2.02(a) ...........................................................................................6

Loc. R. 2.02(b)(1) .......................................................................................6

**Other Authorities**

*FTC Policy Statement Regarding Advertising Substantiation
Program*,

appended to *Thompson Med. Co.*, 104 F.T.C. 648, 839, 840 (1984),
*aff'd*, 791 F.2d 189 (D.C. Cir. 1986) ....................................................................9

## INTRODUCTION

Peggy Durant ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Big Lots, Inc. ("Defendant") for Attorney's Fees and Costs. ECF No. 35 ("Def. Mem.").

## FACTUAL BACKGROUND

Plaintiff filed this action on September 11, 2023, alleging that the representation "up to 210 suggested strength 6 fl oz servings" was misleading because she "followed the brew instructions and could not brew anywhere close to 210 cups." Complaint ("Compl.") ¶¶ 2, 7, ECF No. 1.

Following Defendant's Motion to Dismiss, the Court dismissed the Complaint with prejudice. *Durant v. Big Lots, Inc.*, No. 23-cv-561, 2024 WL 1826473, at *5 (M.D. Fla. Mar. 26, 2024)

Defendant now argues that "as the prevailing party, [it] should recover reasonable attorney's fees and costs," and that "[T]he Court should [] exercise its inherent authority to enter the fees against Ms. Durant's counsel, Mr. Spencer Sheehan." Def. Mem. at 9, 15. For several reasons, its Motion should be denied.

## LEGAL STANDARDS

The "traditional 'American rule,' [provides that] attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Rothenberg v. Security Management Co., Inc.*, 736 F.2d 1470, 1471 (11th Cir. 1984).

Limited exceptions to the "American Rule" are based on "[a] [C]ourt[']s 'inherent power' to assess attorney's fees as a fine for the willful disobedience of a court order, or when a losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975).

This authority "encompasses bad faith acts preceding and during litigation." *Kreager*, 775 F.2d at 1543 citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980).

Establishing "Bad faith presents a high bar," based on "clear and convincing evidence." *Caiazza v. Marceno*, No. 18-cv-784, 2021 WL 1193166, at *3 (M.D. Fla. Mar. 30, 2021); *JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 986 (11th Cir. 2017).

Such circumstances include those where "a...fraud has been practiced upon [a court], or that the very temple of justice has been defiled.'" *Price v. Lakeview Loan Servicing, LLC*, No. 19-cv-655, 2021 WL 1610097, at *14 (M.D. Fla. Apr. 26, 2021), *aff'd*, 2022 WL 896816 (11th Cir. Mar. 28, 2022). quoting *Chambers v. NASCO Inc.*, 501 U.S. 32, 46 (1991) .

Before "a 1994 amendment, FDUTPA provided for the mandatory award of reasonable attorney's fees to any prevailing party." *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. 4th DCA 2007).

Post-1994, "an award of prevailing party attorney's fees [was placed] within the discretion of the trial court," based on the "legislative recognition that mandatory fee awards had a chilling effect on consumer plaintiffs bringing suit under FDUTPA." *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971.

Though "the prevailing party 'may' receive his or her attorney's fees and costs," subject to a court's "considerable discretion." *Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*, No. 23-cv-61321, 2024 WL 693061, at *2-3 (S.D. Fla. Jan. 31, 2024) quoting Fla. Stat. § 501.2105(1); *Chow v. Chak Yam Chau*, 640 Fed. App'x 834, 838 (11th Cir. 2015).

Finally, though the "Florida misleading advertisement statute provides that '[a]ny person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees,'" it "explicitly provides courts with discretion to award [] prevailing party attorney's fees." *Simon Property Group, LP v. Taylor*, No. 20-14374, 2021 WL 4432686, at *3 (11th Cir. Sept. 27, 2021) quoting Fla. Stat. § 817.41(6); *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 03-cv-13377, 2011 WL 4382450, at *2 (M.D. Fla. Aug. 9, 2011).

3

While a single case exists where attorney's fees rested entirely on Fla. Stat. §

817.41(6), the late Judge Wilkie D. Ferguson, Jr., recognized this anomalous result,

because "Under no other section would a non-prevailing party, be it the government

or a private consumer, be liable for attorney's fees," "where the action is meritorious

and brought in good faith." *Whiteside v. Joseph Harris Co.*, 491 So. 2d 1215, 1216

(Fla. Dist. Ct. App. 1986); *Miami Lincoln Mercury, Inc. v. Kramer*, 399 So.2d 1003,

1005 (Fla. 3d DCA 1981) (dissenting) (describing it as "contrary to the intent of the

statute.").

## ARGUMENT

## I.   FDUTPA FACTORS DO NOT WEIGH IN FAVOR OF AWARD OF FEES

Though Defendant identifies the "non-exhaustive list of seven [equitable]

factors" considered by Courts in determining whether deciding whether to grant fees,

however, "these factors weigh heavily [against] a fee award to Big Lots." Def. Mem.

at 11 citing *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 (Fla.

2013), *Massive Transit*, 2024 WL 693061, at *3, and *Humane Soc'y*, 951 So. 2d at

971-72.

These factors include "(1) the scope and history of the litigation; (2) the ability

of the opposing party to satisfy an award of fees; (3) whether an award of fees against

the opposing party would deter others from acting in similar circumstances; (4) the

merits of the respective positions—including the degree of the opposing party's

4

culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Humane Society*, 951 So. 2d at 971-72; *see, e.g.*, *Chow*, 640 Fed. App'x at 839 (citing *Humane Society* and listing the seven factors); *Colomar v. Mercy Hosp., Inc.*, No. 05-cv-22409, 2008 WL 4459383, at *2 (S.D. Fla. Sept. 29, 2008)  ("Significantly, the award of fees and costs is not mandatory under the FDUTPA, but rather a matter committed solely to the discretion of the trial court."); *Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-cv-81501, 2022 WL 1537757, at *5 (S.D. Fla. May 12, 2022) ("Once a trial court has concluded that a party is the prevailing party under a FDUTPA claim, it may utilize its discretion to award both attorney's fees and costs").

A.  Scope and History of Litigation

Defendant's assertion that "the litigation's scope and history favor Big Lots" because Attorney Sheehan "filed a nearly identical lawsuit [] in the Western District of New York, which the court dismissed," is misplaced, because this action was not filed by Attorney Sheehan but by Attorney William Wright. Def. Mem. at 11-12 citing *Armstrong v. Knauf Gips KG*, No. 21-cv-2771, 2023 WL 9196688, at *4-6 (M.D. Fla. Oct. 23, 2023) and *Devey v. Big Lots, Inc.*, 635 F Supp. 3d 205, 212 (W.D.N.Y. 2022).

5

While Attorney Sheehan's name was on the Complaint, the docket does not indicate "[he] move[d] for special admission in [this] case." Loc. R. 2.01(c). Nor is there any assertion that Attorney Sheehan "move[d] for temporary admission lasting no longer than thirty days." Loc. R. 2.01(d).

Though the Complaint "designate[d] only one 'lead counsel'" in Attorney Wright, and "serve[d] as [his] appearance in [this] action," Attorney Sheehan did not file an appearance. Loc. R. 2.02(a)-(b)(1).

Unlike in *Armstrong*, where that "[P]laintiff's counsel…'refus[ed] to cooperate with [d]efendants in submitting a joint pretrial stipulation," the record here reflects that Attorney Wright and Defendant's Counsel "agree[d] that, due to their scheduling conflicts and preexisting commitments, good cause exists to extend the deadline to respond to the Motion to Dismiss, and to set other briefing and deadlines." *Armstrong*, 2023 WL 9196688, at *5 *compare with* ECF No. 18 at ¶¶ 5-8 ("The parties have agreed," "further agree," "parties agree")

This conduct is far removed from *Armstrong*, which "had been drawn out and made unreasonably contentious," based on those "plaintiffs consistently disregard[ing] the Court's procedures and requirements." *Armstrong*, 2023 WL 9196688, at *4.

In contrast to *Armstrong*, which involved "MDL (Multidistrict litigation) and [] six cases [] adjudicated in th[is] [] District," Attorney Wright was not involved in

6

the *Devey* action. *Armstrong*, 2023 WL 9196688, at *4; Def. Mem. at 12 citing *Devey*, 635 F. Supp. 3d at 212.

Defendant appears to suggest that Plaintiff Durant should have joined her claims to Plaintiff Devey's, even though she is not a resident of New York. Even if this was required, notwithstanding the lack of coordination between either action, some courts have concluded that "[a] defendant[] plainly would not be subject to jurisdiction in a [New York] court on the claims arising from sales in [Florida]." *Howe v. Samsung Elecs. Am., Inc.*, No. 16-cv-386, 2018 WL 2212982, at *3 (N.D. Fla. Jan. 5, 2018) citing *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255, 259 (2017).

B.    Merits and Frivolousness

Though Defendant asserts "the merits of the claims and whether they were 'frivolous, unreasonable, [or] groundless'" support its request for attorney fees, "A losing argument is not the same as a frivolous one." Def. Mem. at 12 citing ECF No. 29 at 11; *Figueira v. Sch. Bd. of Miami-Dade County*, No. 06-cv-21828, 2009 WL 10697979, at *1 (S.D. Fla. Sept. 16, 2009)

What matters is whether the Complaint's allegations had a "reasonable factual basis." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) citing Fed. R. Civ. P. 11(b)(3).

Here, that "'up to 210 suggested strength 6 fl oz servings' [was misleading] when the brew instructions directions were followed" was supported by the BioGen Report, which the Complaint identified. Compl. ¶¶ 6, 8; Exhibit A.

The Report was based on measuring the average weight per serving, which concluded the number of servings was 152.1, a deficiency of 27.6%. Exhibit A.

While Defendant's package qualified its claim that it "makes up to 210 servings," "an FTC-commissioned study indicating that when marketers use the phrase "up to" in claims about their products, many consumers are likely to believe that they will achieve the maximum "up to" results."[1]

Given that an FDUTPA violation may be based on "The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission," Plaintiff's allegations had legal support. Fla. Stat. § 501.203(3)(b).

While the Court did not agree that the Plaintiff's reliance on the package's "subtle 'up to' statement" was sufficient to state a claim, the FTC concluded that such claims were anything but "subtle," as "a significant proportion of people in all of the ad treatment conditions, and particularly those exposed to the "up to" and "non up to" versions of the ad, believed that [] users would typically realize savings of

---

[1] FTC Report: Many Consumers Believe "Up To" Claims Promise Maximum Results, June 29, 2012 citing Manoj Hastak, Ph.D. and Dennis Murphy, Ph.D., Effects of a Bristol Windows Advertisement with an "Up To" Savings Claim on Consumer Take-Away and Beliefs

about [the 'up to' amount]." *Durant*, 2024 WL 1826473, at *5; *see* Hastak et al., at 19.

To conclude that Plaintiff's allegations were "frivolous" because she did not use "[the] several other options for brewing [such as] larger batches" would overlook that "consumers [like her] expect[ed] a 'reasonable basis' for [the up to 210] claim," even though Defendant lacked this. *Durant*, 2024 WL 1826473, at *5; *FTC Policy Statement Regarding Advertising Substantiation Program*, appended to *Thompson Med. Co.*, 104 F.T.C. 648, 839, 840 (1984), *aff'd*, 791 F.2d 189 (D.C. Cir. 1986)

In assessing the propriety of Rule 11 sanctions, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).

Even accepting that Plaintiff's allegations "were not powerful or persuasive," her reliance on established FTC standards mean she did not "lack[] a viable legal theory" and her claims were not "objectively frivolous." Def. Mem. at 12-13 citing *Procaps S.A. v. Patheon Inc.*, No. 12-cv-24356, 2017 WL 3536917, at *18 (S.D. Fla. Aug. 17, 2017); *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).

Finally, while the Court distinguished the facts in *Womick* from "the more ambiguous ceiling denoted by the "up to"" claim here, the acceptance of any ambiguity should weigh in her favor on the present Motion, because it should be

"construed against [Big Lots], the drafter." Durant, 2024 WL 1826473, at *4 citing *Womick v. Kroger Co.*, No. 21-cv-00574, 2022 WL 673095, at *3 (S.D. Ill. Mar. 7, 2022); *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1232 (S.D. Fla. 2014)

The plaintiff in *Womick* alleged that following brewing instructions for one cup, the product produced "approximately 173 cups of coffee, not 235 cups as the canister indicated." *Womick*, 2022 WL 673095, at *1. Additionally, when the plaintiff used the second brewing method to make ten cups of coffee, the product "produc[ed] less than the amount represented on the canister." *Womick*, 2022 WL 673095, at *1.

That court held that plaintiff's allegations met "the federal pleading standards" and "if proven, 'ma[de] relief more than merely speculative,'" because defendant's "unfair practice [made] consumers believe they [were] receiving the means to produce more coffee than the actual amount within each can." *Womick*, 2022 WL 673095, at *3.

10

C.     Deterrence of Similar Claims

Defendant's assertion that "[a] fee award [against Attorney Sheehan] [] would deter parties and counsel from adopting similar vexatious tactics" is misplaced for multiple reasons. Def. Mem. at 13 citing *Armstrong*, 2023 WL 9196688, at *9.[2]

First, though "the [Court's] inherent power extends to a full range of litigation abuses" such that it may not matter whether "[Attorney Sheehan] was not counsel of record," this still "must nevertheless 'comply with the mandates of due process.'" *JTR Enterprises*, 697 F. App'x at 986 quoting *Chambers*, 501 U.S. at 50.

There is no support that "due process requirements were satisfied [for Attorney Sheehan]," as he has not been served nor participated in this action beyond his name appearing on the Complaint. *JTR Enterprises*, 697 F. App'x at 986.

An award of attorney's fees under these circumstances would undermine consumer protection, even though the Court dismissed the Complaint, because it was reasonable to allege that "up to 210 cups" was misleading, even though other instructions purported to qualify this claim, since this is the type of "representation, omission, or practice" FDUTPA was designed to redress. *State v. Beach Blvd Auto. Inc.*, 139 So. 3d 380, 387 (Fla. Dist. Ct. App. 2014); Compl. ¶ 6.

---

[2] Defendant also makes reference to several now-dismissed cases filed by Mr. Sheehan: *Brownell v. Starbucks Coffee Co. (Brownell I)*, 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023), *Guzman v. Walmart, Inc.*, No. 22-cv-3465, 2023 WL 4535903, at *1 (N.D. Ill. May 15, 2023), *Reyes v. Upfield US Inc.*, No. 22-cv-6722, 2023 WL 6276685, at *13 n.5 (S.D.N.Y. Sept. 26, 2023), *Van Orden v. Hikari Sales U.S.A., Inc.*, No. 22-cv-504, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023), and *Gordon v. Target Corp.*, No. 20-cv-9589, 2022 WL 836773, at *9 n.3 & 19 n.11 (S.D.N.Y. Mar. 18, 2022).

Furthermore, there "is no evidence that [Plaintiff] advanced a known frivolous [cause of action] or delayed proceedings," another factor weighing against an award of fees. *See Am. Registry, LLC v. Hanaw*, No. 13-cv-352, 2015 WL 5687693, at *5 (M.D. Fla. Sept. 25, 2015).

Indeed, the "deterrence" prong of this analysis is not directed at Plaintiff's counsel in this action, but rather to "deter similarly situated litigants from bringing meritless, duplicative, or time-barred FDUTPA claims." Def. Mem. at 13 ("A fee award here would deter parties [] from adopting similar vexatious tactics."); *Armstrong*, 2023 WL 9196688, at *8.

Defendant does not explain how an award of fees here would deter other parties from bringing FDUTPA claims that they believed to be legitimate at the time the action was commenced.

That one court in the Western District of New York has already declined to permit similar allegations to proceed past the pleading stage has no bearing on this Court, as "the decisions of one circuit are not binding on other circuits." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

That a federal court in Florida has already dismissed the Complaint should serve as a sufficient deterrent for potential plaintiffs wishing to challenge the Product at issue here in another Florida court.

## II.     FLA. STAT. 817.41(6) DOES NOT SUPPORT ATTORNEY FEES

Defendant argues that it "is the 'prevailing party' on its false advertising claim," which "provides attorney's fees to any prevailing party," therefore "fees are mandatory, and the 'court's discretion' is 'eliminated.'"  Def. Mem. at 10 citing *Rath v. Marcoski*, 898 F.3d 1306, 1310 (11th Cir. 2018), *Whiteside v. Joseph Harris Co.*, 491 So. 2d 1215, 1216 (Fla. Dist. Ct. App. 1986), *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 03-cv-13377, 2011 WL 4382450, at *6 (M.D. Fla. Aug. 9, 2011), and Fla. Stat. § 817.41(6).

Defendant proffered the definitions of a "prevailing party" as "the one that 'prevail[ed] on the significant issues in the litigation,'" but the False Advertising statute does not use the phrase "prevailing party." Def. Mem. at 9 citing *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Instead, the statute uses the phrase "person prevailing in a civil action for violation of this section." Fla. Stat. § 817.41(6).

The wording of the statute goes on to describe other relief available to plaintiffs, who "may be awarded punitive damages in addition to actual damages proven." Fla. Stat. § 817.41(6).

The language of the statute makes it clear that the intent was to give potential plaintiffs multiple vehicles of recovery against a defendant found liable under the statute. To permit Defendant to use this statute in an attempt to prevent potential

13

plaintiffs from bringing suits against it for False Advertising claims would be contradictory to the intent of the legislature.

In addition, the "prevailing party" in *Baby Buddies* was granted an award of attorney's fees mainly based on his "objectively unreasonable" "pursuit of its copyright infringement claim," not solely on the inadequacy of a False Advertising claim brought under Fla. Stat. § 817.41(6); *see Baby Buddies*, 2011 WL 4382450, at *2.

The only case cited to in which a defendant was awarded attorney's fees solely based on Fla. Stat. § 817.41 was decided in 1986, when the FDUTPA still provided for a mandatory award of attorney's fees to the prevailing party. Def. Mem. at 10 citing *Whiteside*, 491 So. 2d at 1215. However, after a 1994 amendment to the statute, the award of attorney's fees and costs to a prevailing party was placed within the discretion of the court. *See, e.g.*, *Humane Soc'y*, 951 So. 2d at 971.

Indeed, it would be inappropriate to leave the determination for an award of fees for a FDUTPA claim in the "Court's discretion," but mandatory for a claim of False and Misleading Advertising, particularly where the Court dismissed the latter claim for the same reasons as the FDUTPA claim. Def. Mem. at 10 citing *Rath*, 898 F.3d at 1310; ECF No. 29 ("For the same reasons set out above, Plaintiff's Count II claim for False and Misleading Advertising fails to plausibly allege a

14

misrepresentation of material fact and is therefore to be DISMISSED with prejudice.").

Furthermore, as noted in *Baby Buddies*, "under [Fla. Stat. §] 817.41[], a party prevailing in a civil action for violation of Florida's misleading advertising statute *may* obtain an award of costs, including reasonable attorney's fees." *Baby Buddies*, 2011 WL 4382450, at *2 (emphasis added) (noting that the statute "explicitly provides courts with discretion to award a prevailing party attorney's fees").

## III. GOOD FAITH BASIS FOR ALLEGATIONS WEIGHS STRONGLY AGAINST SANCTIONS

The Court's inherent power to impose sanctions "is both broader and narrower than other means of imposing sanctions" - while the other sanction mechanisms only reach certain individuals or conduct, "the inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Chambers*, 501 U.S. at 46.

Indeed, the inherent power of a court "'can be invoked even if procedural rules exist which sanction the same conduct,' for these rules are not substitutes for the inherent power." *Glatter v. Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). Concomitantly, the inherent power's bad faith standard narrows the range of conduct that can satisfy this higher threshold for sanctions. *Peer*, 606 F.3d at 1314-15 citing *Chambers*, 501 U.S. at 47.

Generally, if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power. *See* Fed. R. Civ. P. 11, advisory committee note of 1993.

Since Defendant has not moved under Rule 11, the Court should decline its request to impose similar sanctions under different authority.

Similarly, "when bad faith conduct in the course of litigation could be adequately sanctioned under the rules, the court ordinarily should rely on the rules and not on its inherent power." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1278 (M.D. Fla. 2003).

When considering sanctions under the court's inherent power, the threshold of bad faith conduct "is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007).

A.   No Evidence of Bad Faith

Defendant argues that counsel's "vexatious litigation history is evidence of bad faith here," pointing to "[s]everal courts [which] have admonished Mr. Sheehan for filing repeat, frivolous complaints and explicitly warned him that his continued conduct would subject him to sanctions." Def. Mem. at 17 citing *Brownell*, 681 F. Supp. 3d at 42, *Guzman*, 2023 WL 4535903, at *1, *Reyes*, 2023 WL 6276685, at *13

n.5, *Van Orden*, 2023 WL 5336813, at *9, and *Gordon*, 2022 WL 836773, at *9 n.3 & 19 n.11.

Again, there is no credible support for showing Attorney Sheehan's involvement in this action. There is no record of his appearance via special admission or otherwise. Attempting to hold Attorney Wright accountable for another attorney's actions in other cases where Attorney Wright was not involved would violate his due process, since he does not have knowledge of what Defendant is alleging..

Moreover, the only Sanctions Order entered against Attorney Sheehan was in the *Brownell* action, where no final order has been entered, no penalties assessed, no appeal filed, or otherwise.

Further, that "Florida district courts have dismissed nearly all of [Attorney Wright's] recent cases that have reached a pleadings challenge - at least eleven (11) in the past two years," and "at least another eight (8) mislabeling cases in this district alone over the past year, which were either voluntarily dismissed or have not yet reached a pleadings ruling" is of no relevance in determining sanctions on Attorney Sheehan. Def. Mem. at 18 n.6 citing *McCoy v. Nestle USA, Inc.*, No. 23-cv-02218, 2024 WL 399480, at *5 (N.D. Fla. Feb. 1, 2024)[3], *Valiente v. Publix Super Mkts., Inc.*, No. 22-cv-22930, 2023 WL 3620538, at *7 (S.D. Fla. May 24, 2023), *Ramirez*

---

[3] This case was filed by Attorney Sheehan.

*v. Kraft Heinz Foods Co.*, 684 F. Supp. 3d 1253 (S.D. Fla. 2023), *Hernandez v. HP Inc.*, No. 22-cv-23482, 2023 U.S. Dist. LEXIS 89914, at *12 (S.D. Fla. May 23, 2023), *Amara v. Publix Supermarkets, Inc.*, No. 22-cv-367, 2022 WL 3357575, at *5 (M.D. Fla. Aug. 15, 2022); *Figueredo v. Tropicale Foods, LLC*, No. 23-cv-24177, 2024 WL 1462404, at *7 (S.D. Fla. Apr. 4, 2024), *Volinksy v. Lenovo (US) Inc.*, No. 23-cv-00250, 2024 WL 1299315, at *8 (M.D. Fla. Mar. 27, 2024), *Skzynear v. Upfield US, Inc.*, No. 23-cv-1277, 2024 WL 112003, at *3 (M.D. Fla. Jan. 10, 2024), *Inouye v. Adidas Am., Inc.*, No. 22-cv-416, 2023 WL 2351654, at *11 (M.D. Fla. Mar. 3, 2023), and *Goldstein v. Nonni's Foods LLC*, No. 22-cv-81462, 2023 U.S. Dist. LEXIS 34048, at *13 (S.D. Fla. Feb. 28, 2023).

Again, in none of the cases cited by Defendant did Attorney Sheehan file a Motion for Special Admission. In none of those cases was Attorney Sheehan "Lead Counsel."

Based on this history, Defendant urges the Court to conclude that "Mr. Sheehan filed this action with bad faith," even though Attorney Sheehan was never allowed to file actions in this Court. Def. Mem. at 19.

Regardless, "at the time the [C]omplaint was filed [Attorney Wright] had some good faith basis to believe that the claim was not objectively frivolous," as he "advanced a tenable or plausible legal position, based on his client's belief [that the

Product's labeling was misleading], [which] was not completely and utterly baseless." *Peer*, 606 F.3d at 1312.

Indeed, "[t]he standard for bad faith – and for conduct tantamount to bad faith under [28 U.S.C.] § 1927 – is higher than the standard for mere frivolousness," meaning "th[e] Court focuses primarily on [counsel's] conduct and motives, and not the validity of the case." *Boler*, 290 F. Supp. 2d at 1285 (explaining that the Court should only "exercise[] its inherent powers with restraint and discretion").

Here, "th[e] Court cannot say that [Plaintiff or Attorney Wright] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" as he did not "br[ing] the [] case for the purpose of harassing [Defendant], or to delay or disrupt the litigation." *Boler*, 290 F. Supp. 2d at 1285.

Even if the Court found the claims to be "implausible," it cannot find that Plaintiff brought the claims "maliciously or in subjective bad faith," that he "willfully abused the judicial process, or that he knowingly or recklessly filed a frivolous claim." *Boler*, 290 F. Supp. 2d at 1285.

The Court in *Boler* reasoned that it "is hesitant to find a case frivolous and to award fees against the plaintiffs unless plaintiffs refuse to acknowledge clear precedent or assert a claim which is based knowingly on a nonexistent interest." *Boler*, 290 F. Supp. 2d at 1285.

B.      <u>One Analogous Action Does Not Render Plaintiff's Claims Frivolous</u>

Defendant argues that the existence of a "near-identical lawsuit in the Western District of New York" filed by Attorney Sheehan renders Plaintiff's Complaint "legally frivolous" as it is purportedly "based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law." Def. Mem. at 19-20 citing *Devey*, 635 F. Supp. 3d at 212 and *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

However, in both the present action and in *Devey*, the courts recognized that "when brewed in larger batches the Product yields at least 190 six-ounce servings, [which is] a 9.5% reduction from the supposed maximum of 210." ECF No. 29 at 7; *see also Devey*, 635 F. Supp. 3d at 212 ("a consumer following a brewing method listed on the Product's label could brew [] 90% of the maximum 'up to 120 suggested strength 6 fl. oz. servings' described on the Product").

While both courts decided that this disparity was not significant enough to mislead reasonable consumers, this does not render the allegations as having "no reasonable chance of success." Def. Mem. at 21 citing *Worldwide*, 87 F.3d at 1254 and *Calderon v. Merch. & S. Bank*, No. 13-cv-085, 2013 WL 5798565, at *6 (M.D. Fla. Oct. 28, 2013).

Furthermore, while "the decisions of one circuit are not binding on other circuits," meaning that the decision in *Devey* had no preclusive effect here, several

20

courts around the country have permitted similar "up to" claims to proceed past the pleading stage. *Point Conversions*, 2021 WL 5804319, at *6 quoting *Bonner*, 661 F.2d at 1209; *see also Arthur v. United Indus. Corp.*, No. 17-cv-06983, 2018 WL 1472500, at *5 (C.D. Cal. Mar. 23, 2018) (holding that "held that "whether [] labels [like 'makes up to_ gallons'] are likely to deceive a reasonable consumer is more appropriately resolved on a motion for summary judgment or motion for class certification") citing *Martin v. Monsanto Co.*, No. 16-cv-2168, 2017 WL 659014, at *5 (C.D. Cal. Feb. 16, 2017) (defendant's motion to dismiss plaintiff's CLRA, FAL, and UCL claims was denied); *Rawa v. Monsanto Co.*, No. 17-cv-01252, 2017 WL 3392090, at *6 (E.D. Mo. Aug. 7, 2017) (denying dismissal based on "up to" claims in context of concentration and dilution ratio); *Mee v. I A Nutrition*, No. 14-cv-05006, 2015 WL 4776301, at *6 (N.D. Cal. Aug. 13, 2015) (declining dismissal where 66 grams of protein promoted on front required two cups of whole milk, disclosed on back); *Ashton v. J.M. Smucker Co.*, No. 20-cv-00992, 2020 WL 8575140, at *9-10 (C.D. Cal. Dec. 16, 2020) (while "it [was] [] possible that consumers would expect ["make up to 240 cups"]" to  mean the product would be "able to make the represented servings following the recommended brewing instructions," whether a "business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]").

Nevertheless, the court in *Devey* acknowledged that "there is no fixed 'bright line' as to the precise point where a yield representation for a product intended to be prepared in varying strengths becomes a misrepresentation so material as to mislead a reasonable consumer." *Devey*, 635 F. Supp. 3d at 212.

That court's acknowledgment is evident in *Arthur* where a concentrated bottle of herbicide was represented as "capable of making a certain number of galleons." *Arthur*, 2018 WL 1472500, at *7. Although the product's label included "three different 'amount to use' options," the court held "that the allegations sufficiently stat[ed] claims for violations" because "they fail[ed] to explicitly state which option produc[ed] the 'makes up to'" it advertised. *Arthur*, 2018 WL 1472500, at *7.

It "appear[ed] [to the court] that the three mixing options could result in confusion, as consumers would need to either calculate the ready-to-use quantities of all mixing options or guess which mixing option creates the 'makes up to' amount provided on the front label." *Arthur*, 2018 WL 1472500, at *7.

Though the Court here ultimately dismissed Plaintiff's allegations, it cannot be said that the allegations were "based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law." Def. Mem. at 20 citing *Worldwide*, 87 F.3d at 1254.

22

C.    Fraud and Warranty Claims Were Withdrawn

Plaintiff's Memorandum in Opposition withdrew her fraud and express warranty claims. ECF No. 21 at 6.

Nevertheless, Defendant's assertion that Plaintiff "filed a breach of express warranty claim despite failing to sufficiently allege the requisite pre-suit notice," disregards that Fla. Stat. § 672.607(3)(a) makes no reference to any legal action. Def. Mem. at 22 citing *Valiente v. Unilever U.S., Inc.*, No. 22-cv-21507, 2022 WL 18587887, at *17 (S.D. Fla. Dec. 8, 2022).

Plaintiff purchased the Product "between August 2019 and the present," and "within a *reasonable time after* she discover[ed]…[the] breach notif[ied] the seller," by filing this action in September 2023. Fla. Stat. § 672.607(3) (emphasis added); *see also Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1323 (S.D. Fla. 2020) (noting that Florida courts have determined that the notice requirement does not apply where a defendant is also the manufacturer of the product); Compl. ¶ 45.

Defendant conflates Attorney Sheehan with Plaintiff Durant, arguing that "Mr. Sheehan's fraud claim was barred by Florida's economic loss rule," which he purportedly "knew [] was barred under Florida law as a matter of law, and therefore frivolous, yet asserted it less than a year later." Def. Mem. at 23 citing *Valiente*, 2022 WL 18587887, at *20.

23

However, this disregards that that as an "Ohio Corporation" with "over 1,400 stores in 47 states" and an "outsized role in th[is] market," it was "in the business of supplying information for the guidance of others," creating a duty, "outside of a contract," which it breached. *Found. Resol. Corp. v. Aon Hewitt Inv. Consulting, Inc.*, No. 18-cv-458, 2019 WL 1931918, at *7 (M.D. Fla. May 1, 2019); *In re All Am. Semiconductor, Inc.*, 490 B.R. 418, 433 (Bankr. S.D. Fla. 2013); Compl. ¶¶ 29-30.

D.      Independent Laboratory Analysis

Lastly, Defendant's assertion that counsel "appears to have fabricated frivolous allegations that he conducted a pre-filing independent laboratory analysis of Big Lot's Ground Coffee," is defamatory and libelous. Def. Mem. at 23-24 citing *Elder v. Bimbo Bakeries USA, Inc.*, No. 21-cv-00637, 2023 WL 6382354, at *4 (S.D. Ill. Sept. 12, 2022); Exhibit A.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated:      May 29, 2024

                                                            Respectfully submitted,


                                                            The Wright Law Office, P.A.
                                                            /s/Will Wright
                                                            _____
                                                            Will Wright
                                                            willwright@wrightlawoffice.com
                                                            515 N Flagler Dr Ste P300
                                                            West Palm Beach FL 33401

Tel: (561) 514-0904

### Certificate of Service

I certify that on May 29, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Will Wright