UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| PEGGY DURANT, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BIG LOTS, INC.,<br><br>　　　　　　Defendant. | Case No. **5:23-cv-00561-GAP-PRL**<br><br>**DEFENDANT BIG LOTS, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS** |

### REPLY IN SUPPORT OF DEFENDANT BIG LOTS INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS

# **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................1

II. THE COURT SHOULD GRANT BIG LOTS'S MOTION. .........................2

    A. The Court Should Order Fees Against Mr. Sheehan for Bad Faith. ........................................................................................................2

        1. Mr. Sheehan Can't Dodge Fees By Disclaiming Involvement. ..............................................................................2

        2. Mr. Sheehan Knew His Claims Were Frivolous. .........................5

            a. The Mislabeling Theory Was Legally Frivolous. ...............5

            b. The Common Law Claims Are Frivolous. .......................6

            c. The Testing Allegations Are Factually Frivolous..............6

    B. Big Lots Is Entitled to Mandatory Fees Under Fla. Stat. § 817.41.........7

    C. The Court Should Also Award Attorneys' Fees Under FDUTPA. ...................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Archer-W. Contractors, Ltd. v. DPA Indus., Inc.*,
    1991 WL 254413 (S.D. Fla. Aug. 1, 1991) ............................................................4

*Baby Buddies, Inc. v. Toys R Us, Inc.*,
    2011 WL 4382450 (M.D. Fla. Aug. 9, 2011) .......................................................7

*Devey v. Big Lots, Inc.*,
    635 F. Supp. 3d 205 (W.D.N.Y. 2022) ............................................................ 1, 3

*Guzman v. Walmart Inc.*,
    2023 WL 4535903 (N.D. Ill. May 15, 2023) .......................................................2

*Gwinn v. Laird Superfood, Inc.*,
    2023 WL 5827634 (S.D.N.Y. Sept. 8, 2023) .......................................................7

*Hernandez v. HP Inc.*,
    2023 U.S. Dist. LEXIS 89914 (S.D. Fla. May 23, 2023) ....................................6

*Kingdomware Techs., Inc. v. U.S.*,
    579 U.S. 162 (2016) .............................................................................................7

*Kuenzig v. Kraft Foods, Inc.*,
    2011 WL 4031141 (M.D. Fla. Sept. 12, 2011) ....................................................5

*Simon Prop. Grp. v. Taylor*,
    2021 WL 4432686 (11th Cir. Sept. 27, 2021) .....................................................7

*Tanner v. JPMorgan Chase Bank USA, N.A.*,
    2016 WL 447615 (M.D. Ga. Feb. 4, 2016) .........................................................5

*Thomas v. Tenneco Packaging Co.*,
    293 F.3d 1306 (11th Cir. 2002) ...........................................................................5

*Van Orden v. Hikari Sales USA, Inc.*,
    2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) ....................................................6

*Whiteside v. Joseph Harris Co.*,
    941 So.2d 1215 (Fla. Dist. Ct. App. 1986) ..........................................................7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

**Statutes**

Fl. Stat.
    § 817.41 ............................................................................................................... 7
    § 817.41(6) .......................................................................................................... 7

**Rules**

Local Rule
    Rule 2.01(a) ........................................................................................................ 4
    Rule 2.02(b)(1) ....................................................................................................

**Other Authorities**

Larson, *You've Been Served*, The New Yorker (Sept. 4, 2023) ...................................... 2

## I.   PRELIMINARY STATEMENT

Spencer Sheehan's Opposition, filed via his local counsel purportedly on behalf of Ms. Durant, does not substantially dispute Big Lots's entitlement mandatory fees. Instead, Mr. Sheehan (using local counsel as a mouthpiece) spends most of his brief saying any fee award should not apply against himself. To deflect from his responsibility for causing Big Lots to spend more than $130,000 to defend frivolous claims, Mr. Sheehan spews factual misrepresentations, false quotations, and mischaracterizations of the law in an effort to escape a mandatory fee award. Unable to justify his vexatious litigation history, prior sanctions order, or the merit of his claims, Mr. Sheehan rests his defense on the biggest misrepresentation of all: that he was not "involve[d]," never "appeared," nor was "served" in this case.

Nonsense. Mr. Sheehan's incredible response only emphasizes why fees are warranted. Contrary to his claims, Mr. Sheehan filed and argued the near identical predecessor suit (*Devey v. Big Lots*) in New York. Here, he was named as plaintiff's counsel on nearly all filings. He participated in a meet and confer call on behalf of Ms. Durant, even defending his laboratory allegations. He sent emails on behalf of Ms. Durant discussing the motion to dismiss briefing schedule and reply. He received CM/ECF service for the filings in this case on behalf of Ms. Durant. Canner Decl. ¶¶ 2–5, Exs. 1–3.[1] And Ms. Durant's Disclosure Statement identifies "Plaintiff's Counsel, The Wright Law Office, P.A. and Sheehan & Associates, P.C." as parties with potential interests in the case outcome, meaning Mr. Sheehan fully

---

[1] References to Exhibits in this Reply are to the concurrently-filed Declaration of Heather Canner.

expected a fee award if he won. He can't have it both ways—the puppet master entitled to fees if he wins, but an uninvolved third-party when he loses. Worse, he admits that, by never moving for special admission in this or other cases in this district, he routinely engages in the unauthorized practice of law.

If this case doesn't warrant fees assessed against counsel, none would. Mr. Sheehan will continue filing frivolous cases, and lying to the court, with impunity until he faces consequences—and he admits as much. When a journalist asked him if "judges' warnings" of sanctions would stop his misconduct, he exclaimed "No!" Mot. 5, citing Larson, *You've Been Served*, The New Yorker (Sept. 4, 2023). A persistent drain on Court and party resources around the country, Mr. Sheehan "has become a wrecking ball when it comes to imposing attorneys' fees." *See Guzman v. Walmart Inc.*, 2023 WL 4535903, at *3–4 (N.D. Ill. May 15, 2023).

Only a fees assessment will stop him. For these reasons—and the merits of the fee motion, which the he barely addresses—the Court should grant the Motion.

## II.   THE COURT SHOULD GRANT BIG LOTS'S MOTION.

### A.   The Court Should Order Fees Against Mr. Sheehan for Bad Faith.

#### 1.   Mr. Sheehan Can't Dodge Fees By Disclaiming Involvement.

Big Lots laid out extensive evidence of Mr. Sheehan's bad faith in this and other actions, including his recent tactic of omitting his name from filings to evade sanctions. Mot. 18–19. Rather than address this misconduct, counsel spends the bulk of the Opposition falsely claiming "there is no credible support for showing [his] involvement in this action." Opp. 17. Mr. Sheehan insults counsel and this Court

with numerous disingenuous statements about his supposed lack of involvement.

*First*, he claims "this action was not filed by Attorney Sheehan." Opp. 5. But Mr. Sheehan names himself as "counsel" on the Complaint and most of Ms. Durant's filings, including most recently, the February 21 Case Management Statement. Dkt. 1, 7, 8, 18, 25. Ms. Durant's Disclosure Statement specifically identifies "Plaintiff's Counsel, The Wright Law Office, P.A. and Sheehan & Associates, P.C." as having an interest in the case outcome. Dkt. 8. And Mr. Sheehan filed and argued the near-identical predecessor suit in New York, in which the court noted this exact fact pattern falls squarely into Sheehan's "cottage industry" of frivolous mislabeling cases nationwide. *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205, 213 & n.3 (W.D.N.Y. 2022). In Florida alone, Mr. Sheehan has filed at least twenty other cases using his local counsel as a frontman. Mot. 18 & nn. 6–7 (listing cases naming Sheehan as plaintiff's counsel).

*Second*, Mr. Sheehan contends he "did not file an appearance" and "[t]here is no record of his appearance" in this case. Opp. 5, 17. False. For starters, he has listed himself right on the PACER docket. And throughout the case, Mr. Sheehan named himself as counsel on the Complaint, Notice of Related Cases, Disclosure Statement, Stipulation, and Case Management Report. Local Rule 2.02(b)(1) makes clear a "lawyer's pleading, motion, or other paper serves as [his] appearance in an action."

*Third*, Mr. Sheehan represents he has "no[t] participated in this action beyond his name appearing in the Complaint." Opp. 11. Wrong again. Mr. Sheehan participated repeatedly in the action purportedly on behalf of Ms. Durant. This

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

includes the January 10, 2024 conferral for Big Lots's Motion to Dismiss, where he specifically defended his dubious testing allegations. Canner Decl. ¶ 2. He also conferred on behalf of Ms. Durant on January 23 in negotiating a briefing schedule (Ex. 1), and on February 5 regarding Big Lots's Motion for leave to reply (Ex. 2).

*Fourth*, he represents he has "not been served" "in this action." Opp. 11. False. Mr. Sheehan receives email CM/ECF notices, including of the Notice of Motion for Attorney's Fees and Costs—all of which result from his having listed himself as counsel beginning with the complaint and throughout the action. Ex. 3.

Mr. Sheehan's admissions show he is engaged in the unauthorized practice of law before this court. *See* Opp. 19 (Sheehan "was never allowed to file actions in this Court"). He admits he did not move for special admission, in violation of the Local Rules. Opp. 6, 17–18; L.R. 2.01(a) ("[S]pecial admission in the Middle District bar is necessary to practice in the Middle District."); *see Archer-W. Contractors, Ltd. v. DPA Indus., Inc.*, 1991 WL 254413, at *2 (S.D. Fla. Aug. 1, 1991) (appearing as counsel without *pro hac vice* admission constitutes "the unauthorized practice of law"). The Court even provided Notice that he was required to "File a Motion to Appear Pro Hac Vice." Dkt. 3. And Mr. Sheehan repeatedly represented his "Pro Hac Vice Application [was] Forthcoming." Dkt. 1, 7, 8. Instead, he apparently chose not to seek admission so he could later disclaim involvement in the case. By his own admission, he is engaged in the unauthorized practice of law in numerous other cases in Florida federal courts, too. Mot. 18 nn. 6–7 (listing cases); Opp. 18 ("in none of the cases cited … did Attorney Sheehan file a Motion for Special Admission").

4

In any case, as Mr. Sheehan admits, he need not be "counsel of record" for the court to assess fees, so long as he is afforded due process, which is the case here. Opp. 11; *see also Tanner v. JPMorgan Chase Bank USA, N.A.*, 2016 WL 447615, at *3–5 (M.D. Ga. Feb. 4, 2016) (awarding fees against counsel for not seeking *pro hac vice* admission). This is a standard fees motion, and Mr. Sheehan was served with the Motion and full notice (Ex. 3), had the opportunity to oppose in writing, and will appear at the hearing, which satisfy due process. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1321 (11th Cir. 2002).

Mr. Sheehan admits a dozen courts' "warnings" alone won't deter him. Mot. 5. A fee award against Mr. Sheehan is ***necessary*** to end his bad faith conduct.

### 2. Mr. Sheehan Knew His Claims Were Frivolous.

#### a. The Mislabeling Theory Was Legally Frivolous.

Mr. Sheehan barely addresses the entitlement to a fee award. For starters, the claims were frivolous (Mot. 19–21) and he doesn't effectively dispute this.

***First***, he cites the same cases this Court rejected in noting his theory was not one advanced by a "reputable lawyer." *Compare* Dkt. 29 at 11 *with* Opp. 7–10, 20–22 & Dkt. 21 (Opp. to Mot. to Dismiss).

***Second***, he cites a 2012 FTC Report regarding "up to" advertisements that the plaintiff cited in *Arthur*, 2018 WL 1472500, at *5, a case this Court expressly rejected. Dkt. 29 at 8–9. The FTC generally does not regulate *food labels* anyway, nor is the Report authoritative. *Kuenzig v. Kraft Foods, Inc.*, 2011 WL 4031141, at *10 (M.D. Fla. Sept. 12, 2011) (dismissing FDUTPA claim; FTC lacks "primary responsibility

for regulating food labeling"). Nor does the underlying study, involving a window ad promising "proven" savings of "up to 47%" on utilities, matter here. Mot. 19–21.

***Third***, he contends that because his pleadings suggest a 9.5% shortfall when following the other brewing instructions, his claim *might* succeed (Opp. 20–22)—but he didn't bring that claim. Instead, despite repeated warnings, he "ignore[d] other relevant language provided on the label." *Van Orden v. Hikari Sales USA, Inc.*, 2023 WL 5336813, at *10 (N.D.N.Y. Aug. 18, 2023) (admonishing Sheehan).

### b. The Common Law Claims Are Frivolous.

Mr. Sheehan also knew his fraud and breach of express warranty claims were frivolous on other grounds. Mot. 22–23. As to fraud, he cites inapposite cases that fail to show (as he must) a reasonable basis for believing the economic loss rule does not preclude the claim. Opp. 24. As to the warranty claim, Mr. Sheehan contends the Complaint gave "pre"-suit notice, an argument Florida courts roundly reject. *Hernandez v. HP Inc.*, 2023 U.S. Dist. LEXIS 89914, at *10 (S.D. Fla. May 23, 2023). He also misstates the law in arguing Big Lots was not entitled to notice, as the statute specifically requires notice for "sellers," like Big Lots. Opp. 23.

### c. The Testing Allegations Are Factually Frivolous.

Mr. Sheehan still cannot substantiate his allegations of an "independent laboratory analysis." Mot. 23–24. He files a purported "BioGen Report" that lacks authentication (Opp. 8, 24; Dkt. 37-1), and, in fact, it does not resemble an actual BioGen report, but instead an attorney-generated excel spreadsheet. For comparison, Big Lots attaches an authenticated BioGen report from another matter (though even

6

that far more comprehensive report was rejected as insufficiently supported). Exs. 4–5; *Gwinn v. Laird Superfood, Inc.*, 2023 WL 5827634, at *3–5 (S.D.N.Y. Sept. 8, 2023).

B.  **Big Lots Is Entitled to Mandatory Fees Under Fla. Stat. § 817.41.**

The rebuttals to mandatory fees under Fl. Stat. § 817.41(6) (Mot. 9) fail too.

*First*, courts award fees to defendants under this statute. *Cf.* Opp. at 4 & 13–14, citing, *e.g.*, *Whiteside v. Joseph Harris Co.*, 941 So.2d 1215, 1215 (Fla. Dist. Ct. App. 1986) (affirming fee award to defendants under Section 817.41(6)).

*Second*, Section 817.41(6) *was not* amended in 1994 to be discretionary, though Mr. Sheehan confuses it with the FDUTPA, a different statute that was so amended. Opp. 3–4, 13–15. To the contrary, Section 817.41(6)'s use of the word "shall" makes clear the fee award is mandatory. *See Kingdomware Techs., Inc. v. U.S.*, 579 U.S. 162, 172 (2016) ("'shall' … generally imposes a mandatory duty.").

*Third*, the Eleventh Circuit has not interpreted the statute to "explicitly provide courts with discretion." Opp. 3, citing to *Simon Prop. Grp. v. Taylor*, 2021 WL 4432686, at *3 (11th Cir. Sept. 27, 2021). This quote is from a district court case that describes *two* fee statutes in general terms—but still holds the defendant is "entitled" to fees. Opp. 3, citing *Baby Buddies, Inc. v. Toys R Us, Inc.*, 2011 WL 4382450, at *2 (M.D. Fla. Aug. 9, 2011). That case does not rewrite the statute's mandatory terms.

C.  **The Court Should Also Award Attorneys' Fees Under FDUTPA.**

Under the discretionary factors of the FDUTPA, Big Lots is also entitled to fees. Mot. 10–14. Ms. Durant recites the same arguments she asserts to dispute bad faith (Opp. 4–12), which fail as detailed *supra*.

Dated: June 14, 2024    DAVIS WRIGHT TREMAINE LLP

By: */s/Jacob M. Harper*
Jacob M. Harper (Lead Counsel)
Heather Canner
Joseph Elie-Meyers
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa St
Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
jacobharper@dwt.com
heathercanner@dwt.com
josepheliemeyers@dwt.com

*Attorneys for Defendant
Big Lots, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2024, the foregoing *Defendant Big Lots, Inc.'s Reply in Support of Motion for Attorney's Fees and Costs* was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

By: */s/ Jacob M. Harper*
    Jacob M. Harper
    DAVIS WRIGHT TREMAINE LLP