# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## OCALA DIVISION

|  |  |
|---|---|
| PEGGY DURANT, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>BIG LOTS, INC.,<br><br>       Defendant. | Case No. **5:23-cv-00561-GAP-PRL**<br><br>**DEFENDANT BIG LOTS, INC.'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>CRTM: 5A |

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................1

II.     THE FEES AND COSTS SOUGHT ARE UNDISPUTED .........................3

III.    EVEN IF DISPUTED, THE FEES SOUGHT ARE REASONABLE ..........4

        A.    The Overall Amounts Sought Are Reasonable. ...................................5

              1.    The Overall Motion to Dismiss Fees Are Reasonable................6

              2.    The Overall Fees for the Motion for Fees Are Reasonable..........8

        B.    Big Lots's Counsel's Rates and Hours Are Reasonable........................9

              1.    DWT's Rates Are Reasonable ....................................................9

              2.    DWT's Time Expended Is Reasonable.....................................18

        C.    The Court Should Apply a 25% an Upward Lodestar
              Adjustment..........................................................................................22

IV.     CONCLUSION ........................................................................................25

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Achva Vahava, LLC v. Anglo Irish Bank Corp. PLC*,
No. 10-80649-CIV, 2012 WL 13015034 (S.D. Fla. Aug. 2, 2012)......................14

*Am. Civ. Liberties Union of Georgia v. Barnes*,
168 F.3d 423 (11th Cir. 1999) ....................................................................*passim*

*Ashley Furniture v. Sheehan & Grasty*,
No. 37-2023-CA-002808 (Fl. 2d Cir. Ct. Dec. 14, 2023) ........................... 2, 7, 11

*Auglink Commc'ns, Inc. v. Canevari*,
932 So. 2d 338 (Fla. 5th Dist. Ct. App. 2006) ...............................................5, 19

*Brownell v. Starbucks Coffee Co.*,
2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023) ...................................................23

*Devey v. Big Lots, Inc.*,
635 F.Supp.3d 205 (W.D. N.Y. Oct. 12, 2022)........................................... 14, 16

*Dillard v. City of Greensboro*,
213 F.3d 1347 (11th Cir. 2000)..............................................................11, 12, 17

*Fla. Patient's Comp. Fund v. Rowe*,
472 So. 2d 1145 (Fla. 1985)........................................................................*passim*

*George v. Bed, Bath and Beyond*,
2005 WL 8159937 (M.D. Fla. Aug. 3, 2005) ....................................................22

*Gordon v. Target Corp.*,
2022 WL 836773, at *9 n.3 & 19 n.11
(S.D.N.Y. Mar. 18, 2022) .................................................................................23

*Grasty v. Ashley Furniture Industries LLC*, No. 4:22-cv-334, Doc. 11
(N.D. Fla. Dec. 20, 2022) ...................................................................................7

*GS Holistic, LLC v. Brother Pastor LLC*,
No. 8:22-CV-2179-VMC-TGW, 2023 WL 5720708
(M.D. Fla. Sept. 5, 2023) ...................................................................................5

*Guzman v. Walmart, Inc.*,
2023 WL 4535903 (N.D. Ill. May 15, 2023) ....................................................23

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Hartford Fire Ins. Co. v. N.Y. Mart Grp.*,
    2022 WL 3682082 (S.D. Fla. Mar. 21, 2022) ........................................................8

*In re Deepwater Horizon BELO Cases*,
    2022 WL 1037307 (N.D. Fla. Feb. 2, 2022) ........................................................8

*Joyce v. Fed. Nat'l Ins. Co.*,
    228 So. 3d 1122 (Fla. 2017).............................................................. 5, 11, 22

*Levine v. Keaster*,
    862 So.2d 876 (Fla. 4th Dist. Ct. App. 2003) ................................................ 5, 19

*Lizardi v. Federated Nat'l Ins. Co.*,
    322 So. 3d 184 (Fla. 2d Dist. Ct. App. 2021) ....................................................10

*Norman v. Hous. Auth. of City of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988)..............................................................9, 10, 22, 24

*Reyes v. Upfield US Inc.*,
    2023 WL 6276685 (S.D.N.Y. Sept. 26, 2023) ....................................................23

*Smith v. Casey*,
    2013 WL 12064517 (S.D. Fla. July 17, 2013), 2013 WL 12064519
    (S.D. Fla. Sept. 9, 2013)................................................................................19

*Smith v. Sch. Bd. of Palm Beach Cnty.*,
    981 So. 2d 6 (Fla. 4th Dist. Ct. App. 2007)........................................................10

*Van Orden v. Hikari Sales U.S.A., Inc.*,
    2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) ....................................................23

*Vital Pharm., Inc. v. Pepsico, Inc.*,
    2022 WL 2066406 (11th Cir. June 8, 2022) .................................................. 10, 14

**Rules**

Florida Rules of Professional Conduct 4-1.5(b) ........................................................6

Local Rule 7.01 ........................................................................................................4

Local Rule 7.01(c)(1) .......................................................................................... 1, 3

Local Rule 7.01(c)(2) ..............................................................................................4

Local Rule 7.01(c)(3) ..............................................................................................4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Rule 11 .................................................................................................................. 22

Rule 11(c)(2) .......................................................................................................... 5

**Other Authorities**

M.D. Fla. Local R. 7.01(c)(4)(C) ......................................................................... 19

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.    PRELIMINARY STATEMENT

In its order finding Mr. Spencer Sheehan engaged in "frivolous" and "bad faith" litigation in the putative class action against defendant Big Lots, Inc., the Court awarded Big Lots's request for reasonable fees and costs expended this litigation. Having reviewed in detail its fees incurred, Big Lots now seeks: (1) a total of ***$144,047*** in fees, consisting of $96,625 for its successful motion to dismiss, and $47,422 for its successful motion for fees; and (2) a 25% upward adjustment, amounting to an additional ***$36,011.75***, as a reflection of the extraordinary circumstances of this case.

Mr. Sheehan having (as the Court acknowledged) "drawn out and made []this matter . . . unreasonably contentious" (Dkt. 44 at 11), Big Lots respectfully submits the Court should enter an award of both—$144,047, plus the additional $36,011.75 upward adjustment, for a total award of **$180,058.75**—for several reasons.

First, the amounts sought are *undisputed.*  In compliance with the Court's orders (Dkt.45 and June 26, 2024 Hr'g Tr. 17:9–11) and Local Rule 7.01(c)(1), Big Lots met and conferred with opposing counsel to determine any disputed amounts.  Big Lots provided a detailed breakdown of fees via the accompanying spreadsheet for Mr. Sheehan and Mr. Wright to review, then held a telephonic conference with both to discuss.  Mr. Sheehan and Mr. Wright stated they would announce any objections by 6pm Eastern on Tuesday, July 10.  Mr. Sheehan and Mr. Wright offered no objections, instead stating:

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I have nothing to offer as comments at this time. Thank you.

Spencer

(Harper Decl. Ex. B at 1.)  Mr. Wright did not respond further.  Opposing counsel having failed to provide objections, no fees in this case are disputed.

Second, even if Mr. Sheehan or Mr. Wright had disputed the fees and costs, they are in fact reasonable.  For starters, the amounts sought are less than amounts spent on similar motions to dismiss putative class actions, including those filed by Mr. Sheehan.[1]  And the constituent elements of this request—rates charged and hours spent—are reasonable and well-supported by (a) required timesheets detailing time spent, (b) the 17-page declaration of a retained fee expert (Adam Schachter) analyzing the fee request, and (c) the additional foundational declaration of lead counsel (Jacob Harper) detailing the time actually spent and experience required to obtain this result.

Third, as to the 25% multiplier, extraordinary circumstances call for extraordinary measures.  Here, a multiplier is an appropriate exercise of the Court's authority to acknowledge the exceptional result here: obtaining fees against an opposing attorney who has time-and-time-again evaded court sanctions, and in the process uncovering previously unknown misconduct.

---

[1] Indeed, in another case brought in Florida—*Ashley Furniture v. Sheehan*—a former Sheehan defendant is seeking far more—over $116,000—in fees incurred in preparing a motion to dismiss that was never filed before Sheehan dismissed the case voluntarily.

2

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Big Lots respectfully requests the Court grant its undisputed application in full, for the fees reasonably incurred by Davis Wright Tremaine LLP (DWT) in defending Big Lots in this action.

## II.    THE FEES AND COSTS SOUGHT ARE UNDISPUTED

As an initial matter, the fee and cost request is undisputed.  The Court ordered, and the Local Rules require, that the party adverse to a fee application confer and object to the amount of fees sought in advance of the filing of the application.  Here, Opposing Counsel has failed to raise any objections whatsoever to the fees sought.

Pursuant to Local Rule 7.01(c)(1) and the Court's Order, on July 3, Big Lots's counsel emailed Ms. Durant's counsel, Messrs. Sheehan and Wright, to schedule a meet and confer call regarding Big Lots's fee application for July 8.  Harper Decl. ¶ 22 and Ex. B at 3.  Ms. Durant's counsel did not respond until July 8, eventually agreeing to a call at 4:00pm Eastern.  *Id.* ¶ 22.  Before the scheduled call, Big Lots sent Messrs. Wright and Sheehan a spreadsheet setting forth the billing time entries, including detailed narratives, time expended, and billing rates, for Big Lots's anticipated fee award leading to the *$144,047* total fees and costs sought, plus the 25% multiplier of *$36,011.75*.  *Id.* ¶ 24.  A spreadsheet that is identical in substance is attached as **Exhibit A** to the Declaration of Jacob Harper.  *Id.* ¶ 3.

As agreed, the parties then held a teleconference on July 8.  *Id.* ¶ 25.  Counsel for Big Lots (Jacob Harper) discussed the spreadsheet, explained its general parameters and function, and specifically highlighted the total amounts sought, including the

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

additional 25% upward lodestar multiplier. *Id.* Mr. Sheehan and Mr. Wright advised Big Lots's counsel that they would take 24 hours to review and provide their objections to Big Lots's requested fees by 6:00 p.m. ET the next day, July 9. *Id.* ¶ 26.

On July 9, Mr. Sheehan confirmed he had no objections, merely stating: "I have nothing to offer as comments at this time. Thank you." Mr. Wright likewise made no objections. *Id.* ¶¶ 26, 27 and Ex. B at 1.

Thus, this fee application appears to be undisputed. Framed in terms of Local Rule 7.01(c)(2), no "disputed issues" exists, and the Court has power to enter the fees sought as requested. Because Ms. Durant and her counsel do not dispute any amounts sought, Local Rule 7.01 does not contemplate further analysis. (*Cf.* L.R. 7.01(c)(3) (requiring memorandum only for "disputed" issue); *id.* 7.01(c)(4) (requiring timekeeping specifics only for "any disputed rate or hour"); *id.* 7.01(c)(5) (requiring specifics of expenses only if "disputed").

## III.   EVEN IF DISPUTED, THE FEES SOUGHT ARE REASONABLE

Even if the amounts were disputed, the fees sought are reasonable. Although not required by the Local Rules, Big Lots provides a brief analysis of its fee request below, based on Florida's requirements under *Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985), which generally requires the court assess (A) the overall nature of the case, (B) the reasonableness of rates charged, and (C) the reasonableness

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of hours expended.[2]   As described below, the rates charged, hours expended, and overall fees sought in this case are reasonable and should be awarded in full.

## A.   The Overall Amounts Sought Are Reasonable.

To start, the overall fee amounts Big Lots seeks to recover for its (1) Motion to Dismiss and (2) Motion for Attorneys' Fees are reasonable based on the circumstances of this case and counsel's representation, among other factors.[3]

"In determining reasonable attorneys' fees, courts" consider various "criteria," including "the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly," "[t]he amount involved and the results

---

[2] Under the *Rowe* lodestar method used to determine the reasonableness of fee awards as sanctions, the Court must set forth "specific findings" on the rate and hours determinations for its fee award to Big Lots, i.e., a reasonable hourly rate multiplied by the number of attorney hours reasonably expended. *Joyce v. Fed. Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017). As for the hours billed, the burden is on the opponent of the fee application to "point out with specificity which hours should be deducted." *Auglink Commc'ns, Inc. v. Canevari*, 932 So. 2d 338, 341 (Fla. 5th Dist. Ct. App. 2006) (citing *Levine v. Keaster*, 862 So.2d 876, 882 (Fla. 4th Dist. Ct. App. 2003)). Where appropriate, the Court may also adjust the total amount upwards based on the "results obtained." *Joyce*, 228 So. 3d at 1126. If the Court adjusts the lodestar amount in any way, "it must state the grounds on which it justifies the enhancement or reduction." *Id.* at 1126–27 (quoting *Rowe*, 472 So. 2d at 1151).

[3] Big Lots is entitled to recover its fees incurred for the Motion for Attorney's Fees and Costs, as such fees were necessary and are routinely awarded. *GS Holistic, LLC v. Brother Pastor LLC*, No. 8:22-CV-2179-VMC-TGW, 2023 WL 5720708, at *3 (M.D. Fla. Sept. 5, 2023) (awarding fees incurred in motion for sanctions and attendant fee application under Rule 11(c)(2)); *cf.* Dkt. 44 at 22 (granting Big Lots its attorney's fees and costs under the fee shifting provisions of the Florida statutes). In the interest of making a conservative request, this Application, does not include any fees on the instant Supplemental Motion, though Big Lots is entitled to request them as well. *GS Holistic*, 2023 WL 5720708, at *3.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

obtained," "[t]he nature and length of the professional relationship with the client," and "[t]he experience, reputation, and ability of the lawyer or lawyers performing the services." *Rowe,* 472 So. 2d at 1150; *accord* Fla. Rules of Prof. Conduct 4-1.5(b) (setting forth "Factors to be considered in determining reasonable fees and costs"). These factors demonstrate the reasonableness of Big Lots's overall fees, as supported by the concurrently-filed Declarations of Adam Schachter and Jacob Harper. Schachter Decl. ¶¶ 14–18; Harper Decl. ¶¶ 5-21.

### 1.    The Overall Motion to Dismiss Fees Are Reasonable.

*First*, Big Lots's $96,625 fee request for the Motion to Dismiss is a reasonable amount of fees for a motion to dismiss a consumer class action complaint.  Schacter Decl. ¶¶ 15-16, 18-20.  Counsel's quality of briefing and "results obtained"— complete dismissal with prejudice on the initial Motion to Dismiss—justifies the amount sought.  *Id.* ¶ 20.a.  Such a result is unusual, in that counsel obtained dismissal without leave to amend based on a single motion to dismiss; but courts rarely grant initial motions to dismiss without leave to amend, and this is true even with the other cases filed by Spencer Sheehan.  *Id.* ¶ 14.a.  In most cases, to achieve a dismissal with prejudice at the pleadings stage would require full briefing (including associated fees and time) on at least two motions to dismiss.  *Id.*  DWT's skill, including its effective and well-argued briefing led to this quick and decisive end to this litigation, without the need for discovery, class certification briefing, summary judgment, trial, or extraction of a large class-wide settlement.  *See id.* ¶¶ 14.a, 20.b.

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Second**, the $96,625 request for Big Lots's Motion to Dismiss practice is likewise reasonable in light of the $116,000 another defense counsel is seeking to recover just for drafting an opening brief to dismiss Mr. Sheehan's claims in the Northern District of Florida. *Id.* ¶ 20.c. That case, *Ashley Furniture v. Sheehan & Grasty*, No. 37-2023-CA-002808 (Fl. 2d Cir. Ct. Dec. 14, 2023), is an ongoing malicious prosecution case in the Second Judicial Circuit Court of Florida, in which the plaintiff seeks damages of over $116,000 for attorney's fees incurred in preparing a motion to dismiss that was never filed because Mr. Sheehan voluntarily dismissed an apparently frivolous prior case, *Grasty v. Ashley Furniture Industries LLC*, No. 4:22-cv-334, Doc. 11 (N.D. Fla. Dec. 20, 2022). In other words, another defendant appears to have incurred over $20,000 *more* than Big Lots for moving to dismiss a similarly baseless class action filed by Mr. Sheehan. *Id.* And, the motion to dismiss in that case was not fully briefed and had not reached the point of hearing and resolution, suggesting DWT's and Big Lots's motion was particularly efficient and effective. *Id.*

**Third**, comparing the "results obtained" to the potential "amount involved," *Rowe,* 472 So. 2d at 1150, which Ms. Durant alleged exceeded $5,000,000 (Compl. ¶ 14), dismissal of the case with prejudice for under $100,000 is eminently reasonable. Indeed, consumer class action cases, even when frivolous, typically require defendants to expend significant attorney's fees because of their procedural complexity and high potential damages exposure. Schachter Decl. ¶ 14.c. Even

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

arguably frivolous class actions have the effect of extorting often-large settlements from defendants in order to avoid bad publicity, the risk of a large certified class, and other factors increasing exposure.  *Id.*  The fee amount for dismissal, weighed against the "amount involved" likewise justifies a complete award of these fees.

### 2.   The Overall Fees for the Motion for Fees Are Reasonable.

*First*, the $47,422 requested for Big Lots's Motion for Attorney's Fees and Costs is likewise reasonable and justified.  Schachter Decl. ¶¶ 15, 17, 19, 21.  Again, counsel's briefs demonstrate exceptional "ability" and "requisite skill," *Rowe,* 472 So. 2d at 1150, as they were thorough and high-quality, and required counsel to conduct extensive research on Mr. Sheehan's lengthy litigation history.  Schachter Decl. ¶ 21. Counsel met the difficult showing required to demonstrate bad faith, which is a rare award.  *See, e.g.*, *Hartford Fire Ins. Co. v. N.Y. Mart Grp.*, 2022 WL 3682082, at *11 (S.D. Fla. Mar. 21, 2022) ("the burden for proving bad faith is high"); *In re Deepwater Horizon BELO Cases*, 2022 WL 1037307, at *4 (N.D. Fla. Feb. 2, 2022) (inherent authority to issue sanctions "must be … employed only in compelling situations or extraordinary circumstances").  Ms. Durant's opposition to the motion also included numerous misrepresentations, requiring Big Lots to submit a densely argued reply brief to correct the record.  Schachter Decl. ¶ 21.

*Second*, while many other defendants and firms have attempted to obtain sanctions against Mr. Sheehan, DWT was one of only two firms that have successfully obtained a sanctions order against Mr. Sheehan.  *Id.* ¶ 14.b.  DWT  was

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

specifically retained for its experience and expertise litigating cases brought by Mr. Sheehan, and with the express goal of deterring further frivolous actions by him.  *Id.* ¶ 14.c.  DWT has achieved this goal for its client, as the Court's ruling may substantially deter Mr. Sheehan from bringing additional frivolous actions against Big Lots (and others).  *Id.*  In light of this, its overall fees for the Motion is reasonable and in line with what attorneys that practice in this jurisdiction would expect for briefing of this quality in a case of this nature.  *Id.* ¶¶ 14.b, 21.

### B.    Big Lots's Counsel's Rates and Hours Are Reasonable.

In additional to the contextual reasons above, Big Lots's fee request is reasonable based on analysis of the two lodestart components—(1) billing rates and (2) hours expended are reasonable—based on the counsel's experience, representation, and results, among other factors.

#### 1.    DWT's Rates Are Reasonable.

Counsel's billing rates charged to Big Lots in this action are reasonable.  The party seeking fees "bears the burden of producing satisfactory evidence that the requested rate[s] [are] in line with prevailing market rates."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  "It is perfectly proper to award attorney's fees based solely on evidence in the form of "affidavits in the record."  *Id.* at 1303.

In assessing the reasonableness of hourly rates, courts look to the "relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and reputation." *Id.* at 1299; *accord Smith v. Sch. Bd. of Palm Beach Cnty.*, 981 So. 2d 6, 9 (Fla. 4th Dist. Ct. App. 2007); *Lizardi v. Federated Nat'l Ins. Co.*, 322 So. 3d 184, 188 (Fla. 2d Dist. Ct. App. 2021).  While courts ordinarily look to local rates for attorney's fee awards, courts in this Circuit have long recognized that fees from higher-rate markets may be reasonable if the attorneys have extensive prior experience with a particular factual situation and can create savings and efficiencies resulting from that prior experience. *See Am. Civ. Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999); *Vital Pharm., Inc. v. Pepsico, Inc.*, 2022 WL 2066406, at *7 (11th Cir. June 8, 2022) (unpub.) (similar).

Big Lots requests to recover fees based on the following rates actually charged to Big Lots:

| Timekeeper | Title | Year | Hourly Rate |
|---|---|---|---|
| Jacob Harper | Partner | 2023 | $825 |
| | | 2024 | $950 |
| Heather Canner | Counsel | 2023 | $715 |
| | | 2024 | $815 |
| Joseph Elie-Meyers | Associate | 2023 | $645 |
| | | 2024 | $725 |
| Emily Parsons | Associate | 2024 | $625 |

Harper Decl. ¶¶ 7-11; Schachter Decl. ¶¶ 22–27.[4]

---

[4] Three of the four timekeepers have differing rates in 2023 and 2024 because Davis Wright Tremaine's rates on this case increased January 1, 2024, in line with the increase in the market rate for attorneys of similar skill and experience.  Harper Dec. ¶ 6; *see also* Schachter Decl. ¶ 23.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

These rates are reasonable in light of counsel's experience and qualifications, including particularized experience with frivolous product mislabeling class actions brought by Mr. Sheehan.   Further, DWT's particularized experience with Mr. Sheehan and nearly identical prior cases brought by him warrant the award of rates above prevailing market rates in this District, pursuant to *Barnes,* 168 F.3d at 438.

### a. Counsel's Rates are Reasonable in Light of Their Experience and Qualifications.

Each of Big Lots's counsel are highly qualified, with particular skill and experience in federal litigation and in defending against consumer mislabeling class actions—all of which justifies the *actual* rates charged to Big Lots and *actually* paid in full.   Harper Decl. ¶¶ 2, 14.   What attorneys charge their "clients is powerful, and perhaps the best, evidence of [their] market rate; that is most likely to be what [they are] paid as 'determined by supply and demand.'"   *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000).   The Court should therefore award fees based on these rates.

Because of their experience, Big Lots's legal team at DWT was uniquely situated to provide both the "skill requisite to perform the legal service properly" and the "experience" and "ability" to tackle the tactics of Mr. Sheehan.   *Cf. Joyce*, 228 So. 3d at 1126 (quoting *Rowe*, 472 So. 2d at 1150 & n.5).   The team has experience with defending against consumer mislabeling class actions **brought by Mr. Sheehan** in at least seven other cases.   Schachter Decl. ¶ 24; Harper Decl. ¶¶ 5, 7, 8.   The team at DWT, including Mr. Harper and Ms. Canner, was hired  by  Big Lots and paid—at these

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

rates—specifically to defeat and deter Mr. Sheehan here.  Schachter Decl. ¶ 24; Harper Decl. ¶¶ 5, 7, 8.  Thus, Big Lots should be able to recover its fees using those rates.  *See Dillard*, 213 F.3d at 1355.

The background for each lawyer further justifies those rates.

**<u>Jacob Harper, Lead Counsel ($825/$950)</u>.**  Jacob Harper is a partner at DWT's Los Angeles office and Co-Chair of two leading national practices at DWT:  the Consumer Class Action Group, and the Food+Beverage Industry Group.  Schachter Decl. ¶ 24.a; Harper Decl. ¶ 7 and Ex. C.  He is ranked as one of the "Best Lawyers in America" for Food and Beverage.  *Id.*  Since receiving his J.D. in 2008 from the University of Chicago Law School, he has accrued over 15 years of experience defending consumer product mislabeling class actions, and has defended multiple clients against numerous class action complaints brought by Mr. Sheehan specifically. *Id.*  Mr. Harper's rates are conservative compared to other rates typically charged by other business litigators of Mr. Harper's experience and caliber based in Los Angeles and other large metropolitan areas.  *Id.*

**<u>Heather Canner ($715/$815)</u>.**  Heather Canner is Counsel at DWT's Los Angeles office.  Schachter Decl. ¶ 24.b; Harper Decl. ¶ 8 and Ex. D.  Ms. Canner graduated third in her class at Loyola Law School in 2013, *summa cum laude.  Id.*  She is also a Certified Public Accountant (inactive) with a Master's Degree in Accounting from the University of Florida.  *Id.*  Ms. Canner has extensive experience in consumer class action defense, including over five years representing retailers and food

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800
Fax: (213) 633-6899

manufacturers in consumer product mislabeling class actions, and in multiple cases brought by Mr. Sheehan specifically. *Id.* Ms. Canner's rates are conservative compared to other rates typically charged by other business litigators of Ms. Canner's experience and caliber based in Los Angeles and other large metropolitan areas. *Id.*

**Joseph Elie-Meyers ($645/$725).** Joseph Elie-Meyers is an Associate in DWT's Los Angeles office. Schachter Decl. ¶ 24.c; Harper Decl. ¶ 9 and Ex. E. Mr. Elie-Meyers graduated from Yale Law School in 2018. *Id.* He served as a term law clerk for the Honorable Beverly Martin of the United States Court of Appeals for the Eleventh Circuit as well as for the Honorable Jesus Bernal of the United States District Court for the Central District of California. *Id.* Mr. Elie-Meyers has extensive federal litigation experience, including in product mislabeling class actions. Mr. Elie-Meyers's rates are conservative compared to other rates typically charged by other business litigators of Mr. Elie-Meyers's experience and caliber based in Los Angeles and other large metropolitan areas. *Id.*

**Emily Parsons ($625).** Ms. Emily Parsons is an Associate in DWT's Seattle office. Schachter Decl. ¶ 24.d; Harper Decl. ¶ 10 and Ex. F. Ms. Parsons graduated from the University of Washington School of Law in 2020, and has experience in federal litigation, including in defending consumer products mislabeling class actions. *Id.* She served as a term law clerk for the Honorable Ronald M. Gould of the United States Court of Appeals for the Ninth Circuit. *Id.* Ms. Parsons's rates are conservative

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

compared to other rates typically charged by other business litigators of Ms. Parsons' experience and caliber based in Seattle and other large metropolitan areas.  *Id.*

### b.   Rates Above Prevailing Rates in this District are Reasonable Here.

Additional evidence and law supports the reasonableness of counsel's rates here, even though they are above the prevailing rates in the Middle District of Florida. Schachter Decl. ¶ 25. Such rates are justified where, as here, counsel based in another market has extensive prior experience with a particular factual situation that allow it to create savings and efficiencies for their client.  *See Barnes,* 168 F.3d at 438 ; *Vital Pharm., Inc.*, 2022 WL 2066406, at *7; *Achva Vahava, LLC v. Anglo Irish Bank Corp. PLC*, No. 10-80649-CIV, 2012 WL 13015034, at *3 (S.D. Fla. Aug. 2, 2012) (finding fees from higher-rate market justified under *Barnes* and in light of longstanding relationship between client and counsel).  An award of higher-rate fees to Big Lots is therefore herel, since DWT was retained based on its history of successfully defending Big Lots against nearly identical claims also brought by Mr. Sheehan in *Devey v. Big Lots, Inc.*, 635 F.Supp.3d 205, 215 (W.D. N.Y. Oct. 12, 2022).

*First*, counsel's specific expertise and experience in litigating against Mr. Sheehan justifies its rates.  Schachter Decl. ¶ 26.a; Harper Decl. ¶¶ 7, 8.  Mr. Sheehan has a long history of filing frivolous or meritless class action complaints across the country.  In this case in particular, he has submitted bad faith filings; making possibly unfounded allegations of laboratory testing in the Complaint; and pursued meritless claims against Big Lots in multiple jurisdictions, including outside of Florida.  *Id.*  In

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

light of Mr. Sheehan's demonstrated history of vexatious litigation, it was reasonable for Big Lots to seek out and retain outside counsel with specialized experience in defending against claims brought by Mr. Sheehan and litigants like him.  *Id.*  And given Mr. Sheehan's history of litigating in numerous jurisdictions,  it makes sense that such counsel maintains a national class action defense practice and did not happen to be based in the Middle District of Florida.  *Id.*

*Second*, Given DWT's relevant experience in defending against product mislabeling class actions brought by Mr. Sheehan specifically, they clearly had the requisite "extensive prior experience" with the particular facts of this case warranting out-of-market rates.  *See Barnes,* 168 F.3d at 438; Schachter Decl. ¶ 26.a; Harper Decl. ¶¶ 5-10.  As described above, counsel's specific experience and specialization here justify their billing rates.  Schachter Decl. ¶ 26.b; Harper Decl. ¶¶ 5-10. Mr. Harper and Ms. Canner in particular have extensive experience in federal litigation and specifically in defending retailers and food manufacturers from consumer mislabeling class actions around the country, including mislabeling class actions brought by Mr. Sheehan.  Schachter Decl. ¶ 26.b; Harper Decl. ¶¶ 5-8.  Even in the context of the national market, such qualifications and specialized experience is difficult to equal.  *Id.* Similarly, Joseph Elie-Meyers and Emily Parsons have broad federal litigation experience, strengthened by federal appellate clerkships.  Schachter Decl. ¶ 26.b; Harper Decl. ¶¶ 9-10.  The rates charged by Davis Wright Tremaine for these services are comparable to or lower than what attorneys regularly practicing in this jurisdiction

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

would expect from such specialized and experienced counsel.  Schachter Decl. ¶ 26.b;

Harper Decl. ¶¶ 5-11.

Third, DWT's litigation strategy and performance demonstrate that Big Lots's decision to retain specialized out-of-market counsel translated into an effective course of action that resulted in savings and efficiency gains to the client.  Schachter Decl. ¶ 25.c; Harper Decl. ¶¶ 18-21.  Because of their familiarity with Mr. Sheehan's tactics, counsel demanded production of the alleged "lab reports" early in the litigation. Schachter Decl. ¶ 25.c.  Counsel also quickly determined that the allegations in the Complaint were frivolous and moved to dismiss all claims with prejudice in light of the prior decision in *Devey v. Big Lots, Inc.*, 635 F.Supp.3d 205, 215 (W.D. N.Y. Oct. 12, 2022), where counsel from Davis Wright Tremaine had also secured early dismissal of nearly identical claims to those alleged here.  Schachter Decl. ¶ 25.c; Harper Decl. ¶¶ 18.  And Counsel also moved for, and won, attorneys fees, which many other litigants have failed to achieve against Mr. Sheehan.  Schachter Decl. ¶ 26.c.

Fourth, these choices bore fruit for Big Lots, as DWT was able to quickly secure dismissal of all claims with prejudice and without leave to amend, and then to secure an Order granting them reasonable fees and costs.  Schachter Decl. ¶ 26.c; Harper Decl. ¶ 18.  Less specialized counsel might not have pursued this direct path to victory. But DWT's specialized experience, as well as its effective and well-argued briefing, led to this quick and decisive end to this litigation, thus avoiding costly discovery, class

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

certification briefing, summary judgment, and trial, or extraction of a large class-wide settlement.  *See* Schacter Decl. ¶¶ 14.a, 20.b. This represents significant efficiency gains for Big Lots, warranting DWT's higher rates.  *Barnes,* 168 F.3d at 438.

*Fifth,* the rates counsel billed more accurately reflect the value of work spent than local rates in the Orlando area.  Schachter Decl. ¶ 25.  In this—based on rates typically charged by defense counsel retained by national corporations to defend them in consumer class actions that expose them to significant potential liability—the rates charged by DWT to defend this action are conservative.  Schachter Decl. ¶ 24.  As discussed above, for example, another firm incurred over $116,000 on an opening motion to dismiss alone in a comparable case in the Northern District of Florida file by Mr. Sheehan.  *Supra* at p. 7.  The billing rates Big Lots seeks to recover here are reasonable based on prevailing rates for similar services by lawyers of comparable skill, experience, and reputation, based on the considerations below, as well as the factors discussed *supra* in Section III.A.1 discussing the overall fee amount.  Schachter Decl. ¶ 24.

*Last,* DWT's rates were actually paid, even though most defendants in consumer class action litigation do not typically expect to recover attorney's fees and costs if they prevail.  Schachter Decl. ¶ 26.d; Harper Decl. ¶¶ 2, 14.  As noted *supra,* the actual rates charged and paid are "powerful, and perhaps the best, evidence of [the] market rate."  *Dillard*, 213 F.3d at 1355.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.    DWT's Time Expended Is Reasonable.

Big Lots seeks to recover fees for the time reasonably expended on its Motion to Dismiss—at least 121.8 hours—and its Motion for Attorney's Fees—at least 60.6 hours.  The time expended is reasonable and justified, as reflected in: (i) the time entry worksheet Big Lots submits as Exhibit A to the Declaration of Jacob Harper, which sets forth a task-by-task breakdown of the time spent for each task, a description of the task, and applicable billing rate; (b) Mr. Harper's declaration further detailing that work; and (c) Mr. Schachter's declaration concluding the time expended on both motions is reasonable (¶ 27).  As detailed below, the Court should award fees for all the hours claimed.

The hours for which Big Lots seeks the award are as follows, broken down by attorney and motion.

| Timekeeper | Title | Motion to Dismiss | | Motion for Fees & Costs | |
|---|---|---|---|---|---|
| | | Hours | Amount | Hours | Amount (50%) |
| J. Harper | Partner | 32.4 | $29.655 | 11.7 | $11,115 |
| H. Canner | Counsel | 28.5 | $22,937.50 | 29.5 | $24,042.50 |
| J. Elie-Meyers | Associate | 60.9 | $44,032.50 | 1.55 | $1,108.25 |
| E. Parsons | Associate | --- | --- | 17.85 | $11,156.25 |
| **Total** | | **121.8** | **$96,625** | **60.6** | **$47,422** |

Schachter Decl. ¶ 15; Harper Decl. ¶ 20.

As noted above, in accordance with Florida law, Big Lots has attached accurate, detailed records of the tasks Big Lots's attorneys performed and Big Lots requests to

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recover for so the Court can "accurately assess the labor involved" in these hours. *Rowe*, 472 So. 2d at 1150; *see also* M.D. FLA. LOCAL R. 7.01(c)(4)(C); Harper Decl. ¶ 3, Ex. A. Under the lodestar method, the burden is on the opponent of the fee application to "point out with specificity which hours should be deducted." *Auglink Commc'ns, Inc. v. Canevari*, 932 So. 2d 338, 341 (Fla. 5th Dist. Ct. App. 2006) (citing *Levine v. Keaster*, 862 So.2d 876, 882 (Fla. 4th Dist. Ct. App. 2003)). As explained, however, Ms. Durant's counsel has not objected to any time entry or requested any deduction. Nor is any deduction justified.

The overall hours spent on each Motion and that Big Lots seeks to recover—121.8 hours preparing the Motion to Dismiss and 60.6 hours preparing the Motion for Fees and Costs—are reasonable and in line with what seasoned attorneys in this jurisdiction would expect for such briefing, particularly in the context of a vexatious attorney with a history of bad faith and misleading litigation conduct. Schachter Decl. ¶ 27.e; *see also* Harper Decl. ¶¶ 18, 19; *e.g.*, *Smith v. Casey*, 2013 WL 12064517, at *7–8 (S.D. Fla. July 17, 2013), *report and recommendation adopted*, 2013 WL 12064519 (S.D. Fla. Sept. 9, 2013) (awarding fees for 121.2 hours spent on motion to dismiss).

In addition to the time entry records, Big Lots's counsel provides more details regarding the necessity and reasonableness of the time expended on these motions. Harper Decl. ¶¶ 18, 19. For the motion to dismiss, no less than **121.8 hours** of time were expended by the core litigation team in strategy, research, and drafting of the Motion to Dismiss, memorandum of law in support thereof, and supporting reply

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

brief.  *Id.*  Of that time, 81 hours were expended in preparing the initial motion to dismiss, which consisted of time spent researching the applicable law of this jurisdiction governing consumer product mislabeling claims, developing case strategy, and drafting, revising, and finalizing the opening brief. *Id.*  The 40.8 remaining hours were expended preparing the reply brief in support of the motion to dismiss, which consisted of preparing a motion for leave to file a reply brief, analyzing the arguments in Ms. Durant's opposition to the motion to dismiss, conducting supplemental legal research, and drafting, revising, and finalizing the reply brief.  *Id.*

For the motion for attorneys' fees and costs, no less than **60.6 hours** were expended by the core litigation team in researching and drafting the Motion for Attorneys' Fees and Costs and supporting briefing.  Harper Decl. ¶ 19.  Of that time, 36.9 hours were expended in preparing the initial Motion, which consisted of legal research regarding the availability of mandatory and discretionary fees under applicable law, research into Mr. Sheehan's history of litigation misconduct in prior cases, and drafting, revising, and finalizing the opening brief.  *Id.*  23.7 hours were spent preparing the reply brief in support of the Motion for Attorneys' Fees and Costs, which consisted of moving for leave to reply, conducting supplemental research into Mr. Sheehan's prior litigation conduct, conducting supplemental legal research, and drafting, revising, and finalizing the reply brief.  *Id.*

For both Motions, DWT relied primarily on skilled associate attorneys to perform primary drafting, with Mr. Elie-Meyers and Ms. Parsons handling most initial

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

drafting of the briefs in support of the Motions to Dismiss and for Attorney's Fees and Costs. Schachter Decl. ¶ 28.c; Harper Decl. Ex. A. Their efficiency was bolstered by their experience as federal circuit clerks, especially as to Mr. Elie-Meyers and his experience on the Eleventh Circuit. Schachter Decl. ¶ 26.b, c; Harper Decl. Ex. A The tasks billed by Mr. Harper and Ms. Canner, respectively Partner and Counsel at Davis Wright Tremaine, reflect significantly more time expended on reviewing drafts and case strategy, which is a reasonable and expected allocation of billable time based on Counsel's experience and rates. Schachter Decl. ¶ 28.c; Harper Decl. Ex. A.

Counsel compiled these hours based on a thorough review of billing records, and after eliminating any time entries that might be considered excessive, duplicative, clerical, or otherwise unreasonable. Harper Decl. ¶ 14; Schachter Decl. ¶ 28.a. The records are also documented in detailed, itemized descriptions of the work performed, as reflected in Exhibit A. *Id.* Counsel billed in six-minute increments and provided detailed narrative descriptions of each task for which they billed. *Id.* And although block billing of intertwined tasks is generally permissible, counsel broke down their narrative work descriptions into discrete tasks and its billing reports and do not reflect block billing. *Id.*

Further, Big Lots has removed certain time billed from its request to simplify this Motion and also to reduce the amount of total fees sought to an amount commensurate with fees typically deemed reasonable in the Middle District. Harper Decl. ¶ 15. Counsel specifically did not include any time billed for case management,

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

procedural motions, review of and compliance with the Local Rules, preparation for motions that ultimately were not filed (including research related to a contemplated Rule 11 sanctions motion), the review of filings of opposing counsel and orders of the Court, or certain strategy discussions and analysis.  Schachter Decl. ¶ 28.d; Harper Decl. ¶ 15.  This amount comprises over $25,000, which (though efficiently and properly billed overall) was not targeted specifically at work necessary to the motion to dismiss and motion for costs.  Schachter Decl. ¶ 28.d.

## C.    The Court Should Apply a 25% an Upward Lodestar Adjustment.

Last, Big Lots requests the Court apply an upward lodestar adjustment based on DWT's "exceptional" success in obtaining fees and sanctions against Mr. Sheehan, who has a  long history of successfully evading accountability for his serial misconduct—*and to deter further misconduct*.  After calculating a lodestar amount, courts may adjust the amount upward based on the "results obtained."  *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017).  "If the results obtained were exceptional, then some enhancement of the lodestar might be called for." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). Obtaining an upward adjustment requires that (1) the results were exceptional, meaning "out of the ordinary, unusual or rare" and (2) that "the quality of representation was superior to that which one would reasonably expect in light of the rates claimed." *Id. See also George v. Bed, Bath and Beyond*, 2005 WL 8159937, at *4 (M.D. Fla. Aug. 3, 2005) (same). Both requirements are satisfied here.

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*First*, the results in this case were exceptional.  As described in the Motion for Fees and Costs, Mr. Sheehan is notorious for filing numerous baseless consumer product mislabeling class actions around the country, often "peddl[ing] th[e] same theory time and again, in case after case, without much success[.]" *Guzman v. Walmart, Inc.*, 2023 WL 4535903, at *1 (N.D. Ill. May 15, 2023); *see also* Dkt. 35 at 3-6.  But even though Mr. Sheehan has publicly touted filing over 500 mislabeling lawsuits, resulting in a "chorus of courts" warning him to "abide by the standards and rules governing this profession" or face sanctions, Dkt. 44 at 12 n.8, 15[5], only a single court has previously issued sanctions against Mr. Sheehan – Judge Scullin of the Northern District of New York. *See Brownell v. Starbucks Coffee Co.*, 2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023).  This Court is now the second.

*Second*, measured against Mr. Sheehan's long history of unredressed misconduct, the nearly unique result obtained by Counsel in this matter is clearly "out of the ordinary, unusual or rare."  And it will also be "exceptional" in effect, as this Court's  imposition of fees on Mr. Sheehan (and, potentially, Mr. Wright) may finally deter him from his "intrangen[t]" insistence on continuing to file frivolous lawsuits around the country.  Dkt. 44 at 16.

---

[5] *See also Brownell v. Starbucks Coffee Co.* (*Brownell* I), 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023); *Guzman,* 2023 WL 4535903, at *2–3; *Reyes v. Upfield US Inc.,* 2023 WL 6276685, at *13 n.5 (S.D.N.Y. Sept. 26, 2023); *Van Orden v. Hikari Sales U.S.A., Inc.,* 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023); *Gordon v. Target Corp.,* 2022 WL 836773, at *9 n.3 & 19 n.11 (S.D.N.Y. Mar. 18, 2022).

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Third*, the quality of representation that led to this result was superior to what would be reasonably expected in light of the rates claimed by counsel. *Norman*, 836 F.2d at 1302.  DWT's particular expertise led directly to the exceptional result obtained here.  Because of DWT's extensive experience with product mislabeling class actions and with Mr. Sheehan in particular, DWT was able to expose Mr. Sheehan for having made unsupported allegations of "independent laboratory analysis" supporting Plaintiff's mislabeling claims, when there remains no basis to believe such analysis has been conducted.  *See* Dkt. 44 at 15 and n.12.  DWT's knowledge of Mr. Sheehan's history of vexatious litigation also led it to pursue an aggressive strategy resulting in an early dismissal with prejudice and without leave to amend.  *See* Schachter Decl. ¶ 26.c.

Familiar with Mr. Sheehan's history of evading sanctions and attempting to distance himself from his own frivolous lawsuits, DWT then aggressively pursued attorney's fees against Mr. Sheehan himself.  They did so even when such awards are typically not available to prevailing defendants in consumer class actions, and even though Mr. Sheehan has slipped the leash so many times before.  *Id.* ¶ 26.d.  In pursuing fees, DWT also uncovered new, previously undiscovered misconduct by Mr. Sheehan: his "unabashed violations of the Local Rules" in service of improperly maintaining a regular practice of law in Florida. Dkt. 44 at 19-20.  DWT attorneys did all of this while charging rates that are "conservative" compared to rates typically

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

charged by other litigators of their experience and caliber. *See* Schachter Decl. ¶ 23;

Harper Decl. ¶¶ 5-9.

## IV.   CONCLUSION

For the reasons stated above, the Court should grant this Supplemental Motion

and award Big Lots all of its requested fees, including the 25% upward lodestar

adjustment, for a total award of $180,058.75.

Dated: July 10, 2024              By: */s/ Jacob M. Harper*

                                  DAVIS WRIGHT TREMAINE LLP
                                  Jacob M. Harper (Lead Counsel)
                                  Heather Canner
                                  Joseph Elie-Meyers
                                  865 South Figueroa St
                                  Suite 2400
                                  Los Angeles, CA 90017
                                  Tel: (213) 633-6800
                                  jacobharper@dwt.com
                                  heathercanner@dwt.com
                                  josepheliemeyers@dwt.com

                                  *Attorneys for Defendant Big Lots, Inc.*

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-
2566
(213) 633-6800
Fax: (213) 633-6899

## Certificate of Service

I hereby certify that on July 10, 2024 the foregoing was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

By: */s/ Jacob M. Harper*
Jacob M. Harper

## Local Rule 7.01(c) and 3.01(g) Certification

I hereby certify that counsel for Plaintiff Peggy Durant and Defendant Big Lots, Inc. met and conferred via teleconference and through email on July 8–9, 2024 regarding Big Lots' Supplemental Motion for Attorney's Fees and Costs and Memorandum of Law, as described in this Motion.

By: */s/ Jacob M. Harper*
Jacob M. Harper

BIG LOTS' SUPP. MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899