# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PEGGY DURANT, individually and on
behalf of all others similarly situated,

Plaintiff,

- against -          5:23-cv-00561-GAP-PRL

BIG LOTS, INC.,

Defendant

## WILLIAM WRIGHT'S RESPONSE TO ORDER TO SHOW CAUSE

While granting Defendant's Motion for Attorney's Fees, Costs, and Sanctions, Judge Presnell issued an Order to Show Cause to Plaintiff's counsel, William Wright, as to why he should not be sanctioned alongside co-counsel Spencer Sheehan of Sheehan and Associates ("Sheehan"), for any role in Sheehan's misconduct in the above-referenced matter. (D.E. 44).

Counsel for Plaintiff Peggy Durant, William Wright of The Wright Law Office, P.A. ("Wright") respectfully submits this Response to Judge Presnell's Order to Show Cause and states as follows:

## I.   WRIGHT SHOULD NOT BE ASSESSED FEES, COSTS, OR OTHER SANCTIONS

### A. Wright was Unaware of the *Devey* Litigation

The *Devey v. Big Lots, Inc*. 635 F. Supp. 3d 205 (W.D.N.Y. 2022) ("*Devey*") litigation was filed in the Western District of New York in November of 2021, two years prior to the filing of *Durant v. Big Lots, Inc*. ("*Durant*"), and was dismissed over one year before the filing of the case before the Court.  The *Devey* Court deemed the allegations against Big Lots, Inc. as 'patently implausible' and dismissed the case with prejudice.  This Court's Order to Show Cause questioned whether Wright knew of the *Devey* litigation before filing the *Durant* case.

It is crucial to note that William Wright was not involved in the *Devey* litigation and had no knowledge of it. (See Wright Declaration attached). As stated in open court to the Honorable Judge Presnell, Wright was unaware of the *Devey* dismissal opinion until defense counsel cited it in their motion to dismiss the *Durant* matter.  Neither Sheehan nor defense counsel ever mentioned or discussed the *Devey* litigation with Wright, nor was *Devey* ever noticed as a related case.  Further, though aware that Sheehan is a prolific filer of consumer cases, Wright was unaware of the other opinions admonishing Sheehan's conduct referred to in Defendant's motion to dismiss or in this Court's opinion for fees and costs. Wright has never co-counseled cases with Sheehan outside of Florida.[1]

---

[1] Judge Presnell's Order cites *Brownell v. Starbucks Coffee Co*., No. 5:22-cv-1199-FSJ/ATB, Doc. 41 N.D.N.Y Nov 30, 2023, in footnote 12 (D.E. 44) and notes Wright as co-counsel. Wright was not a party to this case, or any cases Sheehan filed in jurisdictions other than Florida.

Wright should not be held responsible for 'willingly and knowingly' being a part of 'frivolous' or 'vexation' litigation when he was not an attorney in the *Devey* case and had no knowledge of the dismissal opinion. The *Devey* dismissal opinion is at the core of any vexatious or frivolous conduct and the basis for the defense counsel's claim for fees, costs, and sanctions. Absent the *Devey* decision, the *Durant* case is not frivolous or vexatious.[2] Similar class-action cases are often filed in other jurisdictions. But at the time of the *Durant* filing, Wright had no reason to believe Sheehan had previously filed the exact case and had already been admonished in the dismissal opinion.

## B. Defendant's Motion Does Not Seek Attorney's Fees or Costs from William Wright or The Wright Law Office, P.A.

Defense counsel filed a motion for attorney's fees and costs on June 15, 2024 (D.E. 11), but are not seeking any fees or costs from William Wright or The Wright Law Office, P.A.   In their preliminary statement, their motion states, "The Court should also exercise its inherent authority to enter the fees against Ms. Durant's counsel, Mr. Spencer Sheehan—a notorious serial filer of frivolous mislabeling

---

[2] District Judges have broad discretion for determining what constitutes a plausible case. In *Mier v. CVS Pharmacy, Inc*., No.: SA CV 20-01979-DOC-ADS, 2021 WL 1559367, at *1 (C.D. Cal. Mar. 22, 2021), the Court determined that Plaintiff stated a plausible claim and that CVS's labeling would deceive a reasonable consumer.  However, in *Piescik v. CVS Pharm., Inc.*, 576 F. Supp. 3d 1125, 1132 (S.D. Fla. 2021), despite the ruling in *Mier*, the Court found the opposite – that the same labeling could not mislead reasonable consumers.

claims—as he brought the claims here in bad faith." and further stating, "In sum, Mr. Sheehan acted in bad faith in several ways in filing this *second*, repeat frivolous action against Big Lots. The Court should recognize this bad faith, and sanction Mr. Sheehan to prevent a third repeat action." Wright never acted in bad faith.

In their memorandum and reply briefs to the motion for fees and costs, defense counsel never moves to include William Wright or The Wright Law Office, P.A. in requesting fees and costs. William Wright and The Wright Law Office, P.A. are never mentioned.  Every argument set forth by Defendant is directed solely to Spencer Sheehan and Sheehan & Associates, and every reference to prior conduct only discusses Spencer Sheehan and Sheehan & Associates, while William Wright and The Wright Law Office, P.A.'s conduct is never at issue.

Further, Defendant Big Lots, Inc. is represented by Davis Wright Tremaine LLP, a nationwide tier 1 law firm. The firm defended both the *Durant* and *Devey* cases and was led by a well-credentialed partner with decades of experience. Defense counsel found no reason to include William Wright or The Wright Law Office, P.A., in their client's motion for fees and costs. This speaks volumes about Wright's culpability in the *Durant* case and his knowledge of *Devey*. Defense counsel has the most thorough understanding of the facts. Had defense counsel thought Wright was in any way involved in frivolous or vexatious litigation, he undoubtedly would have been named in the motion for fees and costs.

4

Furthermore, defense counsel failed to move for fees and costs against Wright within the prescribed time frame allotted by the local rules.  Local rule 7.01(b) regarding attorney's fees and expenses states that a motion for entitlement must be filed within fourteen days of the entry of judgment.  Here, Defendant did not request fees or costs from Wright within the fourteen days.  Consequently, Defendant cannot recover fees and costs pursuant to Local Rule 7.01(b).

### 1.  Wright Objected to Fees and Costs Requested Against Wright

Defense counsel incorrectly asserts that their application for fees and costs was undisputed. Though fees were not sought from Wright, on June 28th (prior to the meet-and-confer referenced in the application), Wright and defense counsel Jacob Harper had an extensive telephone conversation. During the call, Wright stated to Mr. Harper that the call was Wright's meet-and-confer and that he objected to any fees or costs against Wright.

### C. Fees, Costs, or Other Sanctions Are Not Warranted Under the FDUTPA or False Advertising Statutes Against Wright

Defendant's motion for fees and costs against Sheehan sets forth the basis for the award under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.* applying the FDUTPA factors. These factors include "(1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy

an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Humane Society*, 951 So. 2d at 971-72.  None of these factors weigh against Wright.

Factor 1 – Scope and History of the Litigation

This factor unequivocally does not apply to William Wright or The Wright Law Office. Wright was never involved in any part of the *Devey* litigation and did not learn about the case until it was cited in Defendant's motion to dismiss.

Factors 4 and 5 – Merits and Frivolousness of the Claims

This factor carries no weight against Wright. Wright was unaware of the ruling in *Devey*. The allegations of the complaint were reasonable, and Wright had no reason to doubt the accuracy of the attached Biogen report. Without the ruling deeming the *Devey* case 'patently implausible,' the *Durant* complaint's allegations (coupled with the report by BioGen), Wright had a "reasonable factual basis." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) citing Fed. R. Civ. P. 11(b)(3).

Factor 3 - Deterrence of Similar Claims

As the Court cited, "fees would serve as a deterrent against…raising issues previously rejected…., seeking a second bite at the apple." *Armstrong v. Knauf Gips KG*, No. 21-cv-2771, 2023 WL 9196688 (M.D. Fla. Oct. 23, 2023). Wright was not involved in advancing 'previously rejected' issues because he never participated in and was never informed of the *Devey* litigation. This factor weighs against an award of fees. Wright has never refiled an identical case in another jurisdiction after one of his cases was dismissed.

Equally, Defendant's request for fees and costs against Sheehan for False and Misleading Advertising (Fla. Stat. § 817.41) should not be vicariously assigned to William Wright or The Wright Law Office. Defense counsel never sought fees or costs from Wright because he was never responsible for any bad faith conduct. Holding Wright accountable (without any knowledge of *Devey*) for Sheehan's actions would be highly unfair.

**D. Sheehan Should Not Have Been Listed on the *Durant* Complaint**

This Court disapproved of Sheehan's failure to file a pro hac vice application for this matter (and others) when prompted by the Court's document clerk. Wright wrongly assumed a pro hac vice would only be required if Sheehan signed/filed documents in the case or participated in a hearing. Although Sheehan's firm

information was on the complaint in *Durant*, it does not contain his signature. Only Wright's electronic signature appears on the complaint.

Sheehan's firm was only to be on the complaint to receive notifications of filings and be aware of scheduling deadlines. Sheehan would file his pro hac vice if it became necessary to file a document or appear at a hearing.[3]  Typically, a motion to dismiss is the first pleading filed in consumer class-action litigation and can often be dispositive. Many consumer class cases do not survive past the motion to dismiss.

Wright was mistaken in interpreting the Florida Rules of General Practice and Judicial Administration's application in conjunction with the Local Rules for the Middle District of Florida. The Florida Rules of General Practice and Judicial Administration state the guidelines for attorney appearance as follows:

*(e) Appearance of Attorney. An attorney may appear for a party in an action or proceeding in any of the following ways:*

*(1) **First Pleading or Document. Signing the first pleading or other document filed on behalf of a party**. (emphasis added).*

*(2) Notice of Appearance. Filing a notice of appearance on behalf of a party.*

---

[3] In six cases filed by Wright in the Middle District of Florida, Sheehan was listed as co-counsel but was not prompted by the clerk to file a pro hac vice motion.

*(3) Order on Substitution of Counsel. Filing of a written order by the court, that reflects written consent of the client. The court may condition substitution of counsel upon payment of or grant of security for the substituted attorney's fees and expenses or upon such other terms as may be just.*

*(4) Notice of Substitution of Counsel. Filing a notice of substitution of counsel when the substituting attorney is from the same law firm, company, or governmental agency as the replaced attorney.*

*(5) Notice of Limited Appearance. Filing a notice of limited appearance as permitted by another rule of court.*

*(6) Appearance as Stand-In Counsel. Appearing as stand-in counsel pursuant to subdivision (g).*

*See Fla. R. Gen. Prac. Jud. Admin. 2.505(e).*

However, Local Rule 2.02 - Appearance and Withdrawal of a Lawyer - states in pertinent part:

*(a) LEAD COUNSEL. The first paper filed on behalf of a party must designate only one "lead counsel" who — unless the party changes the designation — remains lead counsel throughout the action.*

*(b) APPEARANCE.*

*(1) A lawyer's pleading, motion, or other paper serves as that lawyer's appearance in an action. (emphasis added)*

*(2) A party, other than a natural person, can appear through the lawyer only.*

*(3) If a lawyer represents a person in an action, the person can appear through the lawyer only.*

Wright incorrectly assumed that Local Rule 2.02(b)(1)'s referral to a lawyer's pleading meant a pleading containing a written or electronic signature as required in Fla. R. Gen. Prac. Jud. Admin. 2.505(e).

Sheehan's information should not have been included on the complaint as it violated the admission rules of the United States District Court for the Middle District of Florida.

However, Sheehan's appearance on the complaint was not the result of Wright's 'strategy' or 'modus operandi' but an honest mistake. There was no bad faith by William Wright or The Wright Law Office. Henceforth, The Wright Law Office's procedures will require any unadmitted co-counsel to file a pro hac vice motion concomitant with the complaint.

Though an incorrect interpretation, this conduct should not be sanctioned. Wright openly disclosed all counsel for the Plaintiff and never tried to conceal anything from the Court.

### E. Wright Did Not Act in Bad Faith

As stated above, William Wright never acted in bad faith at any point during this litigation. Hindsight is 20/20, but Wright could not have filed a frivolous or vexatious case without knowledge of the *Devey* dismissal. Wright also never intentionally attempted to skirt any admissions requirements by allowing Sheehan's firm information on the complaint; it was an incorrect interpretation of the rules.

### F.   Wright Immediately Complied and Took Remedial Measures

This Court's initial Order setting the hearing for Defendant's Motion for Attorney's Fees and Costs set forth the Court's concerns with Sheehan being designated as 'lead counsel' in *Valiente v. StockX, Inc*. 1:22-cv-22432-BB (S.D. Fla. Aug. 2, 2022) while not being admitted to practice in that district. Wright immediately investigated the issue, found it was a clerical error, and had the designation corrected.

When this Court disapproved of Sheehan's failure to file a pro hac vice motion, Wright sought to correct the issue by requesting that Sheehan file one, but Sheehan declined. Further, Wright immediately filed requests to remove Sheehan

and Sheehan & Associates from the Notification of Electronic Filings system in every case Sheehan was listed as co-counsel. [4]

The Court also noted the number of email addresses (4) on the complaint that were linked to Sheehan. This could have only resulted from synchronization with his PACER account.

Further, as stated above, The Wright Law Office's procedures will require any unadmitted co-counsel to file a pro hac vice motion with the complaint to prevent this error from ever happening again.

William Wright or The Wright Law Office, P.A. has never been the subject of any motion for fees, costs, or sanctions. Wright is immediately unwinding all co-counseled cases with Sheehan & Associates by dismissal or substitution of counsel.

## II.    CONCLUSION

For the foregoing reasons, William Wright respectfully requests the Court withhold any assessment of attorney's fees, costs, or other sanctions against William Wright or The Wright Law Office, P.A.  William Wright respectfully requests an

---

[4] Several Judges have granted Wright's request to remove Sheehan from further electronic notifications, but others have requested additional filings. Regardless, Wright is, with client approval, summarily ending all co-counseled cases with Sheehan by voluntary dismissal or motion for substitution of counsel and withdrawal. Additionally, the Court notes that on February 14th, Wright filed a notice requesting to remove Sheehan in *Volinsky v. Hisense USA Corp.*, no. 8:24-cv-117.  Though Wright cannot recollect what prompted the filing, it was not the result of any concerted strategy on the part of Wright.

apportionment of the fee award if the Court finds Wright accountable for any monetary amount.

Date: July 17, 2024                    WILLIAM C. WRIGHT

                                       *s/William C. Wright*

                                       William C. Wright (FL Bar No. 138861)
                                       The Wright Law Office, P.A.
                                       515 N. Flagler Drive, Suite 350
                                       West Palm Beach, FL  33401
                                       Telephone No.: 561-514-0904
                                       willwright@wrightlawoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July 2024, I filed the foregoing Motion with the Clerk of Court.  I also certify that the foregoing Motion was served on all counsel of record or *pro se* parties identified on the docket via transmission by electronic mail.

                                       *s/William C. Wright*