**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PEGGY DURANT, individually and on behalf of all others similarly situated,

Plaintiff,

Case No.: 5:23-cv-00561-GAP-PRL

v.

BIG LOTS, INC.,

Defendant.
_______________________________/

**SPENCER SHEEHAN'S OPPOSITION TO DEFENDANT, BIG LOTS, INC.'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEY'S FEES AND COSTS**

COMES NOW, SPENCER SHEEHAN, ESQ. ("Sheehan"), by and through his undersigned counsel and pursuant to Local Rule 3.01(c), hereby files this Memorandum of Law in Opposition to Defendant's Supplemental Motion on the Amount of Attorney's Fees and Costs [D.E. 46].

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

On or about July 3, 2024, this Court granted Defendant's Motion for Attorney's Fees and Costs and for Sanctions [D.E. 44]. Thereafter, Defendant filed its Supplemental Motion for Attorney Fees and Costs on July 10, 2024 [D.E. 46]. In its Supplemental Motion, Defendant seeks the attorneys' fees in relation to preparing its motion to dismiss and motion for fees, as well as a 25% upward adjustment.

Specifically, Defendant is seeking Ninety-Six Thousand Six Hundred and Twenty-Five and 00/100 ($96,625.00) for the preparation of its motion to dismiss, accounting for 121.8 hours, and an additional Forty-Seven Thousand and Twenty-Two and 00/100 ($47,422.00) for the preparation of its motion for fees, accounting for 60.6 hours. Due to these excessive and unreasonable fees sought, Mr. Sheehan hereby files this Opposition to Defendant's Supplemental Motion[1].

## II. ARGUMENT

Defendant's Supplemental Motion on the Amount of Attorney's Fees and Costs should be denied, or in the alternative the amount due should be severely reduced because the hours expended are excessive and unreasonable for the tasks that Defendant's counsel performed. Furthermore, the hourly rates sought by Defendant's counsel are well above the prevailing market rate for this district and Defendant has failed to put forth sufficient justification to deviate from the prevailing market rate. In addition, Defendant's counsel has improperly block billed multiple tasks, resulting in unclear billing amounts for the tasks at hand. Any arguments Defendant makes to justify their excessive fee demand fail as a matter of law as discussed below.

[1] Defendant's argument that "no fees in this case are disputed" is wholly without merit. This Court's June 26, 2024 Order [D.E. 43] explicitly provided that Plaintiff has until July 20, 2024, to file any objection to Defendant's application for costs and fees.

**A. The Supplemental Motion on the Amount of Attorney's Fees and Costs should be denied because the amount of hours expended are excessive, redundant, and unreasonable.**

It is well settled that fee applicants may not seek hourly fees which would be unreasonable to bill to the client. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). Hours which are "excessive, redundant, or otherwise unnecessary" should be excluded from the amount which a party claims. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Redundant hours "generally occur where more than one attorney represents a client." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). While there is nothing unusual about a client having multiple attorneys working on their case, the fee applicant has the burden of proving the "distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Id*. In *Barnes*, the court held that the hours of two attorneys, for a total of 111.62 hours, should have been excluded because they failed to describe the distinct contribution of each attorney. *Id*. at 433.

In the present case, Defendant contends that the hours they expended are reasonable for the Motion to Dismiss and the Motion for Sanctions. Defendant had a total of three attorneys drafting its Motion to Dismiss and four attorneys drafting its Motion for Sanctions. For the Motion to Dismiss, Defendant's breakdown of the

fees asserts that attorneys J. Harper, H. Canner, and J. Elie-Meyers assisted in drafting the Motion. Specifically, J. Harper expended 32.4 hours, H. Canner expended 28.5 hours, and J. Elie-Meyers expended 60.9 hours just while drafting the Motion to Dismiss. Defendant fails to assert the distinct tasks of each attorney while drafting these Motions. Instead, there are multiple entries from the three attorneys which simply state "worked on motion to dismiss", "prepare motion to dismiss", or "revise motion to dismiss". These entries account for 60 hours of the motion to dismiss preparation with no explanation as to the specific tasks each attorney completed. Without any additional descriptions, Sheehan and this Honorable Court are unable to determine whether the hours recorded for the Motion to Dismiss are reasonable.

For the Motion for Sanctions, J. Harper expended 11.7 hours, H. Canner expended 29.5 hours, J. Elie-Meyers expended 1.55 hours, and E. Parsons expended 17.85 hours. According to Defendant's breakdown of hours, 25.15 hours were spent strictly drafting and revising the Motion for Sanctions by J. Harper, H. Canner, and E. Parsons. Again, through the redundant nature of the billing, there is no distinction or explanation as to what the attorneys were working on, aside from a broad statement of drafting or revising the motion. The hours allegedly expended here are clearly redundant and do not indicate any distinct contribution from each attorney.

On its face, without clear distinction from the fee applicant, the hours expended are excessive and redundant and should be decreased by this Court.

Under Eleventh Circuit law, a federal court is not required to hold an evidentiary hearing to decide a motion for attorney's fees and "a court may rely on its own expertise in determining what constitutes a reasonable and proper fee and need not rely on the testimony of expert witnesses." *LC Tech. Int'l, Inc. v. MediaRECOVER, LLC*, No. 8:03-CV-2493-T-MAP, 2007 WL 9723495, at *2 (M.D. Fla. Sept. 11, 2007), citing Norman, 836 F.2d at 1303.

**1. Multiple of Defendant's entries must be reduced as they do not provide sufficient descriptions to ascertain the reasonableness of the work performed.**

The court may discount a time entry when the description of the work performed is overly vague. *River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-CV-1646-ACC-LHP, 2022 WL 20622333, at *9 (M.D. Fla. Dec. 12, 2022), report and recommendation adopted, No. 6:18-CV-1646-ACC-LHP, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023).

In multiple entries in the timesheet attached to Defendant's Application for Fees, Defendant's timekeepers recorded vague descriptions of legal tasks which preclude Sheehan and this Honorable Court from determining the reasonableness of those entries. The vague entries include, but are not limited to, "work on motion to dismiss" and "confer with team" without any additional description regarding the

specific work performed. These entries are noted as "vague" in the column labelled "objection" in Sheehan's "Exhibit A". Without any additional description, it is impossible for Sheehan or this Honorable Court to accurately determine what tasks, specifically with respect to Defendant's motions, were performed by which timekeeper.

**2. Some of Defendant's entries contain impermissible block billing and must be reduced.**

Block billing is the practice of including multiple tasks in one single entry, making it difficult for courts to identify specific claims. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369 (M.D. Fla. 2010). The Eleventh Circuit has held that "block billing resulted in 'imprecision' in an attorney's records and described it as a 'problem' for which the opponent should not be 'penalized'[…]" *Ceres Envtl. Services, Inc. v. Colonel McCrary Trucking, LLC*, 476 Fed. Appx. 198, 203 (11th Cir. 2012) (citing *Barnes*, 168 F.3d at 429). Further, courts have allowed for the "across-the-board reductions in block-billed hours to offset the effects of block billing." *Id*. In *Ceres Envtl.*, the court permitted a 10% reduction in the hours to address the block billing issue. *Id*.

While multiple of Defendant's time entries comingle multiple tasks, the most evident examples of impermissible block billing are noted as "block billing" in the column labelled "objection" in Sheehan's "Exhibit A". These specific entries request compensation for roughly the equivalent of a single day's work without providing

any sufficient description for Sheehan or this Honorable Court to assess the reasonableness of the large amount of time allegedly expended on a single task such as “work on Motion to Dismiss”.

Further, while some entries include a breakdown for each task, there are multiple instances where the entry breakdown does not equate to the same amount of hours as listed in the total hours column. These discrepancies result in imprecise and unclear billing for both the Court and Mr. Sheehan when attempting to address these unreasonable fees. Due to the imprecise billing of Defendant’s counsel, the hours billed should be reduced by a percentage deemed fit by this Court.

**3. Multiple of Defendants time entries are duplicative and unreasonable.**

Defendant’s time entries contain multiple duplicative entries by multiple timekeepers for what appears to be the same legal tasks. While having multiple attorneys working on the same file is acceptable, “a reduction for redundant hours is warranted if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.” *Barnes*, 168 F.3d at 432 (citations and internal quotation marks omitted).

In the present case, the vagueness of Defendant’s time entries, specifically those relating to the “work”, “research”, and “revisions” that multiple of Defendant’s timekeepers spent on Defendants motions, makes it impossible for Sheehan and this

Honorable Court to determine which entries represent distinct legal tasks. These entries are noted as "duplicative" in the column labelled "objection" in Sheehan's "Exhibit A". Again, it is clearly acceptable for multiple attorneys to work on the same motions, but in failing to provide any sufficient detail regarding each individual timekeeper's contribution to each motion, Defendant's time entries on their face indicate that duplicative time was entered for the same tasks. Accordingly, these duplicative entries should be stricken.

**B. Defendant's requested hourly rates are far above the prevailing market rates for this district.**

When determining a "reasonable" hourly rate, courts must look to the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparative skills, experience, and reputation." *Rizzo-Alderson v. Tawfik*, 5:17-CV-312-OC-37PRL, 2019 WL 3324298 (M.D. Fla. July 1, 2019), report and recommendation adopted sub nom. *Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A.*, 5:17-CV-312-OC-37PRL, 2019 WL 3323432 (M.D. Fla. July 24, 2019). Generally, the relevant market is the location of where the case is filed. *Id at 2*. Further, the fee applicant bears the burden of establishing the market rate in the relevant locality. *Id*. The fee applicant must present the court with "specific and detailed evidence" to support their asserted market rate. *Id*. For the Ocala Division of the Middle District specifically, courts have held that a $500 hourly rate for a partner is higher than the market rate. *Id at 3*. The court in *Tawfik*, supported their

decision with numerous cases which resulted in a reasonable hourly rate of between $250 and $375. *Id*. These amounts apply to attorneys with 10 or more years of experience in their respective fields. *Id*. Further, this Honorable Court is itself an expert as to the prevailing market rate in its own district. *See Norman v. Housing Authority of City of Montgomery, supra,* 836 F.2d at 1303 (the court is itself an expert).

Defendant is seeking attorney's fees for J. Harper, partner, at an hourly rate of $825/$950; H. Canner, counsel, at an hourly rate of $715/$815; J. Elie-Meyers, associate, at an hourly rate of $645/$725, and E. Parsons, associate, at an hourly rate of $625. Here, counsel's rates are between 2 and 3 times more than the prevailing market rate. Defendant admits to these rates as being higher than the prevailing market rate in its Supplemental Motion [D.E. 46], using *Am. Civil Liberties Union of Georgia v. Barnes* to support this assertion. Specifically, Defendant states, "Such rates are justified where, as here, counsel based in another market has extensive prior experience with a particular factual situation that allow it to create savings and efficiencies for their client." [D.E. 46] However, in its decision, the *Barnes* court stated:

> We do not rule out the possibility that there *might* be a case where use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation *could* be justified because of efficiencies resulting from that prior experience. That could be reasonable and cost-sensible, especially if it resulted in lower costs than would otherwise be necessary.

*Barnes*, 168 F.3d at 438, emphasis added.

The court continued to reason that due to the "excessive, redundant, or otherwise unnecessary" hours, "any finding that savings or efficiencies resulting from the use of non-local counsel in this case would be clearly erroneous." *Id*. Put differently, the prevailing market rate was the correct rate due to the attorney's excessive, redundant, or otherwise unnecessary billing practices.

Defendant is well-aware that their rates are excessively high in comparison to the Ocala Division and attempts to circumvent the market rate by stating it would "create savings and efficiencies for their client." [D.E. 46]. As aforementioned, Defendant's counsel engaged in billing practices which clearly show redundancy of their entries. Three attorneys worked on, prepared, or revised the motions accumulating excessive hours without providing any explanation as to the purpose of these duplicated entries. These repetitive entries do not indicate any intention of being reasonable or cost-sensible to "create savings and efficiencies for their client." [D.E 46]. The court's holding and reasoning in *Barnes* applies in this case and any argument stating that charging fees 2-3 times more than the prevailing market rate is unjustifiable.

While Defendant's expert Adam Schacter summarily asserts that Defendants requested hourly rates are only "modestly higher" than rates commonly charged in *Orlando*, Defendant has offered no evidence to support the assertion that the rates

sought are comparable to those commonly charged in *Ocala* specifically. As succinctly stated by this Honorable Court in *Ottaviano v. Nautilus Ins. Co.*, Defendant's expert's opinion lacks probative value because "they opine as to central Florida rates. The 'relevant market' for purposes of determining the reasonable hourly attorney rate is 'the place where the case is filed… Central Florida encompasses Orlando, which is not in this division." *Ottaviano v. Nautilus Ins. Co.*,717 F. Supp. 2d 1259, 1269 (M.D. Fla. 2010).

Defendants' counsels' rates are excessively high in comparison to the local rate with no reasonable justification and, as such, should be decreased in accordance with the prevailing market rate in the Ocala Division.

**C. No upward lodestar adjustment is warranted in this matter.**

The lodestar approach is the proper approach when determining and setting reasonable attorneys' fees. The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010) citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). This lodestar figure is calculated by first determining the reasonable hours expended on litigation and multiplying those hours by the reasonable hourly rate for the attorney's services. *Id*. Further, there are eight criteria which may be considered when computing the

lodestar amount: (1) the novelty, complexity, and difficulty of the questions involved; (2) likelihood that acceptance of the particular case would preclude other employment by the lawyer; (3) the rate of fee customarily charged in the locality for similar services; (4) the significance of the subject matter of representation, the responsibility involved, and the results obtained; (5) time limitations imposed; (6) the nature and length of the professional relationship with the client; (7) the experience and reputation of the attorneys; and (8) whether the fee is fixed or contingent. *Id*.

**1. The tasks at issue were not novel issues to any of Defendant's counsel.**

The novelty of a task may be analyzed when setting reasonable attorneys' fees. The tasks at issue, namely the Motion to Dismiss and Motion for Sanctions, were not "novel" issues to either J. Harper or H. Canner in this case. In Defendant's own Motion to Dismiss [D.E. 11], Defendant references the *Devey v. Big Lots,* case which they state mirrors similar issues as in the present case. Attorneys J. Harper and H. Canner specifically were intimately familiar with the case as they assisted in handling the *Devey* case and submitted the motion to dismiss in that case. Accordingly, this present case was not a "novel" or "difficult" issue for either attorney as counsel admits they had "extensive prior experience" with the facts of this case as stated in their Supplemental Motion [D.E. 46]. Defendant's counsel's prior experience with these similar facts and the fact that they had already drafted a

motion to dismiss based on these similar facts does not align with Defendant's assertion that the hours expended were reasonable to address the issues in the case. For these reasons, the hours expended in drafting the two Motions was not reasonable and should be deducted.

**2. Defendant's counsel has proffered no evidence that the present matter precluded other employment.**

Defendant's application for fees does not set forth any assertion that the present matter in any way precluded any attorney from additional employment. Accordingly, this second lodestar factor does not support any upward adjustment.

**3. The rate of fee customarily charged in Ocala is far below any of Defendant's requested rates.**

As detailed in the preceding sections of this filing, Defendant's hourly rates are far above the customary rates charged in Ocala and Defendant has failed to provide any justification to deviate from these customary rates.

**4. The subject matter of the present litigation and the results obtained do not support any upward adjustment.**

In the present matter, Defendant successfully moved to dismiss Plaintiff's Complaint. The filing of a motion to dismiss is a standard litigation practice that is in no way unique to the present matter. Defendant's contention in their application that "Counsel also quickly determined that the allegations in the Complaint were frivolous and moved to dismiss all claims with prejudice in light of the prior decision in *Devey v. Big Lots, Inc.*, 635 F.Supp.3d 205, 215 (W.D. N.Y. Oct. 12, 2022), where

counsel from Davis Wright Tremaine had also secured early dismissal of nearly identical claims to those alleged here" controverts any notion that this present case presented esoteric issues. The assertion in Defendant's application that "less specialized counsel might not have pursued this direct path to victory" is unsupported by any evidence whatsoever.

**5. The time limitations imposed in the present matter were in no way novel and do not support any upward adjustment.**

Defendant's application for fees sets forth no argument that any specific time limitations set by this Court support any upward adjustment.

**6. Defendant has not proffered specific evidence regarding the nature and length of their professional relationship with Defendant.**

While Defendant's counsel asserts that their firm has previously represented Defendant in other matters, there is no specific assertions in the application for fees to specifically support any upward adjustment.

**7. Sheehan does not dispute that Harper and Canner are experienced attorneys, but this factor alone does not support any upward adjustment.**

Although Harper and Canner clearly possess substantial legal experience, their requested hourly rates are still unreasonable under the circumstances of this case. See Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010). Furthermore, Elie-Meyers is a fifth-year associate and Parsons is a third-year

associate. It cannot be said that Elie-Meyers or Parsons' experience justifies any upward adjustment for any work they performed.

**8. The fact that Defendant agreed to pay Defendant's counsel an exorbitant hourly rate does not support any upward adjustment.**

As Defendant's counsel states in their application, Defendant elected to pay Defendant's counsel at their requested hourly rates. While Defendant argues that Plaintiff is responsible for compensating Defendant the entire amount of money paid to their counsel, this position is unsupported by any applicable Florida case law.

## III. CONCLUSION

For the forgoing reasons stated above, the Court should exercise its discretion in reducing the amount of fees requested in Defendant's Supplemental Motion and specifically denying Defendant's unwarranted request for the 25% upward lodestar adjustment.

WHEREFORE, SPENCER SHEEHAN, ESQ., respectfully requests that this Court enter an order denying Defendant's request for a 25% Upward Lodestar Adjustment, reduce the hourly rates sought by Defendant's counsel in accordance with Florida law, strike the hours highlighted in "Exhibit A" as they are either duplicative, excessive, or improperly block billed, and grant any other relief that this Court deems just and proper.

Dated: July 19, 2024.

**KAUFMAN DOLOWICH, LLP**

***/s/Abbye E. Alexander***
**Abbye E. Alexander, Esquire**
Florida Bar No.: 662348
aalexander@kaufmandolowich.com
301 East Pine Street, Suite 840
Orlando, Florida 32801
Tel: (407) 789-0244
Fax: (888) 502-6353
*Attorneys for SPENCHER SHEEHAN, ESQ. with respect to the Application for Amount of Attorney's Fees.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all parties on the Service List below or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

***/s/Abbye E. Alexander***
**Abbye E. Alexander, Esquire**